**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____ Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **The College of Saint Rose** |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **14-1338371** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **432 Western Avenue** <br> **Albany, NY 12203** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Albany** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **strose.edu**

6. **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☑ Other. Specify:   **Not-for-profit Higher Education**

| Debtor | The College of Saint Rose | Case number (*if known*) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
 1310

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

Debtor    **The College of Saint Rose**          Case number (*if known*) _____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor | _____ | Relationship _____ |
| District | _____ When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
Contact name _____
Phone _____

---

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☑ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

| Debtor | **The College of Saint Rose** | Case number (*if known*) |
|---|---|---|
| | Name | |

☐ $50,001 - $100,000            ☐ $10,000,001 - $50  million            ☐ $1,000,000,001 - $10 billion

☐ $100,001 - $500,000          ■ $50,000,001 - $100 million          ☐ $10,000,000,001 - $50 billion

☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million        ☐ More than $50 billion

Debtor    **The College of Saint Rose**                                  Case number (*if known*) _____
          Name

---

| | **Request for Relief, Declaration, and Signatures** |

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 10, 2024**
               MM / DD / YYYY

X **/s/ Marcia J. White**                                          **Marcia J. White**
  Signature of authorized representative of debtor                 Printed name

Title    **President**

---

**18. Signature of attorney**

X **/s/ Matthew G. Roseman**                          Date **October 10, 2024**
  Signature of attorney for debtor                          MM / DD / YYYY

**Matthew G. Roseman MR-1387**
Printed name

**Cullen and Dykman LLP**
Firm name

**The Omni Building**
**333 Earle Ovington Boulevard, 2nd Floor**
**Uniondale, NY 11553**
Number, Street, City, State & ZIP Code

Contact phone    **516-357-3700**          Email address    **mroseman@cullenllp.com**

**MR-1387 NY**
Bar number and State

---

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___N/A___.

2. The following financial data is the latest available information and refers to the debtor's condition on ___10/7/24___.

    a. Total assets                           $___99,952,186___

    b. Total debts (including debts listed in 2.c., below)    $___56,471,422___

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock      _____

    e. Number of shares common stock      _____

Comments, if any: ___Assets are at net book value. The actual fair market value is unknown and cannot be determined until the sale of the property is completed.___

3. Brief description of debtor's business: ___Not-for-Profit Higher Education___

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: ___N/A___

**Fill in this information to identify the case:**

Debtor name __The College of Saint Rose__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF NEW YORK__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __October 10, 2024__    X __/s/ Marcia J. White__
                                        Signature of individual signing on behalf of debtor

                                     __Marcia J. White__
                                     Printed name

                                     __President__
                                     Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **The College of Saint Rose** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF NEW YORK** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Blackbaud Inc PO Box 830413 Philadelphia, PA 19182** | nancy.clagg@blackbaud.com | **Contract Termination** | **Disputed** | | | **$6,736.62** |
| **BND Inc. PO Box 80445 Taylors Bridge Rd Townsend, DE 19734** | kbradshaw@axiomhighered.com | **Contract Termination** | **Disputed** | | | **$19,680.00** |
| **Constellation NewEnergy Inc PO Box 4640 Carol Stream, IL 60197** | cusotmercare@constellation.com | **Contract Termination** | **Disputed** | | | **$7,689.36** |
| **County Waste - Clifton Park A Waste Connections Company PO Box 431 Clifton Park, NY 12065** | | **Waste Services** | **Disputed** | | | **$3,684.58** |
| **Crown Castle Fiber, LLC PO Box 32102 New York, NY 10087** | fiberbillinghd@crowncastle.com | **Contract Termination** | **Disputed** | | | **$14,894.71** |
| **Department of Labor Unemployment Insurance PO Box 4301 Binghamton, NY 13902** | | **Unemployment Insurance July 2024 to Sept 2024** | | | | **$395,867.35** |
| **EAB PO Box 603519 Charlotte, NC 28260** | pcantu@eab.com | **Contract Termination** | **Disputed** | | | **$503,756.03** |
| **FirstLight Fiber PO Box 1301 Williston, VT 05495** | sschmitt@firstlight.net | **Early Termination Contract Fee** | **Disputed** | | | **$47,719.39** |

