CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
THE COLLEGE OF SAINT ROSE,                                  :   Case No. 24-11131 (REL)
                                                            :
            Debtor.                                         ::
------------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER
ESTABLISHING NOTICE PROCEDURES
AND A MASTER SERVICE LIST**

The College of Saint Rose, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through its proposed attorneys, Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing appropriate notice procedures and a master service list. In support of the Motion, the Debtor respectfully represents as follows:

**INTRODUCTION**

1.      On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

22484.3 21081443v1

2. The Debtor remains in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Northern District of New York in this chapter 11 case.

4. Simultaneously with the filing of its petition, the Debtor filed the Declaration of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration"). A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration, incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.

## BACKGROUND

7. The College was established by provisional charter granted by the New York State Board of Regents on June 24, 1920 to issue bachelor's degrees, which charter was made absolute on March 19, 1931 and was amended in 1949 to authorize the offering of master's degrees. It was again amended in 2019 to authorize the offering of an associate's degree as part of its jointly registered BSN program with St. Peter's Health Partners Schools of Nursing. The College is located in Albany, New York and operates out of 72 buildings on 92 parcels of real estate (the "Real Property").

8. For more than 10 years, as the College's structural deficit grew- caused by unachieved enrollment goals, a rising tuition discount rate, the financing structure of the College's bond debt, and a relatively low unrestricted endowment - the Board of Trustees (the "Board") and College leadership have been working to achieve financial sustainability. The College experienced a steady enrollment decline for more than a decade from 5,130 total enrollment in 2010 to a total of 2,566 in Fall 2023 due in part to a shrinking pool of high school graduates in New York and the northeast region overall and, in recent years, the prolonged negative impact of the COVID-19 pandemic.

9. The College implemented several deficit reduction and strategic plans since 2015, but ultimately the Board determined, based on the College's financial and enrollment projections, that it was in the best interests of the students and the College to cease academic instruction no later than June 30, 2024, and thereafter wind-down the operations and settle the affairs of the College. On November 30, 2023, the Board directed the implementation of a closure plan, which included the authorization to the College's leadership to develop a Teach-Out Plan that would provide all students with seamless pathways to complete their academic programs at Saint Rose or other institutions. Thus far, 720 students have taken advantage of the Teach-Out Plan by enrolling with teach-out partner institutions to continue their education. In addition, the College offered a summer session through June 21, 2024 that enabled another 460 students to graduate from the College.

10. The filing of the College's chapter 11 case is a key part of the closure plan, and the College intends to provide for an orderly liquidation of its assets, including a sale of the Real Property, for the benefit of creditors while implementing the academic components of the Closure Plan. Thus, on the Petition Date, the College filed for chapter 11 protection.

11. A full background of the events leading up to the filing of this case is set forth in the First Day Declaration of Marcia J. White filed on the Petition Date, and is incorporated herein by reference.

**RELIEF REQUESTED**

12. There are a considerable number of parties in interest in this chapter 11 case, including creditors, contract vendees and governmental entities. Pursuant to Bankruptcy Rule 2002, unless otherwise ordered by the Court, a debtor must provide notice of motions and applications to all parties in interest. Because of the large number of creditors and other parties in interest that may be entitled to receive notice in this case, providing notice of all pleadings and other papers filed to every party in interest is not only unnecessary, but would also be extremely burdensome and costly to the estate due to, among other things, photocopying, postage, and other expenses.

13. Accordingly, by this Motion, the Debtor requests that the Court enter an order, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rules 2002 and 9007, establishing notice procedures (the "Notice Procedures") that will be less burdensome and costly than serving pleadings on every potentially interested party, while at the same time ensuring that notice of pleadings and motions is given to all appropriate parties, particularly those who have expressed an interest in this case and those directly affected by any request for relief.

14. To effectuate efficient and workable notice procedures, the Debtor proposes:

   a. that it establish a master service list (the "Master Service List"), listing the parties upon which all pleadings will be served, which will include: (i) counsel for the Debtor; (ii) the Debtor's twenty (20) largest unsecured creditors until the appointment of an official committee of unsecured creditors[1]; (iii) counsel for any official committee appointed pursuant to the Bankruptcy Rules or the Bankruptcy

---

[1] Upon the appointment of an official committee of unsecured creditors, if any, the Debtor seek authority to remove its twenty (20) largest unsecured creditors from the Master Service List.

