CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                            :
In re:                                      :  Chapter 11
                                            :
THE COLLEGE OF SAINT ROSE,                  :  Case No. 24-11131 (REL)
                                            :
            Debtor.                         ::
-----------------------------------------------------------------x

### APPLICATION PURSUANT TO 11 U.S.C. §327(a) FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF CULLEN AND DYKMAN LLP AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the

"Debtor"), hereby submits this application (the "Application") for entry of an order, pursuant to

sections 105(a), 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York

(the "Local Rules"), authorizing the retention and employment of Cullen and Dykman LLP

("C&D") as counsel to the Debtor, effective as of the Petition Date (defined below).  The facts

and circumstances supporting this Application are set forth herein and in the Affidavit of

Matthew G. Roseman, Esq. (the "Roseman Affidavit"), annexed hereto as <u>Exhibit "A"</u>.  In

further support of this Application, the Debtor respectfully states as follows:

1

## INTRODUCTION

1.      On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No request for the appointment of a trustee or examiner has been made. No official committee of unsecured creditors has been appointed in the Debtor's case.

4.      Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of its chapter 11 case, is more fully set forth in the First Day Declaration and incorporated herein by reference.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief sought herein are sections 105, 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002 and Local Rule 2014-1.

## RELIEF REQUESTED

7.      By this Application, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit "B", authorizing the employment and retention of C&D as counsel to the Debtor as of the Petition Date.

### A.    Scope of Employment

8.    The Debtor has selected to employ and retain C&D as its bankruptcy counsel. C&D has represented the Debtor for several years and has substantial knowledge of all issues that will need to be addressed in this case. C&D has considerable experience in matters of commercial insolvency and reorganization under the Bankruptcy Code, as well as with respect to higher education institutions and not-for-profit entities, and the Debtor believes that such firm is well qualified to represent it as debtor and debtor-in-possession. In addition, the attorneys employed by C&D are admitted to practice before various United States District Courts and Courts of Appeals, and the Courts of the State of New York.

9.    The professional services that C&D will render to the Debtor include, but may not be limited to, the following:

(a)    advising the Debtor with respect to its powers and duties in the continued operation of its business and management of its property as a debtor and debtor-in-possession;

(b)    representing the Debtor before this Court, and any other court of competent jurisdiction, on matters pertaining to its affairs as a debtor and debtor-in-possession, including prosecuting and defending litigated matters that may arise during this Chapter 11 case;

(c)    advising and assisting the Debtor in the preparation and negotiation of a plan of reorganization with its creditors and other parties in interest;

(d)    advising the Debtor in connection with financing matters;

(e)    advising the Debtor in connection with the sale of its assets;

(f)    advising the Debtor with respect to any teach-out agreements and its obligations and rights thereunder;

(g)    advising the Debtor on education and corporate law issues;

(h)    preparing all necessary or appropriate applications, motions, complaints, answers, orders, reports and other legal documents;

3

(i)     performing all other legal services for the Debtor that may be
desirable and necessary in this Chapter 11 case; and

(j)     taking all necessary actions to protect and preserve the value of
the estate of the Debtor and other related matters.

**B.    C&D's Disinterestedness**

10.     Section 327(a) of the Bankruptcy Code authorizes a debtor to employ attorneys

"that do not hold or represent an interest adverse to the estate, and that are disinterested persons .

. ." 11 U.S.C. § 327(a).  Except as set forth in the Roseman Affidavit, to the best of Mr.

Roseman's knowledge, C&D holds no claims against the Debtor, does not currently represent

any creditors of the Debtor, has never represented any of the Debtor's creditors and represents no

interest adverse to the Debtor, as debtor and debtor-in-possession or otherwise, or to the Debtor's

estate regarding the matters upon which said firm will be engaged.  The Debtor believes that the

employment of C&D is in the best interest of its estate, and that C&D is a "disinterested person"

within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code, as such is

understood by the Debtor.

