CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki A. Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
THE COLLEGE OF SAINT ROSE,                                     :    Case No. 24-11131 (REL)
                                                               :
            Debtor.                                            :
                                                               :
-------------------------------------------------------------- x

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF NOLAN HELLER KAUFFMAN LLP AS SPECIAL COUNSEL TO THE BOARD OF TRUSTEES OF THE DEBTOR PURSUANT TO SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE

The College of Saint Rose (the "**Debtor**"), debtor and debtor-in-possession in the above-captioned chapter 11 case, files this application (this "**Application**") for entry of an order pursuant to sections 327(e) and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), substantially in the form attached hereto as **Exhibit B**, authorizing the Debtor to retain the law firm of Nolan Heller Kauffman LLP ("**Nolan**") as special counsel to the Board of Trustees of the Debtor effective as of the Petition Date (as defined herein). In support of this Application, the Debtor submits the declaration of Francis J. Brennan, a partner at Nolan (the "**Brennan Declaration**"), which is attached hereto as **Exhibit A**. In further support of this Application, the Debtor respectfully states as follows:

22484.3 21143010v1

## INTRODUCTION

1. On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4. An official committee of unsecured creditors (the "Committee") has not yet been appointed by the Office of the United States Trustee for Region 2 (the "U.S. Trustee").

5. Simultaneously with the filing of its petition, the Debtor filed the Declaration of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration, the contents of which are incorporated herein by reference.

## JURISDICTION

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. By this Application, the Debtor seeks the entry of an order authorizing the retention of Nolan as special counsel to the Debtor's Board of Trustees, pursuant to sections 327(e) and 1107(b) of the Bankruptcy Code, to perform the legal services more fully set forth herein, as

2

of the Petition Date.

8. In the course of a bankruptcy case, issues often arise that effect the Board separate and apart from the debtor, and which the Board must address. In this bankruptcy, that is no exception and the Debtor's counsel will not be permitted to provide advice to members to its Board of Trustees (the "Board") regarding its duties and obligations. In addition, the pre-petition bondholders have made informal inquiries regarding disclosures made in connection with the issuance of the 2021 bonds. While the Debtor and the Board vehemently stress that there were no improprieties in connection with the bond issuance, the Board will need its own counsel to address those inquiries in bankruptcy.

9. Thus, the Debtor desires to retain Nolan to provide such legal services as are necessary and requested by the Board as may be needed in this case. Nolan's service will not duplicate any services performed by Debtor's bankruptcy counsel.

10. The Debtor has selected Nolan because Nolan's attorneys have extensive experience and knowledge in, among other things, Board representation. The Debtor submits that the retention of Nolan under the terms described herein is appropriate under sections 327(e) and 1107(b) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

11. Bankruptcy Rule 2014(a) requires that an application for retention include:

3

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

12. Nolan was retained to represent the Board shortly prior to the Petition Date. Section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand"). As explained more fully below, the Debtor submits that each of these factors is satisfied with respect to Nolan, and that, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

13. Nolan would only be retained to assist members of the Board. Its retention, therefore, does not rise to the level of conducting this case. Further, given the importance of some of the issues which may arise, it is in the Debtor's best interest to continue the Board's representation in this matter. In addition, to the best of the Debtor's knowledge, the members and associates of Nolan do not hold or represent any interest adverse to the Debtor on any matters in which the firm is to be engaged or have any connection with the Debtor, its creditors, or any other

4

22484.3 21143010v1

party in interest, or their attorneys, except to the extent set forth in the Brennan Declaration annexed hereto as **Exhibit A**. Accordingly, the Debtor submits that Nolan may be retained under a general retainer as special counsel to the Debtor pursuant to section 327(e) of the Bankruptcy Code.

14. The fact that Nolan represented the Debtor as counsel to the Board for a short time pre-petition does not impact its ability to be retained post-petition. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

15. The Debtor therefore requests an order authorizing the retention and employment of Nolan as of the Petition Date. Given that Nolan's services may be required in the days immediately following the commencement of the bankruptcy case, the Debtor believes that such retention is in all parties' best interest.

