So Ordered.

Signed this 16 day of October, 2024.



_____

Robert E. Littlefield, Jr.
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE COLLEGE OF SAINT ROSE,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-11131 (REL) |

**INTERIM ORDER (I) AUTHORIZING USE OF PRE-PETITION BOND COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of above-captioned debtor and debtor-in-possession (the "Debtor") entry of this interim order (this "Interim Order") authorizing the use of pre-petition collateral associated with the Bonds described more fully below, granting adequate protection and granting related relief, and this Court having considered the relief requested in the Motion, it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtor and its estate, and is essential for the administration of this Chapter 11 Case and good and sufficient cause appearing therefor,

---

[1] The last four digits of the Debtor's federal tax identification number is 8371.

[2] Capitalized terms used but not defined in this Interim Order are given the meanings ascribed to such terms in the Motion.

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[3]

A. *Petition Date; Debtor in Possession; Jurisdiction.* The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court on October 10, 2024 (the "Petition Date"). The Debtor has continued in the management and operation of its business and properties as a debtor in possession. This Court has core jurisdiction over these proceedings.

B. *Notice*. Adequate and sufficient notice of the Motion has been provided, and no other or further notice of the Motion or the entry of this Order shall be required.

C. *Necessity of Relief Requested.* The Debtor has a critical need to use pre-petition collateral associated with the Bonds ("Pre-Petition Bond Collateral") to continue an orderly wind down of the operations of its not-for-profit business and to fund expenses of this Chapter 11 Case. In the absence of the use of Pre-Petition Bond Collateral, immediate and irreparable harm to the Debtor, its estate and its creditors would occur. The Debtor and the Bond Trustee have negotiated at arm's-length and in good faith regarding the Debtor's consensual use of Pre-Petition Bond Collateral. Entry of this Interim Order is in the best interests of the Debtor, its estate and its creditors.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D. *Adequate Protection*. The Bond Trustee is entitled to adequate protection for its interests in the Pre-Petition Bond Collateral from and after the Petition Date including against diminution in the value of the Pre-Petition Bond Collateral ("Diminution in Value"), resulting from the use, sale, lease, consumption or disposition of the Pre-Petition Bond Collateral, the Carve Out (as defined herein), and the imposition of the Automatic Stay. The adequate protection provided in this Interim Order and the other benefits and privileges provided herein are consistent with the Bankruptcy Code and are necessary to protect the Bond Trustee's interests in the value of the Pre-Petition Bond Collateral from and after the Petition Date.

E. *Final Hearing*. The Debtor will seek final approval of the relief requested in the Motion pursuant to a proposed Final Order as contemplated by this Interim Order.

F. *Debtor's Stipulations*. The Debtor has stipulated, acknowledged and agreed that:

(i) The Debtor is indebted to the indenture trustee (the "Bond Trustee") for those certain City of Albany Capital Resource Corporation Tax-Exempt Revenue Refunding Bonds (The College of Saint Rose Project), Series 2021 (the "Bonds"). The Bonds were issued in the original principal amount of $48,150,000. The dollar amount of the indebtedness on the Bonds as of the Petition Date will be reconciled by the Debtor and the Bond Trustee.

(ii) The Bonds are secured by duly perfected liens and security interests in gross revenues, selected campus facilities, tangible personal property located in, on, or around the mortgaged real property, and certain other personal property (collectively, the "Pre-Petition Bond Collateral") as described and defined in the documents that evidence and otherwise secure the Bonds (each a "Bond Document"). The Debtor has reserved rights as to the extent to which funds held by the Debtor as of the Petition Date are Pre-Petition Bond Collateral but does not otherwise dispute the existence of the Pre-Petition Bond Collateral.

3

(iii)    The Debtor's obligations under the Bond Documents constitute legal, valid, binding, enforceable and non-avoidable obligations of the Debtor.

(iv)    Events of default have occurred under the Bond Documents. The Bond Trustee has demanded adequate protection for its Pre-Petition Bond Collateral.

Based upon the foregoing, the Motion, and the record before the Court with respect to the Motion, and after due consideration and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    *Motion Granted*.  The relief sought in the Motion is granted on an interim basis. Subject to and solely in accordance with the terms and conditions of this Interim Order, the Debtor is hereby authorized to use Pre-Petition Bond Collateral for an interim term.

2.    *Adequate Protection*.  The following Adequate Protection is granted to the Bond Trustee on account of the Pre-Petition Bond Collateral:

(a)    *Adequate Protection Liens*.  To the extent of any Diminution in Value of the Pre-Petition Bond Collateral from and after the Petition Date (a "Diminution Claim"), the Debtor is authorized to grant, and by entry of this Interim Order is deemed to have granted to the Bond Trustee (without the necessity of physical possession or the execution, recordation or filing of mortgages, security agreements, pledge agreements, financing statements or other agreements) replacement continuing, valid, binding, enforceable, non-avoidable and automatically perfected post-petition security interests in and liens on any and all Pre-Petition Bond Collateral (such security interests and liens, collectively, the "Adequate Protection Liens," and the assets subject to such Adequate Protection Liens, the "Adequate Protection Collateral"); provided, however, the Adequate Protection Collateral shall expressly exclude avoidance actions of the Debtor's estate arising under chapter 5 of the Bankruptcy Code or any proceeds thereof (collectively, "Avoidance Actions").  The Adequate Protection Liens shall be subject and subordinate only to the Carve Out, the DIP Liens and any properly perfected other liens existing as of the Petition Date.