| Debtor | **The College of Saint Rose** | | | Case number *(if known)* | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **FirstLight Fiber** PO Box 1301 Williston, VT 05495 | sschmitt@firstlight.net | **October Monthly Services for Telephone and Internet** | | | | $9,715.84 |
| **iWave Information Systems, Inc.** 182-134 Kent Street, 2nd Level Charlottetown, PE C1A8R8 Canada | accounts.receivable@iwave.com | **Contract Termination** | **Disputed** | | | $3,972.90 |
| **Mark's Organic Pest Control** 1 Poplar Avenue Troy, NY 12180 | markregan777@gmail.com | **September and October Pest Control Services** | | | | $6,000.00 |
| **National Grid** Po Box 371376 Pittsburgh, PA 15250 | | **Electric and Gas Service** | | | | $35,687.58 |
| **Northeast HVAC Solutions** PO Box 425 Clifton Park, NY 12065 | dbarbeito@NEHVACSolutions.com | **Annual Cooling Tower Cleaning** | | | | $12,750.00 |
| **NRG** Po Box 32179 New York, NY 10087 | Jennifer.Maddock@nrg.com | **Electric Service** | | | | $4,938.38 |
| **NYC & URMG** PO Box 95000-5430 Philadelphia, PA 19195 | matthew.b.reed@marsh.com | **Worker's Compensation Audit Results** | | | | $85,497.00 |
| **Sodexo Inc. & Associates** PO Box 360170 Pittsburgh, PA 15251 | timothy.macturk@sodexo.com | **Trade Debt plus Past Due Interest** | | | | $1,187,686.08 |
| **TMA Systems, LLC** 1876 Utica Square, Third Floor Tulsa, OK 74114 | stephen.williams@tmasystems.com | | **Disputed** | | | $9,378.36 |
| **UHY, LLP** PO Box 72243 Cleveland, OH 44192 | bkearns@uhy-us.com | **Auditing Services through 9/30/24** | | | | $11,300.62 |
| **Usherwood Office Technology** 1005 W Fayette Street Syracuse, NY 13204 | aflamik@usherwood.com | **October Printing and Mail Room Services** | | | | $9,305.00 |
| **Watermark Insights, LLC** PO Box 736632 Dallas, TX 75373 | ar@watermarkinsights.com | **Contract Termination** | **Disputed** | | | $122,270.50 |

**The College of Saint Rose**

432 Western Avenue, Albany, NY 12203-1490
1.800.637.8556

**www.strose.edu**

## RESOLUTION OF THE BOARD OF TRUSTEES OF
## THE COLLEGE OF SAINT ROSE

October 10, 2024

**WHEREAS**, on November 30, 2023, the Board determined, based on the College's circumstances at that time and future financial and enrollment projections, that it was in the best interests of the students and the College to cease academic instruction no later than June 30, 2024, and thereafter wind-down the operations and settle the affairs of the College; and

**WHEREAS**, on November 30, 2023, the Board authorized President White and the College's leadership to implement a closure plan to include a teach-out plan that would provide for the completion of the students' academic programs at Saint Rose or other institutions, as well as plans for the orderly reduction and eventual discharge of the College's workforce, distribution of College assets, retention of College records, transfer of student academic records, and such other activities as are required for the wind-down and settlement of the College's affairs and eventual dissolution of the College; and

**WHEREAS**, on June 20, 2024, the College's teach-out plan was approved by the Middle States Commission on Higher Education; and

**WHEREAS**, the College ceased academic instruction on June 21, 2024; and

**WHEREAS**, on May 2, 2024, the College retained Jones Lang LaSalle ("JLL") to market the College's real property; and

**WHEREAS**, the Board has considered presentations by the College's administration and its financial and legal advisors regarding the liabilities and liquidity situation of the College, the strategic alternatives available to it, and the effect of the foregoing on the College's operations, creditors, and other parties of interest; and

**WHEREAS**, the Board has also had the opportunity to consult with the College's administration, financial and legal advisors, and other professionals; and

**WHEREAS**, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board has determined that it is in the best interests of the College to take the actions specified in the following resolutions to provide for the orderly wind-down of the College's operations and the settlement of its affairs; and

**WHEREAS**, the Board, having considered the financial and operational aspects of the College's business and the best course of action to maximize value, deems it advisable and in the best interests of the College, its creditors, and other interested parties that a petition be filed by the College seeking relief under the provisions of chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and implement a wind-down of the College's operations and settlement of its affairs through a Plan of Reorganization to be filed by the College in connection with the commencement of the chapter 11 case in the Bankruptcy Court; and

**WHEREAS,** a petition shall be filed by the College in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") seeking relief under the provisions of the Bankruptcy Code.