    Code; (iv) the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee"); (v) Debtor's claims and noticing agent ("Claims Agent"); (vi) counsel to the trustee for the Pre-Petition Bondholders; (vii) counsel for the proposed DIP Lender; (viii) all other persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002 (as provided below); and (ix) the Internal Revenue Service, the Pension Benefit Guaranty Corporation, and other governmental entities to the extent required by the Bankruptcy Rules and the Local Rules. The Debtor further proposes that (except as provided below) notice of any relief sought or other pleadings in this chapter 11 case will only be served on: (x) the parties then listed in the Master Service List; (xi) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service in the manner provided below following the most recent version of the Master Service List filed with the Court; and (xii) any party whose interests are directly affected by a specific pleading.

b. that notice be limited to the entities on the Master Service List for all matters covered by Bankruptcy Rule 2002 and the Local Rules, with the express exception of: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim, if any, pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for filing objections to, and the hearing on consideration of, approval of a disclosure statement and confirmation of a plan of reorganization; (iv) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization; and (v) notices of confirmation and effectiveness of a plan of reorganization. Notice of the foregoing matters will be provided to all parties in interest in accordance with Bankruptcy Rule 2002 or any order of the Court, unless otherwise prescribed by the Bankruptcy Code.

c. that any party in interest not described in (a) above who wishes to receive notice of pleadings filed in this chapter 11 case be required to file a written notice of appearance and request for notice and service of papers (each, a "2002 Notice"), which shall include such party's (i) name; (ii) address; (iii) name of client, if applicable; (iv) telephone number; (v) facsimile number; and (vi) one email address.[2]

d. that if a 2002 Notice fails to include an email address, the party filing the 2002 Notice will not be added to the Master Service List and will not be served with copies of pleadings and documents filed in this case unless such pleadings and/or documents directly affect such party.

e. that any party who wishes to be exempt from providing an email address for the Master Service List must make a written request for such an exemption to proposed counsel for the Debtor, Cullen and Dykman LLP, 80 State Street, Suite

---

[2] In the event that a party includes more than on email address in its 2002 Notice, the Debtor shall accept only the first listed as the official email address for effectuating service upon such party. The additional email addresses for such party will be added to the Master Service List for informational purposes only.

5

900, Albany, New York 12207 (Attn.: Matthew G. Roseman, Esq. and Bonnie L. Pollack, Esq.) and via email to mroseman@cullenllp.com and bpollack@cullenllp.com. The Debtor will allow an exemption only upon good cause shown. If the Debtor denies a requested exemption, such party may obtain an exemption upon filing the appropriate motion with the Court and after notice and a hearing. Any party exempted from email service will be served with pleadings and documents by first-class mail, unless the Debtor, in its sole and absolute discretion, determines to effectuate service by another means.

f. that all pleadings and documents filed with the Court in this chapter 11 case, including the initiation of adversary proceedings,[3] be served via email on the Master Service List, which shall be deemed to constitute proper service for all purposes on all parties who are sent such email service, provided, however, that the U.S. Trustee will be served with hard copies of all pleadings and documents filed with the Court in this chapter 11 case. All pleadings and documents served via email shall be in portable document format ("PDF"), if available, and the subject line of the email shall indicate the Debtor's case name and the name of the party filing and serving such pleadings and/or documents (e.g., In re: The College of Saint Rose - Service by Debtor). If, however, the PDF is too large to be emailed effectively, the Debtor will either send an email containing a link to the pleading in a secure virtual workspace or email the party directing them to the pleading on the Claims Agent's website. Furthermore, parties shall include the title(s) of the pleadings(s) and/or document(s) being served in the text of the email.

g. that the Debtor will update the Master Service List from time to time, but no less frequently than on a monthly basis, to include the names and addresses of any party in interest who has filed a 2002 Notice following the most recent version of the Master Service List. The Master Service List will be maintained by the Debtor, and will be posted on the docket of this case. Any party wishing to be removed from the Master Service List must file a notice on the docket withdrawing its appearance in this case.

h. that the Debtor will also submit to the Court upon the completion of noticing any particular matter either an affidavit of service or certification of service annexing the list of parties who received notice of such matter.

**BASIS FOR RELIEF REQUESTED**

15. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of the

---

[3] Subsequent pleadings filed in an adversary proceeding shall be served only on the U.S. Trustee, any statutory committee appointed in this case, and the parties directly affected by such adversary proceeding.

6

Bankruptcy Code." 11 U.S.C. § 105(a). The purpose of section 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnik & Henry J. Sommer eds., 15th ed. rev. 2006).

16. Bankruptcy Rule 9007 specifically grants this Court general authority to regulate notice. Bankruptcy Rule 9007 provides as follows:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

FED. R. BANKR. P. 9007.

17. Bankruptcy Rule 2002 also empowers the Court to tailor the method, form and scope of notice for this case. Bankruptcy Rule 2002(l) authorizes the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Further, Bankruptcy Rule 2002(m) authorizes the Court to "from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Indeed, subject to the Bankruptcy Rules, orders with respect to notice may be entered by the Court in its sole discretion on an *ex parte* basis. *Id*.

18. The Debtor believes that regulating notice as set forth in this Motion is proper and sufficient under the existing circumstances. Pursuant to the Notice Procedures, any party in interest that may be affected directly by the relief sought by a particular filing or pleading will receive notice of such filing or pleading, and all interested parties who have expressed an interest

7

in receiving notice will do so. Thus, no party will be adversely affected by the relief requested herein.

19. Moreover, adopting the Notice Procedures will promote the Debtor's winddown efforts by preserving assets that otherwise would be consumed by unnecessary copying, postage, and related expenses, while at the same time not prejudicing the rights of any parties in interest. Therefore, granting the relief sought herein falls squarely within the four corners of section 105(a) of the Bankruptcy Code and applicable Bankruptcy Rules.