11.     Except as set forth in the Roseman Affidavit, to the best of Mr. Roseman's

knowledge, no member, of counsel attorney or associate of C&D has any connection with the

Debtor, its creditors, the United States Trustee or any other party with an actual or potential

**interest** in this Chapter 11 case of their respective attorneys or accountants.

**C.    Professional Compensation**

12.     Section 328(a) of the Bankruptcy Code authorizes the employment of a

professional person on any reasonable terms and conditions of employment, including on an

hourly basis.  *See* 11 U.S.C. § 328(a).  C&D intends to apply for compensation for professional

services rendered in connection with this Chapter 11 case subject to the approval of this Court

and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local

4

Rules, and orders of this Court, at its usual hourly rates subject to normal periodic adjustment, plus reimbursement of its out-of-pocket expenses, charges and disbursements. A statement pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2016 is set forth in the Roseman Affidavit annexed hereto as Exhibit "A" and is incorporated herein by reference. Annexed hereto as Exhibit "C" is a list of the attorneys employed by C&D who will likely work on the Debtor's case and their respective hourly rates.

13.    Prior to commencement of the Chapter 11 case, C&D was not owed any money from the Debtor for pre-petition services. Prior to the Petition Date, the Debtor paid C&D a retainer of $25,000 (the "Retainer") to be applied against fees and expenses of C&D in its representation of the Debtor in this Chapter 11 case.

14.    A copy of this Application has been provided to the Office of the United States Trustee in accordance with Bankruptcy Rule 2014(a), and the Office of the United States Trustee has approved C&D's retention and the proposed order.

**D.    Request for Approval as of the Petition Date**

15.    The Debtor requests that C&D's retention be made effective as of to the Petition Date in order to allow C&D to be compensated for the work it performed for the Debtor following the Petition Date and prior to the Court's consideration and approval of this Application. With the filing of this case, C&D immediately turned its attention to urgent matters including, but not limited to, finalizing various "first day" and other essential motions, and addressing a variety of business and creditor related issues which are expected to arise as a result of the bankruptcy filing. Further, the Office of the United States Trustee was vetting this application and order. The Debtor submits that, under the circumstances, retroactive approval of C&D's retention to the Petition Date is warranted.

16.    No previous Application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor requests that it be authorized to employ and retain C&D as attorneys to represent it as debtor and debtor-in-possession in the Chapter 11 case on the terms set forth in this Application and in the Roseman Affidavit, and that the Debtor be granted such other and further relief as is just and proper.

Dated: Albany, New York
       October 10, 2024

                            THE COLLEGE OF SAINT ROSE


                            By:    s/    *Marcia White*
                                   Name: Marcia J. White
                                   Title: President

## EXHIBIT "A"

### ROSEMAN AFFIDAVIT

CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
THE COLLEGE OF SAINT ROSE,              :    Case No. 24-11131 (REL)
                                        :
          Debtor.                       ::
------------------------------------------------------------------x

**AFFIDAVIT OF MATTHEW G. ROSEMAN IN SUPPORT OF APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF CULLEN AND
DYKMAN LLP AS COUNSEL TO THE DEBTOR AS OF THE PETITION DATE AND
DISCLOSURE STATEMENT PURSUANT TO SECTIONS 327(A), 328(A), 329 AND 504
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 2014(A) AND 2016(b)**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

          MATTHEW G. ROSEMAN, being duly sworn, deposes and says:

          1.     I am a member of the law firm of Cullen and Dykman LLP ("C&D"), which

maintains offices for the practice of law at 333 Earle Ovington Boulevard, 2nd Fl., Uniondale,

New York 11553 and 80 State Street, Suite 900 Albany, New York 12207.

          2.     I am admitted to practice law before the Courts of the State of New York and,

among other federal courts, the United States District Courts for the Southern and Eastern

1

Districts of New York.

3.    I make this affidavit (the "Affidavit") in support of the application (the "Application") of The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to sections 105(a), 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as counsel to the Debtor, effective as of October 10, 2024 (the "Petition Date") on the terms set forth in the Application. This Affidavit also provides the disclosure required under Bankruptcy Rules 2014(a) and 2016(b).