16. Subject to this Court's approval and in accordance with sections 330 and 331, the applicable Bankruptcy Rules, the Local Bankruptcy for the Northern District of New York, and other procedures that may be fixed by the Court, the Debtor requests that Nolan be compensated on an hourly basis and that Nolan receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtor in this case. The Debtor also requests that Nolan receive permission to apply its prepetition retainer against any prepetition fees and expenses in the ordinary course of business, *provided, that*, any remaining amounts of the prepetition retainer shall be applied towards postpetition fees and expenses included in Nolan's first interim fee application, after such postpetition fees and expenses are approved on an interim basis pursuant to an order of the Court awarding fees and expenses to Nolan.

5

## **NOTICE**

17. Notice of this Motion has been given to: (a) the United States Trustee for Region 2; (b) the Debtor's twenty (20) largest unsecured creditors; (c) counsel to the Debtor's Bondholders; (d) counsel to the proposal DIP lender; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

18. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting the relief requested in this application and granting the Debtor such other and further relief as may be just and proper.

Dated: Albany, New York
October 10, 2024

                                                                            CULLEN AND DYKMAN LLP

                                                                            By: /s/ *Bonnie Pollack*
                                                                            Matthew G. Roseman, Esq.
                                                                            Bonnie L. Pollack, Esq.
                                                                            Kelly McNamee, Esq.
                                                                            Kyriaki A. Christodoulou, Esq.
                                                                            80 State Street, Suite 900
                                                                            Albany, New York 12207
                                                                            (516) 357-3700
                                                                            mroseman@cullenllp.com
                                                                            bpollack@cullenllp.com
                                                                            kmnamee@cullenllp.com
                                                                            kchristodoulou@cullenllp.com
                                                                            *Proposed Counsel for The College of Saint Rose*

22484.3 21143010v1

**Exhibit A**

**Brennan Declaration**

CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :  Chapter 11
                                                                 :
THE COLLEGE OF SAINT ROSE,                                       :  Case No. 24-11131 (REL)
                                                                 :
                        Debtor.                                  ::
---------------------------------------------------------------- x

**DECLARATION OF FRANCIS J. BRENNAN IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION OF NOLAN HELLER KAUFFMAN LLP AS SPECIAL COUNSEL TO
THE BOARD OF TRUSTEES OF THE DEBTOR
PURSUANT TO SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE**

I, Francis J. Brennan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the firm of Nolan Heller Kauffman LLP ("**Nolan**"), which maintains offices for the practice of law at 80 State Street, Albany, New York. I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York. I submit this Declaration in connection with the Debtor's Application for Entry of an Order Authorizing the Retention of Nolan as Special Counsel to the Board of Trustees of the Debtor Pursuant to Sections 327(e) and 1107(b) of the Bankruptcy Code (the "**Application**"), effective as of October 10, 2024 (the "**Petition Date**"), and to provide the disclosures required under section 329 of title 11 of the

22484.3 21143010v2

United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "**Local Bankruptcy Rules**").

    2.     Nolan utilizes certain procedures (the "**Firm Procedures**") to determine its relationships, if any, to parties that may have connections to the debtor in the above-captioned case (the "**Debtor**"). In implementing such Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtor and Nolan's relationship with such parties:

    (a)     Nolan requested and obtained from the Debtor lists identifying the interested parties and significant creditors that are or may be involved in or connected to this chapter 11 case (the "**Potential Parties-in-Interest**"). The Potential Parties-in-Interest include, among others, the Debtor, pre-petition lenders, post-petition lenders, trustees and the list of all creditors of the Debtor.

    (b)     Nolan then compared each of the Potential Parties-in-Interest to the names in its master electronic database of current and former clients (the "**Client Database**").

    (c)     Known connections between former or current clients of Nolan and the Potential Parties-in-Interest were collected for purposes of preparing this Declaration.