4

(b) *Superpriority Claim*. As further adequate protection of the interests of the Bond Trustee in the Pre-Petition Bond Collateral against any Diminution in Value of such from and after the Petition Date, the Bond Trustee is hereby granted, to the extent of any Diminution Claim not satisfied from Adequate Protection Collateral, an allowed superpriority administrative expense claim in the Chapter 11 Case (and any successor case) against the Debtor and its estate pursuant to section 503(b) and 507(b) of the Bankruptcy Code (the "Superpriority Claim"). The Superpriority Claim shall be an allowed claim against the Debtor junior to the Carve Out and DIP Superpriority Claim but with priority over any and all other administrative expenses and all other claims against the Debtor, now existing hereafter arising, of any kind whatsoever, including without limitation all other administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other nonconsensual lien, levy or attachment. The Superpriority Claim shall be payable from and have recourse to all assets of the Debtor and its estate, including, with limitation, and all unencumbered pre- and post-petition property and assets of the Debtor and Avoidance Actions; provided that the Bond Trustee shall seek to satisfy all of Debtor's obligations to the Bond Trustee from all other assets prior to seeking payment from and recourse against the Avoidance Actions; provided further, the Superpriority Claim shall be subject and subordinate to the Carve Out, the DIP Liens, any other properly perfected and other liens existing as of the Petition Date, and any superpriority administrative claim provided to the DIP Lender in the chapter 11 case. Other than the Carve Out and DIP Superpriority Claims, no cost or expense of administration under sections 105, 503 or 507 of the Bankruptcy Code shall be senior to, or pari passu with, the Superpriority Claim.

5

(c) *Limitations on Use of Estate Funds.*  Except as provided in this Interim Order, funds of the Debtor and the estate, whether in the form of Pre-Petition Bond Collateral, the Carve Out, any DIP Facility or otherwise, may not be used to finance in any way any, action, suit, arbitration, proceeding, application, motion or other litigation of any type objecting to, challenging or contesting in any manner, invalidating, setting aside, avoiding, subordinating or raising any defenses to, in whole or in part, the validity, priority, enforceability or perfection of the Bonds or the Pre-Petition Bond Liens, or any other rights or interests of the Bond Trustee, including with respect to the Adequate Protection Liens, and including any objection or challenge to the Debtor's Stipulations.  Notwithstanding the foregoing, up to $25,000 may be made available to any Committee (if appointed) to investigate the Bonds, the Pre-Petition Bond Liens and/or any potential Challenge, and nothing in this paragraph shall impair the Debtor's ability to assert that the funds in its accounts does not constitute the Bondholders' Cash Collateral.

(d) *Budget; Reporting.*  The Debtor shall substantially comply with the initial budget attached hereto as **Exhibit A** (the "Initial Budget").  The Debtor shall provide the Bond Trustee timely copies of all reporting required under the DIP Facility.  The Debtor shall provide the Bond Trustee such other information as the Bond Trustee reasonably requests.

(e) *Challenge Procedures.*  Subject to the challenge rights described in this Interim Order, the Debtor's stipulations in this Interim Order shall be binding upon the Debtor and its estate and any representatives, successors and assigns thereto (including, without limitation, any chapter 7 or chapter 11 trustee in the Chapter 11 Case or any successor case).  Nothing in this Interim Order prejudices the right of any Committee or other party in interest, in each case, if and to the extent granted standing by the Court, to seek to avoid, object to or otherwise challenge (each, a "Challenge") the findings or Debtor's stipulations or to challenge, initiate any

6

proceeding or assert any claim or cause of action with respect to (i) the validity, enforceability, extent, priority or perfection of the Bond Documents or the Pre-Petition Bond Liens; or (ii) the validity, allowability, priority, secured status or amount of the Bond Obligations, no later than the date that is the earlier of (60) days after the entry of the Final Order or (90) days after the Petition Date (such time period, the "Challenge Period"). If no Challenge is timely brought within the Challenge Period, then: (i) any Challenge by any party in interest shall be deemed to be forever released, waived and barred; (ii) the obligations on account of the Bonds shall be deemed to be fully allowed and secured (to the extent of the value of Pre-Petition Bond Collateral) within the meaning of section 506 of the Bankruptcy Code; and (iii) the Debtor's stipulations shall be binding on all parties in interest, including any trustee subsequently appointed in the Chapter 11 Case (or any successor case). Nothing in this Interim Order vests or confers on any person or entity, including any Committee, standing or authority to bring, pursue or settle any claim or cause of action belonging to the Debtor or its estate with respect to the Bond Documents, the Bonds or the Pre-Petition Bond Liens.