**NOW, THEREFORE, BE IT**

*Chapter 11 Case*

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the College, creditors, employees, and other interested parties, that a voluntary petition be filed by the College seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that the Board hereby directs any one of the College's President, Vice President for Finance and Administration, or Chair of the Board of Trustees (each, an "Authorized Person"), on behalf of and in the name of the College, to execute and verify a petition in the name of the College under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as the Board shall determine.

*DIP Financing*

**RESOLVED**, that in connection with the commencement of the chapter 11 case, each Authorized Person be, and each hereby is, authorized and empowered on behalf of the College, to negotiate, execute, and deliver a debtor-in-possession loan facility or other form of credit support or enhancement (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate) on such terms and conditions as the Executive Committee of the Board (the "Executive Committee") may consider necessary, proper or desirable (including the granting of liens, security interests, and superpriority administrative claims), such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreement or

instruments on behalf of the College and/or file in the Bankruptcy Court such pleadings as may be necessary to make such debtor-in-possession facility or other form of credit support or enhancement binding and effective in respect thereof.

### Retention of Professionals

**RESOLVED**, that the College shall retain and employ professionals to render services to the College in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation: Cullen and Dykman LLP to act as bankruptcy counsel and to continue in its capacity as regulatory counsel; FTI Consulting to act as financial advisors; Nolan Heller Kauffman LLP to act as Board counsel; JLL to act as real estate advisor/broker; and to employ a claims and noticing agent to be determined in the event that it is determined to be advisable; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing at such time as the Executive Committee shall determine; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, authorized and empowered and directed, in the name and on behalf of the College, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, subject to any provisions of the Bankruptcy Code and Rules.

### General Authority to Implement Resolutions

**RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered, on behalf of and in the name of the College, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by the Executive Committee, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all actions deemed necessary or proper in connection with the chapter 11 case, including any and all actions deemed necessary or proper in connection with obtaining authorization for debtor-in-possession financing

(in such amounts and on such terms as may be agreed by the Executive Committee, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the College), with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the College's business; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the College, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, contracts, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the College, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, contracts, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by the Executive Committee or any Authorized Person, or by any employees or agents of the College, on or before the date hereof in connection with the matters and transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Board; and it is further

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

**RESOLVED**, that any person dealing with any of the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by their execution in the name or on behalf of the College, of any document, agreement or instrument, the same being a valid and binding obligation of the College enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Bylaws, or hereby waives any right to have received such notice; and it is further

**RESOLVED**, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed, and adopted in all respects as the acts and deeds of the College as fully as if such actions had been presented to the Board for prior approval, including, but not limited to, all such actions taken by any trustee, officer, or employee of the College.

**BOARD OF TRUSTEES**

**THE COLLEGE OF SAINT ROSE**

Lisa Haley Thomson, Secretary

United States Bankruptcy Court
Northern District of New York

In re:

                                           Case No.
                                           Chapter 11

                         Debtor(s).

_____

**Corporate Ownership Statement pursuant to Fed. R. Bankr. P. 1007(a) or 7007.1**

_____, a

    ☐  Corporate Debtor

    ☐  Party in an Adversary

    ☐  Party to a Contested Matter

    ☐  Member of Creditors Committee

makes the following disclosures(s):

    ☐  All parent and/or publicly held corporations that directly or indirectly own more than ten (10) percent of any class of the corporation's equity interest are listed below:

    Or

    ☐  There are no entities that directly or indirectly own more than ten (10) percent or more of any class of the corporation's equity interests.

Date: _____          By: _____