## NOTICE

20. Notice of this Motion has been given to (a) the United States Trustee for the Northern District of New York; (b) the Debtor's twenty (20) largest unsecured creditors; (c) counsel to the Pre-Petition Bondholders; (d) counsel for the proposed DIP Lender; and (e) all other persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

21. No previous application for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests entry of the annexed Order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: Albany, New York
October 10, 2024

CULLEN AND DYKMAN LLP

By: /s/    Bonnie Pollack
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Kelly McNamee, Esq.
Kyriaki A. Christodoulou, Esq.
80 State Street, Suite 900
Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com
kmnamee@cullenllp.com
kchristodoulou@cullenllp.com
*Proposed Counsel for The College of Saint Rose*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re:                                                            :  Chapter 11
                                                                  :
THE COLLEGE OF SAINT ROSE,                                        :  Case No. 24-_____(REL)
                                                                  :
            Debtor.                                               :
                                                                  :
------------------------------------------------------------------x

**ORDER ESTABLISHING NOTICE PROCEDURES
AND A MASTER SERVICE LIST**

Upon the motion (the "<u>Motion</u>")[1] of The College of Saint Rose, debtor and debtor-in-possession in the above-captioned chapter 11 case ("<u>Debtor</u>"), for an order pursuant to section 105(a) of title 11 United States Code ( the "<u>Bankruptcy Code</u>") and Rules 2002(l), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") approving the Debtor's proposed notice procedures (the "<u>Notice Procedures</u>") and establishing a master service list to include and limit notice to certain parties and entities unless otherwise ordered by the Court or otherwise limited by the Bankruptcy Rules; and upon consideration of the Declaration

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of Marcia J. White pursuant to Rule 2015-2 of the Local Bankruptcy Rules for the Northern District of New York; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief being requested being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein

2. The Debtor shall establish a master service list (the "Master Service List"), listing the parties upon which all pleadings will be served, which will include: (i) counsel for the Debtor; (ii) the Debtor's twenty (20) largest unsecured creditors until the appointment of an official committee of unsecured creditors; (iii) counsel for any official committee appointed pursuant to the Bankruptcy Rules or the Bankruptcy Code; (iv) the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee"); (v) counsel to the trustee for the Pre-Petition Bondholders; (vi) counsel for the proposed DIP Lender; (vii) the Internal Revenue Service, (viii) the Pension Benefit Guaranty Corporation, (ix) any other governmental entities to the extent required by the Bankruptcy Rules and the Local Rules; and (x) all other

persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002. Upon the appointment of an official committee of unsecured creditors, if any, the Debtor may remove the combined twenty (20) largest unsecured creditors from the Master Service List.

  3. Notice of any relief sought or other pleadings, papers and procedures in the chapter 11 case must only be served on: (i) the parties then listed in the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service following the most recent version of the last Master Service List; and (iii) any party whose interests are directly affected by a specific pleading otherwise provided in an Order of this Court or the Local Bankruptcy Rules for the Northern District of New York and with the express exception of: (a) notice of the commencement of the case and of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (b) the time fixed for filing proofs of claims pursuant to Bankruptcy Rule 3003(c); (c) the time fixed for filing objections to and the hearing on consideration of approval of a disclosure statement or confirmation of a plan of reorganization; (d) notice of, and transmittal of, ballots for accepting or rejecting a plan of reorganization; and (e) notices of confirmation and effectiveness of a plan of reorganization. Notice of the foregoing matters will be provided to all parties in interest in accordance with Bankruptcy Rule 2002 or any order of the Court, unless otherwise prescribed by the Bankruptcy Code.

  4. The Debtor shall update the Master Service List from time to time, at least on a monthly basis, to include the names and addresses of any party in interest who has filed a notice of appearance and request for notices in this case, and file the updated Master Service List on the docket of the case.

5. Any party wishing to be removed from the Master Service List must file a notice on the docket withdrawing its appearance in this case.

6. Any party not described in paragraph 2 above wishing to receive notice of pleadings filed in this case must file a written notice of appearance and request for service of papers, which shall include such party's (i) name; (ii) address; (iii) name of client, if applicable; (iv) telephone number; (v) facsimile number; and (vi) one email address.

7. Except as otherwise set forth in this Order, all pleadings and documents filed with the Court in this chapter 11 case, including the initiation of adversary proceedings, shall be served via email on the Master Service List, which shall be deemed to constitute proper service for all purposes on all parties who are sent such email service.

8. Any party who wishes to be exempt from providing an email address for the Master Service List must make a written request for such an exemption to proposed counsel for the Debtor, Cullen and Dykman LLP, 80 State Street, Suite 900, Albany, New York 12207 (Attn.: Matthew G. Roseman, Esq. and Bonnie L. Pollack, Esq.) and via email to mroseman@cullenllp.com and bpollack@cullenllp.com, which request shall be granted only for good cause.

9. All pleadings and documents filed with the Court in this chapter 11 case, including the initiation of adversary proceedings, shall be served in hard copy to the U.S. Trustee.

10. The notice procedures set forth herein and in the Motion shall be deemed good and sufficient for all purposes.