4.    Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein. To the extent any information which is disclosed herein requires amendment or modification upon C&D's completion of further review or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

5.    The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.    C&D is not a creditor of the Debtor.    Prior to commencement of the Chapter 11 case, the Debtor did not owe C&D any money for pre-petition services, and Debtor paid C&D a retainer of $25,000 (the "Retainer") to be applied against fees and expenses of C&D in its representation of the Debtor in this Chapter 11 case.    To the best of my knowledge, formed after

2

reasonable inquiry, neither I nor any other member, of counsel attorney, or associate of C&D holds any claims against the Debtor or represents any interest adverse to the above-captioned estate. I believe that C&D is "disinterested" as defined in section 101(14) of the Bankruptcy Code.

7.    Neither I, nor any other member, of counsel attorney or associate of C&D, as far as I have been able to ascertain, has any connection with the Debtor, its creditors, the United States Trustee or any other party with an actual or potential interest in this Chapter 11 case or their respective attorneys or accountants, other than as set forth herein.

8.    In connection with its proposed retention by the Debtor in this case, C&D has researched its client and conflict database to determine whether it has or had any relationships with the following entities that would create a conflict of interest or affect its status as being disinterested with the meaning of section 101(14) of the Bankruptcy Code:

> (a)    the Debtor and its officers and board of trustees;
>
> (b)    the Debtor's 20 largest unsecured creditors;
>
> (c)    parties in significant litigation with the Debtor;
>
> (d)    the Debtor's pre-petition secured lenders;
>
> (e)    parties that are counterparties to various agreements, including leases, licenses and other contracts with the Debtor;
>
> (f)    the professionals that the Debtor has sought or will seek to employ in this Chapter 11 case, pursuant to applications filed, or anticipated to be filed, as of the date hereof; and
>
> (g)    the U.S. Trustee for Region 2, and all personnel in the U.S. Trustee office in the Northern District of New York (attached as Schedule 1 hereto).

9.    As a result of the research performed to date, C&D makes the following disclosures:

      (a)    <u>The Debtor, and the Debtor's Board of Trustees:</u> To the best of my knowledge, formed after reasonable inquiry, neither C&D nor any member, of counsel attorney or associate thereof is related to the Debtor or its Board of Trustees. However, C&D has provided services to the Debtor for several years prior to the filing of the petition.

      (b)    <u>The Debtor's Twenty (20) Largest Unsecured Creditors:</u> To the best of my knowledge, formed after reasonable inquiry, neither C&D nor any member, of counsel attorney or associate thereof has provided services to the Debtor's twenty (20) largest unsecured creditors except as may be set forth below.

      (c)    <u>The Debtor's Pre-Petition Secured Lenders:</u> To the best of my knowledge, formed after reasonable inquiry, neither C&D nor any member, of counsel attorney or associate thereof has provided services to the Debtor's pre-petition lenders except as may be set forth below.

      (d)    <u>Parties in Significant Litigation with the Debtor:</u> To the best of my knowledge, formed after reasonable inquiry, C&D has not provided services to any other entity that is or was in litigation, as of the date of this affidavit, with the Debtor.

      (e)    <u>Counterparties to Various Agreements with the Debtor:</u> To the best of my knowledge, formed after reasonable inquiry, C&D has not represented or provided services to any entity that is a counter party to any agreement with the Debtor except as may be set forth below.

      (f)    <u>The Professionals Retained or to be Retained in this Chapter 11 Case:</u> To the best of my knowledge, formed after reasonable inquiry, C&D has not represented or provided services to any professional which the Debtor may seek to retain.