    3.     As a result of the Firm Procedures, I have thus far ascertained that, upon information and belief, Nolan has no present connection with any creditors or parties in interest of the Debtor except the following current clients for which work has been done within one year:

| Creditor | Connection | Percentage of Annual Revenue |
|---|---|---|
| M&T Bank | Counsel | Approximately 5%[1] |

    4.     Nolan's representation of M&T Bank generally consists of commercial

---

[1] Percentage as of July 31, 2024.

collections matters. Nolan does not represent M&T Bank in matters of the type of which Manufacturers' and Traders' Trust Company is involved in the case.

5. In addition, the Debtor maintains several checking accounts at KeyBank utilized as part of its cash management system. KeyBank is a client of Nolan. Further, it is my understanding that the Debtor maintains its pension plan account for its employee pension plan with Key Trust, which is a subsidiary of KeyBank. It is my understanding that neither KeyBank nor Key Trust is a creditor of the Debtor. Nevertheless, out of an abundance of caution, I note the connection between KeyBank and Nolan.

6. Nolan has previously represented some other Potential Parties-in-Interest, but those representations are not current and/or no work has been done within the last year.

7. I believe that none of the representations or relationships recited in Paragraphs 3 and 4 above would give rise to a finding that Nolan represents or holds an interest adverse to the Debtor with respect to the services for which Nolan would be retained.

8. Nolan has reviewed the relationship that its partners and employees have with the United States Trustee for Region 2 (the "**U.S. Trustee**") and those persons employed in the office of the U.S. Trustee, and I do not believe that Nolan has any material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee.

9. Subject to this Court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may be applicable, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court, compensation will be payable to Nolan on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Nolan. Nolan's customary, hourly rates, subject to change from time to time, are $445 per hour for senior partners, $415 per hour for partners, $395 per hour for senior associates and counsel, and $340 per

hour for associates.

10. The hourly rates that will be charged in this case are Nolan's standard hourly rates. These rates are set at a level designed to fairly compensate Nolan for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Nolan's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, expenses for "working meals" and computerized research and transcription costs. Nolan bills these expenses at cost to its clients and makes no profit from these expenses. Nolan believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread such expenses among all clients. Nolan intends to comply with the guidelines established by the Office of the United States Trustee with respect to certain limitations on the charging of expenses to chapter 11 debtors.

11. As of the date hereof, Nolan has received a pre-petition retainer of $25,000, a portion of which was applied to pre-petition services rendered to the Board. Nolan will hold the balance of the retainer it the firm's escrow account to be applied to post-petition fees and expenses pursuant to further Order of the Court. As of the Petition Date, the Debtor does not owe Nolan any amounts for legal services rendered before the Petition Date.

12. This Declaration is intended to comply with Bankruptcy Rule 2016(b). Nolan intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Court, Local Bankruptcy Rules, and the administrative and other orders entered by this Court.

22484.3 21143010v2

13. No promises have been received by Nolan or by any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

14. Nolan further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Nolan, or (b) any compensation another person or party has received or may receive.

15. Except as disclosed herein, neither I, Nolan, nor any member or associate thereof or of counsel thereto, insofar as I have been able to ascertain and subject to disclosures herein, represents any interest adverse to the Debtor or its estate in the matters regarding which Nolan is to be engaged.

16. By reason of the foregoing, I believe Nolan is eligible for employment and retention as special counsel to the Board pursuant to sections 327(e) and 1107(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Bankruptcy Rules.