3. <u>Expiration of this Interim Order</u>. The authority to use Pre-Petition Bond Collateral under this Order shall terminate upon occurrence and continuation of any of the following events, unless waived in writing by the Bond Trustee: (a) this Interim Order is reversed, vacated or stayed; (b) the appointment of a chapter 11 trustee in the Chapter 11 Case; or (c) a Final Order is not entered on or before November 15, 2024. Upon termination of this Order, the Debtor shall no longer have the right to use the Pre-Petition Bond Collateral or the Adequate Protection Collateral absent further order of the Court.

4. <u>Carve-Out</u>. The relief specified in this Interim Order is conditioned upon the Bond Trustee's agreement to the Carve Out. As used in this Interim Order, "<u>Carve Out</u>" means the sum of: (i) all fees required to be paid to the Clerk of the Court and to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate, if any, pursuant to 31 U.S.C. § 3717; (ii) all reasonable fees and expenses up to $25,000 incurred by a trustee under section 726(b) of the Bankruptcy Code; (iii) subject, in each case, to application of any retainers that may be held, the aggregate fees and expenses as provided for in any Approved Budget less any fees and expenses already paid, and to the extent allowed at any time, whether by interim order, procedural order, final order or otherwise (the "<u>Allowed Professional Fees</u>") incurred by persons or firms retained by the Debtor pursuant to section 327, 328 or 363 of the Bankruptcy Code and the fees of any Committee pursuant to sections 328 or 1103 of the Bankruptcy Code (collectively, the "<u>Professional Persons</u>"), at any time on or prior to the first business day following delivery by the Bond Trustee of a Termination Declaration, whether allowed prior to or after delivery of a Termination Declaration by interim order, procedural order, final order or otherwise, and (iv) Allowed Professional Fees of Professional Persons in an aggregate amount not to exceed $100,000 incurred after the first business day following delivery by the Bond Trustee of the Termination Declaration, to the extent allowed at any time, whether by interim order, procedural order, final order or otherwise. For the avoidance of doubt, the Bond Trustee shall not be responsible for the payment or reimbursement of any of the Professional Persons incurred in connection with the Chapter 11 Case (or any successor case). Nothing contained in this Interim Order shall be construed (i) to obligate the Bond Trustee in any way to pay compensation to or reimburse expenses of any Professionals Persons or any member of any Committee, or to guarantee that the Debtor has sufficient funds to pay such compensation or reimbursement; (ii) to increase the Carve Out if Allowed Professional Fees are higher in fact than

8

the estimated fees and disbursements reflected in the Budget; or (iii) as a consent to the allowance of any professional fees or expenses of any Professional Person (or to affect the right of the Bond Trustee to object to the allowance and payment of any such fees and expenses).

5. <u>Bond Trustee's Reservation of Rights</u>. Nothing herein shall prejudice or constitute a waiver of the right of the Bond Trustee to seek any other relief in these proceedings including, without limitation, the right to request modification of the Automatic Stay, modification or termination of this Interim Order if the Debtor fails to comply with the material terms hereof, dismissal of the Chapter 11 Case, conversion of the Chapter 11 Case to a case under chapter 7, appointment of a chapter 11 trustee or an examiner with expanded powers or further adequate protection. Nothing contained herein shall be deemed a finding by the Court or an acknowledgment by the Bond Trustee that the adequate protection granted herein does in fact adequately protect the Bond Trustee.

6. <u>Good Faith</u>. The Bond Trustee and its professionals have acted in good faith in respect of all actions taken in connection with or related in any way to negotiating, implementing, documenting or obtaining requisite approvals of the use of Pre-Petition Bond Collateral.

7. <u>Effect of this Interim Order; Retention of Jurisdiction</u>. This Interim Order shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof. This Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

9

8. <u>Notice of Final Hearing</u>. A hearing shall be held to consider the relief granted herein on a final basis on November 5, 2024 at 10:00 a.m. before the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge, in Courtroom 306 of the United States Bankruptcy Court for the Northern District of New York, 445 Broadway, Suite 330, Albany, New York, 12207 (the "<u>Final Hearing</u>"). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern time, on November 1, 2024, and shall be served on: (i) proposed counsel for the Debtor; (ii) the Debtor's twenty (20) largest unsecured creditors; (iii) counsel for the Pre-Petition Bondholders; (iv) counsel for any official committee appointed pursuant to the Bankruptcy Rules or the Bankruptcy Code; (v) the Office of the United States Trustee for the Northern District of New York (the "<u>U.S. Trustee</u>"); (vi) counsel to the proposed DIP Lender; and (vii) all other persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002.

# # #