10.    C&D has performed services on behalf of certain of the Debtor's creditors, all of which is unrelated to the Debtor. During 2023 and the first half of 2024, the only creditors to whom C&D billed at least .01% of revenues, were as follows. The creditors listed below are on the Debtor's list of creditors:

| Creditor | Relationship to Debtor | Year | Percentage of Revenues |
|----------|------------------------|------|------------------------|
| National Grid | Utility | 2023 | 3.5% |
| National Grid | Utility | 2024 | 4.5% |
| Sodexo | Creditor | 2023 | 0.2% |
| Sodexo | Creditor | 2024 | 0.2% |
| Crown Castle | Utility | 2023 | 0.0% |
| M&T Bank | Administrative Agent | 2023 | 0.5% |
| M&T Bank | Administrative Agent | 2024 | 0.4% |
| Verizon | Utility | 2023 | 0.3% |
| Verizon | Utility | 2024 | 0.1% |

11.     C&D represents Verizon, National Grid and Crown Castle in property tax appeals and special litigation matters, none of which pertain to the Debtor. All of those entities will be included in the Debtor's utilities motion and treated as is standard in any Chapter 11 bankruptcy case. M&T acts as administrative agent for the bondholders and is not a creditor in that capacity. The Debtor does maintain a credit card amount of M&T which it pays in full monthly. In the unlikely event that the Debtor needs to take a position adverse to M&T per se, as well as to Sodexo, the Debtor will invoke the services of conflicts counsel for such purposes. Thus, C&D does not believe that its representation of the foregoing entities in matters unrelated to the Debtor prohibits its engagement as counsel to the Debtor in this case.

12.     The proposed employment of C&D is not prohibited by or improper under Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no employee of C&D is related, to any United States Bankruptcy Judge or District Court Judge for the Northern District of New York or to the United States Trustee for such district or any employee in the office thereof.

13.     Pursuant to Bankruptcy Rule 2014 the affiant and the attorneys at C&D are experienced bankruptcy practitioners having represented debtors before this Court for more than 70 collective years. The attorneys at C&D have acted as debtor's counsel in the following

5

chapter 11 cases that have confirmed plans in the local Districts of New York:

a.   Grace Industries, Inc. – 1-04-27013 (CEC)

b.   Grace Asphalt Inc. – 1-04-27015 (CEC)

c.   Grace Associates LLC Corp. – 1-06-43325 (CEC)

d.   Harper Street Realty LLC – 1-06-42964 (CEC)

e.   30-01 Harper Street Realty LLC – 1-06-42964 (CEC)

f.   Global Container Lines Ltd. – 8-09-78585 (AST)

g.   Ship Trade Inc. – 8-09-78585 (AST)

h.   GCL Shipping Corp. – 8-09-78586 (AST)

i.   Montcalm Publishing Corp. – 08-10447 (SMB)

j.   Sunnymeade Leasing LLC – 1-10-43362 (CEC) (Creditor's Plan)

k.   Smart World Technologies – 00-41645 (JMP)

l.   Cedar Chemical Corporation – 02-11039 (SMB)

m.   Vicksburg Chemical Company – 02-11040 (SMB)

n.   The Athlete's Foot Stores, LLC – 04-17779 (SMB)

o.   Delta Pace LLC – 04-17780 (SMB)

p.   Metroplex On The Atlantic, LLC - 15-42499 (CEC)

q.   Collavino Construction Company Inc.- 14-12908 (SCC)

r.   Navillus Tile, Inc., dba Navillus Contracting-17-13162(SHL)

s.   753 Ninth Ave Realty LLC-19-11201(MKV)

t.   The College of New Rochelle- 19-23694 (RDD)

u.   Montauk Cliffs, LLC- 22-70312 (REG)

14.   In addition to these cases, the attorneys of C&D have represented numerous

chapter 7 debtors, creditors and other parties-in-interest in chapter 11 proceedings before this Court and the Courts in the various Districts of New York. Accordingly, it is respectfully submitted that C&D has the requisite experience to represent the Debtor as counsel in this case.

15.    As set forth in the Application, the Debtor is requesting, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of C&D on reasonable rates, terms and conditions consistent with what C&D charges non-chapter 11 debtors, namely, payment of its non-discounted hourly rates as adjusted from time-to-time and reimbursement of out-of-pocket expenses at a cost or based upon an estimate that approximates the actual cost when the actual cost is not usually ascertainable. Notwithstanding this, C&D will continue to charge its pre-petition discounted hourly rates to the Debtor in connection with non-bankruptcy related work (i.e., higher education related service). C&D has also agreed that it will not charge the Debtor or the estate any time or expenses for attorney travel to Albany. C&D's engagement letter is annexed hereto as Schedule 2.