By:   s/ Francis Brennan
Name: Francis J. Brennan
Title: Partner

<u>**Exhibit A**</u>

**Brennan Declaration**



80 STATE STREET, 11TH FLOOR
ALBANY, NY 12207

TELEPHONE (518) 449-3300
FACSIMILE (518) 432-3123

www.nhkllp.com

FRANCIS J. BRENNAN
Direct Dial: (518) 432-3159
fbrennan@nhkllp.com

July 15, 2024

**VIA EMAIL** - Jstone3057@gmail.com
The Board of Trustees of the College of Saint Rose
Attn: Jeffrey D. Stone
Chair of the Board
18 Chip Shot Way
Mechanicville, New York 12118

Re:   Letter of Engagement- The Board of Trustees of the College of Saint Rose (the "Board")

Dear Mr. Stone:

We are pleased that The Board of Trustees of the College of Saint Rose ("you" or the "Board") has selected Nolan Heller Kauffman LLP to serve as your counsel in connection with matters pertaining to the matters described below. The purpose of this Letter of Engagement is to confirm the basic terms on which our Firm has undertaken the representation of you, from the date we actually began work on this matter for you, forward. This Letter of Engagement is furnished to you in accordance with Part 1215 of the Joint Rules of the Departments of the New York Appellate Division.

**Scope of Engagement.** As counsel, our engagement will be to provide legal services to you with respect to matters pertaining to the Board's role in the College of Saint Rose's evaluation of a filing by the College under Chapter 11 of the United States Bankruptcy Code (the "Code") and matters concerning or relevant to the Board in the event that the College files a petition under Chapter 11 of the Code. I will be our Firm's principal attorney in connection with the engagement.

**Fees, Expenses and Billing.**

Generally, our fees for professional services in connection with this engagement are based on the hours worked by the Firm's professionals and the hourly rates in effect at the time services are rendered. We propose to staff our engagement as follows:

- Senior Partners: $445.00
- Partners: $415.00
- Senior Associates and Of Counsel: $395.00
- Associates: $340.00

NH2024-2106082335-785784_0.2

July 15, 2024
Page 2

We request an initial retainer of $25,000.00 as a condition of our representation in this matter. We reserve the right to request the replenishment of the retainer during the course of our representation of the Board. Fees and expenses incurred in course of our representation of the Board will be billed against the retainer. In the event that there is a balance remaining of any retainer we are holding with respect to this matter at the conclusion of our representation of the Board, such balance will be returned to the College of Saint Rose or as otherwise directed by the Board.

In addition to our fees, there may be other charges for items incident to the performance our legal services, such as photocopying, couriers, travel expenses, local counsel, specialized computer applications such as computerized legal research, and filing fees. Our policy is to pass through these charges simply to recover our costs without any mark-up. For certain of these items, particularly those that involve significant technology and/or support services such as imaging and storing electronic data and documents and the use of specialized software for legal research and data processing, we are sometimes able to reduce costs by contracting with vendors to purchase a quantity of service over time that is beyond the needs of any single client. In those instances, we may bill you at a reduced per unit rate that does not fully reflect the quantity discounts we ultimately obtain. Unless special arrangements are made, the fees, expenses and charges of others (such as experts, investigators, local counsel and consultants) and other large disbursements will not be paid by us, but will be the sole responsibility of, and billed directly to, the Board.

The rates of our lawyers and legal assistants are reviewed and adjusted from time to time, usually at least once a year on a Firm-wide basis, to reflect current levels of legal experience, changes in overhead costs, and other factors. Further, although we may from time to time, at the Board's request, furnish estimates of legal fees and other charges that we anticipate will be incurred, these estimates are by their nature inexact and, therefore, the actual fees and charges ultimately payable may vary from such estimates.

If at any time we are asked to testify (by deposition or otherwise) or respond to a subpoena or other discovery request as a result of our representation of you, or if we must defend the confidentiality of your communications in any proceeding, you agree, subject to applicable law, to pay us for our time, calculated at the hourly rate at the time for the particular individuals involved, and for any associated charges, even if our representation of you has ended.

Statements reflecting services and/or expenses will be sent from time to time but no less frequently than every sixty (60) days. Our statements are payable in full within thirty (30) days of their date.