16.    Subject to this Court's approval, in accordance with sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may be applicable from time to time, and such other procedures as may be fixed by order of this Court, C&D will seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred in connection with performing services for and on behalf of the Debtor. Subject to the Court's approval, C&D will bill for services in accordance with its ordinary and customary rates in effect on the date services are rendered, which rates C&D believes are reasonable. C&D's current non-discounted customary, hourly rates, subject to change from time to time, are $430 to $870 for members and counsel, $280 to $455 for associates and $120 to $305 for paraprofessionals. For higher education services, the Debtor is charged a blended hourly rate

between $135- $395 per hour. Pursuant to Local Rule 2014-1, C&D believes that the terms and conditions of its employment are reasonable.

17.    C&D's disbursement policy is to pass through all out-of-pocket expenses at actual cost, or as an estimated actual cost when the actual cost cannot be readily ascertained. These expenses include facsimiles, photocopying, toll calls, overtime staff wages, overtime meals, computerized research, deliveries, court costs, transcript fees, postage, travel, clerk and court fees, and other expenses.

18.    No promises have been received or made by C&D or any member, counsel or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. C&D has no agreement with any other entity to share with such entity any compensation received by C&D or by such entity.

19.    To the best of my knowledge, there are no amounts owing to C&D by the Debtor for services unrelated to the retention sought in the Application. To the extent that there are any amounts owing to C&D arising prior to the date of the filing of the Debtor's Chapter 11 case, C&D agrees to waive any claims for such amounts.

20.    I believe that C&D is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a).

21.     The foregoing constitutes the statement of C&D pursuant to section 327(a), 328(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

s/  *Matthew. Roseman*
MATTHEW G. ROSEMAN

Sworn to before me this
10th day of October, 2024

  s/ Bonnie Pollack
Notary Public

Bonnie L. Pollack
Notary Public, State of New York
Registration No. 4962169
Qualified in Nassau County
Commission Expires 3/13/2026

## **Schedule 1**
## **U.S Trustee Personnel**

| | |
|---|---|
| William K. Harrington | United States Trustee |
| Lisa M. Penpraze | Assistant U.S Trustee |
| Alicia M. Leonhard | Trial Attorney |
| Janice L. Aschauer | Paralegal Specialist |
| Diana M. Nuss | Paralegal Specialist |
| Amy E. Hutzel | Legal Assistant |

## **Schedule 2**
## **Engagement Letter**



Cullen and Dykman LLP
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, NY 1153
T: 516.357.3700
F: 516.357.3792

**Dina Vespia**
Partner
Direct: 516.357.3726
DVespia@cullenllp.com

July 25, 2024

**Jeffrey Stone**
**Chair, Board of Trustees**
**The College of Saint Rose**
**432 Western Avenue**
**Albany, NY 12203**

Dear Mr. Stone,

We appreciate the opportunity to continue to be of service to The College of Saint Rose. This Retainer Agreement for legal services, effective as of June 1, 2024, is by and between Cullen and Dykman LLP (the "Firm") and The College of Saint Rose (the "College").

**I.      RETENTION OF FIRM**

**A.**      This Retainer Agreement confirms that the College has retained the Firm as its attorneys to provide legal advice and services in connection with winddown of the College's operations and affairs, including but not limited to advising the College on state and federal regulatory requirements applicable to institutional closure, representing the College in a contemplated Chapter 11 proceeding, and other matters as requested by the College.

**B.**      It is further understood and agreed that Dina Vespia, Esq. will be the relationship partner and primary point of contact at the Firm for the College. Ms. Vespia shall coordinate and manage the services of other partners, associate attorneys, paralegals or law clerks in the Firm performing services for the College under this Retainer Agreement.