**Termination or Withdrawal**. Our representation may be terminated prior to the conclusion of the matter by you, or by us, subject to the rules of professional responsibility, upon written notice. We may withdraw from the representation if our fees and expenses are not paid on time. No such termination or withdrawal, however, will relieve you of the obligation to pay the legal fees and expenses owed to us for services performed and other charges owed to us through the date of termination.

**Client Documents**. We will maintain all documents furnished to us in our client files for the matter. At the conclusion of the matter (or earlier if appropriate) you should advise us (and we will contact you for this purpose) as to which, if any of the documents in our files you wish us to return. We may keep copies of these documents to the extent we believe advisable for our records. We will retain any remaining documents in our files for a certain period of time and then dispose of them according to our record retention program schedule then in effect.

**Arbitration**. We appreciate the opportunity to serve as your counsel on this matter and anticipate a productive and harmonious relationship. If, however, you become dissatisfied for any reason with our services or the fees charged, we request that concerns be brought to our attention immediately. On our side,

July 15, 2024
Page 3

if we perceive a problem with the representation, we will, without prejudice to or waiver of our right to move to withdraw, discuss it with you immediately. In our experience, most problems can and will be rectified through such communication.

Further, in the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided upon request.

This Letter of Engagement may be executed in one or more counterparts, each of which shall constitute an original and all of which taken together shall constitute one agreement. A facsimile or electronic transmission of a duly executed counterpart of this Letter of Engagement shall be as valid, in all respects, as an original.

Kindly sign and return the enclosed copy of this Letter of Engagement indicating your agreement with the within provisions. If you have any questions, please do not hesitate to contact me.

We look forward to working with you and appreciate the opportunity to provide legal services to you.

Very truly yours,

NOLAN HELLER KAUFFMAN LLP

_____
Francis J. Brennan

ACCEPTED AND AGREED TO
this 25th day of July, 2024:

THE BOARD OF TRUSTEES OF
THE COLLEGE OF SAINT ROSE

By: _____
Name: Jeffrey D. Stone
Title: Chair of the Board

# Exhibit B

## Proposed Order

**Exhibit B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                              :

In re:                                                      :    Chapter 11

THE COLLEGE OF SAINT ROSE,             :    Case No. 24-11131 (REL)

                 Debtor.                         :

------------------------------------------------------------------ x

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
NOLAN HELLER KAUFMAN LLP AS SPECIAL
COUNSEL TO THE BOARD OF TRUSTEES OF THE DEBTOR**

Upon the application (the "**Application**") of The College of Saint Rose, debtor and debtor-in-possession herein (the "**Debtor**"), for the entry of an order pursuant to sections 327(e) and 1107(b) of the Bankruptcy Code authorizing the Debtor to retain the firm of Nolan Heller Kaufman LLP ("**Nolan**") as special counsel to the Board of Trustees of the Debtor effective as of the Petition Date; and the Court having reviewed the Application and the Brennan Declaration (as defined in the Application); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this

22484.3 21143010v1

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and the Court having found based on the representations made in the Application and in the Brennan Declaration that Nolan does not hold or represent an interest adverse to the Debtor or its estate on the matters for which it is to be retained; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Application under the circumstances; and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ordered that:

1. The Application is granted to the extent provided herein.

2. Pursuant to sections 327(e) and 1107(b) of the Bankruptcy Code, the Debtor hereby is authorized to retain and employ Nolan as special counsel in this case as of the Petition Date, and Nolan is authorized to perform the services set forth in the Application.

3. Nolan shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and reasonable and necessary expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of the Northern District of New York, and such other procedures as may be fixed by Order of this Court. All fee applications shall comply with the applicable guidelines established by the Office of the United States Trustee (the "**U.S. Trustee**").

22484.3 21143010v1

4. Prior to any increases in Nolan's rates, Nolan shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the U.S. Trustee and any official committee appointed in this case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increases. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Nolan shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Nolan.

6. Nolan shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

7. In the event of an inconsistency between the Application, the Brennan Declaration and the Order, this Order shall govern.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

No Objection:

s/ _____
Office of the United States Trustee