**II.     FEES INCURRED FOR SERVICES RENDERED**

**A.**      For legal services related to the preparation, filing and all legal work in connection with a Chapter 11 proceeding, the College has agreed to pay to the Firm, and the Firm has agreed to accept, for legal services billed at the firms standard billing rates, which are in the following ranges: $430 to $870 for Partners and Of Counsel, $280 to $455 for Associates, and $120 to $305 for Law Clerks and Paralegals. For your reference, the standard hourly rates for our core team of attorneys who we anticipate will work with the College on contemplated bankruptcy filing are as follows:

|  | Position | Hourly Rate |
|---|---|---|
| Matthew Roseman | Partner | $870 |
| Bonnie Pollack | Partner | $815 |
| Kevin McDonough | Partner | $665 |
| Dina Vespia | Partner | $590 |
| Kelly McNamee | Associate | $280 |

B.      For all other matters, the College has agreed to pay the Firm, and the Firm has agreed to accept, for legal services billed at the discounted, blended hourly rates of $395.00 per hour for time expended by all attorneys of the Firm; $195.00 per hour for time expended by law school graduates not yet admitted to practice; and $135.00 per hour for time expended by paralegals and law clerks of the Firm.

C.      In addition to this retainer payment, the College will also be responsible for direct payment, or reimbursement to the Firm, for disbursements advanced on the College's behalf, the same to include, but not necessarily be limited to, court costs, recording fees, charges of process servers, travel and mileage expenses, copying and velobinding costs, messenger services, certified mailings, overnight mailings, postage, necessary secretarial overtime, transcripts and the customary fees of stenographers referable to examinations before trial in the event such examinations are utilized.

D.      The College understands that the hourly rates apply to all time expended on behalf of the College including, but not limited to, office meetings and conferences; negotiations; telephone calls either placed by or placed to The College, or otherwise made or had on the College's behalf or related to the College's matter; preparation, review and revisions of correspondence, pleadings, motions, disclosure demands and responses, affidavits and affirmations, or any other documents, memoranda or papers relative to the College's matter; legal research; court appearances; participation in the conduct of any Department of Education Office of Civil Rights conferences, meetings, discussions, investigations and/or audits; review and legal guidance on the creation, preparation, review and revision of College policies, codes, guidelines, forms and handbooks for student, staff and administration use and dissemination; preparation time for any legal proceedings, investigations, and audits; and any other time expended on behalf or in connection with the College's matter.

E.      The Firm reviews its billing rates in January of each year and will discuss any proposed rate increase with the College in advance of any adjustments being made to the fee arrangements under this Retainer Agreement.

F.      At the College's option, Ms. Vespia and other attorneys at the Firm as needed shall participate in monthly or quarterly status meetings in person or via teleconference with senior staff to review/discuss pending or future legal matters at no charge.

III.      RIGHT TO CANCEL; REFUND OF UNUSED PORTION OF RETAINER FEE

A.      The College has the absolute right to cancel this Retainer Agreement at any time upon thirty (30) days' prior written notice and the cancellation shall he deemed effective upon the expiration of the thirty (30) days. The College shall be entitled to a refund of any unused portion of fees previously

paid in advance. The Firm shall be entitled to be paid for any work or services performed through the date cancellation is effective, as well as for any disbursements advanced or expended through the date cancellation is effective. If the Firm disposes of your matter by agreement or decision after trial by the Court, or if the Firm is relieved as your attorneys by court order, you shall be billed only for actual services rendered and disbursements advanced by the Firm.

IV.    <u>BILLING PROCEDURES</u>

A.    The College will be billed each month for services rendered each month prior to the filing of a chapter 11 bankruptcy. Included in the billing will be a detailed explanation of the services rendered, by who rendered, and the disbursements incurred by the Firm in connection with the College's matter. Upon receipt of the Firm's bill, the College is asked to review the bill and promptly bring to the Firm's attention any objections the College may have to the bill. While the Firm strives to keep perfectly accurate time records, the Firm recognizes the possibility of human error, and the Firm shall discuss with the College any objections the College raises to the Firm's bill. The College will not be charged for time expended in discussing with the Firm any aspect of the bill rendered to the College.

B.    The College agrees to pay the Firm such additional fees and to reimburse the Firm for the Firm's advances and disbursements paid on the College's behalf that may be due from time to time not later than thirty (30) days from the date that the Firm shall submit a bill to the College for same unless the Firm shall extend such time for payment.

C.    All time expended shall be recorded at one-tenth (0.1) of an hour and billing shall so indicate.

D.    Prior to the filing of a chapter 11 bankruptcy petition The College shall cause to be paid a retainer to be applied against post-petition legal services in the amount of $25,000 and $1,738 for the filing fee.

E.    After the filing of a chapter 11 bankruptcy, billing will be sent in accordance with the Bankruptcy Code, Bankruptcy Rules and/or any order of the Bankruptcy Court. In no event will such billing be more than every month.

F.    In the event of a dispute concerning our fees, you may have a right to seek arbitration of such dispute. New York State gives clients the right to seek arbitration of fee disputes, except in certain limited circumstances.

V.    <u>GENERAL PROVISIONS</u>

A.    The Firm shall keep the College informed of the status of matters, and agrees to explain the laws pertinent to the College's situation, the available course of action, and the attendant risks. The Firm shall notify the College promptly of any developments in its matters, including court appearances, and will be available for meetings and telephone conversations with the College at mutually convenient times. The Firm does insist that appointments be made in advance for personal visits to our offices.

B.    Copies of all documents and correspondence will be supplied to the College as they are

prepared (unless the College requests to the contrary), and the College may be billed a reasonable photocopy charge for voluminous or special copying of documents on its behalf which will be included in the College's periodic billing. Such copies which are made in-house by this office are charged at the rate of $.20 per page.

C.     The College acknowledges that it has read this Retainer Agreement in its entirety, has had full opportunity to consider its terms, and agrees to such terms.

D.     The College further acknowledges and understands that there are no additional or different terms or agreements other than those expressly set forth in this written Retainer Agreement. This Agreement shall supersede and replace all prior agreements and understandings, oral or written, between the College and the Firm regarding the representation described herein.

E.     The College is aware of the hazards of litigation and acknowledges that the Firm has made no guarantees as to the disposition of any phase of any such matters for which the College has retained the Firm.

F.     Kindly indicate that the College understands and accepts the above by signing and dating the Retainer Agreement below where indicated. We look forward to being of service to the College of Saint Rose in connection with these matters.

Very truly yours,

Cullen and Dykman LLP

By: _____

Dina L. Vespia
Partner

ACCEPTED AND AGREED:

The College of Saint Rose

By: _____     Dated: 7/26/24
Name: Jeffrey Stone
Title: Chair, Board of Trustees

22484.1 21132554v1                                    4

## CLIENT'S RIGHTS AND RESPONSIBILITIES

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.

2. You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).

3. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4. You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5. You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.

6. You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.

7. You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some matters).

8. You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.

9. You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.

10. You may not be refused representation on the basis of race, creed, color, age, religion, sex, sexual orientation, national origin or disability.

11. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

12. The client's relationship with the lawyer must be one of complete candor and the lawyer must be apprised of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

13. The client must honor the fee arrangement as agreed to with the lawyer, in accordance with law.

14. All bills for services rendered which are tendered to the client pursuant to the agreed upon fee arrangement should be paid promptly.

15. The client may withdraw from the attorney-client relationship, subject to financial commitments under the agreed to fee arrangement, and, in certain circumstances, subject to court approval.

16. Although the client should expect that his or her correspondence, telephone calls and other communications will be answered within a reasonable time frame, the client should recognize that the lawyer has other clients equally demanding of the lawyer's time and attention.

17. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number or address and respond promptly to a request by the lawyer for information and cooperation.

18. The client must realize that the lawyer need respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions which are unprofessional or contrary to law or the Lawyer's Code of Professional responsibility.

19. The lawyer may be unable to accept a case if the lawyer has previous professional commitments which will result in inadequate time being available for the proper representation of a new client.

20. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or that a suitable working relationship with the client is not likely.

.

## **EXHIBIT "B"**

### **PROPOSED ORDER**

1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                              :

In re:                          :   Chapter 11
                              :

THE COLLEGE OF SAINT ROSE,   :   Case No. 24-11131(REL)
                              :

        Debtor.               :

                              :

-------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF
## CULLEN AND DYKMAN LLP AS COUNSEL TO THE DEBTOR
## EFFECTIVE AS OF THE PETITION DATE

Upon the application dated October 10, 2024 (the "Application")[1] of The College of

Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an

order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local

Rules"), authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Application.

counsel to the Debtor, effective as of the Petition Date; and upon the affidavit of Matthew G. Roseman, Esq., a member of C&D, sworn to on October 2, 2024 (the "Roseman Affidavit"), which includes the statement of C&D pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2016; the Court finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Application was sufficient under the circumstances and that no further notice need be given; C&D is "disinterested" and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code, the terms of the engagement are reasonable and appropriate, and the legal and factual bases set forth in the Application and Roseman Affidavit establish just cause for the relief granted herein, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that the Debtor is hereby authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002, and Local Rule 2014-1, to retain and employ C&D as counsel to represent it as debtor and debtor-in-possession effective as of the Petition Date on the terms set forth in the Application and the Roseman Affidavit, with the compensation of and expense reimbursement to C&D to be hereafter fixed by this Court upon the filing of a proper application or applications therefor under 11 U.S.C. §§ 330 and 331 and/or in accordance with any Court order establishing procedures for interim or periodic compensation; and it is further

ORDERED, prior to any increases in C&D's rates for any individual employed by C&D and providing services in this case, C&D shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the U.S. Trustee and any parties in interest that

have filed a notice of appearance and request for notices. The supplemental affidavit shall explain

the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code.

The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not

limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and

the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy

Code; and it is further

ORDERED, that C&D is authorized to perform the following services:

(a)     Advising the Debtor with respect to its power and duties in the continued
        operation of its business and management of its property as a debtor and debtor-
        in-possession;

(b)     Taking all necessary actions to protect and preserve the value of the estate of the
        Debtor and related matters;

(c)     Representing the Debtor before this Court, and any other court of competent
        jurisdiction, on matters pertaining to its affairs as a debtor and debtor-in-
        possession, including prosecuting and defending litigated matters that may arise
        during this Chapter 11 case;

(d)     Advising and assisting the Debtor in the preparation and negotiation of a plan of
        reorganization with its creditors and other parties in interest;

(e)     Advising the Debtor in connection with financing matters;

(f)     Advising the Debtor in connection with the sale of its assets;

(g)     advising the Debtor with respect to any teach-out agreements and its obligations
        and rights thereunder;

(h)     advising the Debtor on education and corporate law matters;

22484.3 21085225v1

(i)     Preparing all necessary or appropriate applications, motions, complaints, answers, orders, reports and other legal documents;

(j)     Taking all necessary actions to protect and preserve the value of the estate of the Debtor and related matters;

(k)     Performing all other legal services for the Debtor that may be desirable and necessary in this Chapter 11 case; and it is further

ORDERED, that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that to the extent the Application and engagement letter are inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that C&D shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED, that C&D shall apply any remaining amounts of its pre-petition retainer toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to C&D; and it is further

ORDERED, that C&D will not seek to use affiliates, independent contractors, subcontractors or subsidiaries of C&D to perform services under the engagement letter without separate Court approval; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

No Objection:

_____

Office of the United States Trustee

## EXHIBIT "C"

## ATTORNEYS LIST

## CULLEN AND DYKMAN LLP
## BILLING RATES OF PROFESSIONALS AS OF 1/1/24

| NAME OF PROFESSIONAL | YEAR ADMITTED | TITLE | HOURLY RATE |
|---|---|---|---|
| Matthew G. Roseman | 1989 | Partner | $870.00 |
| Kevin McDonough | 1989 | Partner | $665.00 |
| Bonnie L. Pollack | 1990 | Partner | $815.00 |
| Dina Vespia | 2009 | Partner | $590.00 |
| Kyriaki Christodoulou | 2021 | Associate | $410.00 |
| Kelly McNamee | 2024 | Associate | $280.00 |