**Hearing Date: November 13, 2024**
**Hearing Time: 10:30 a.m.**
**Location: Albany, New York or**
**Via the Court's Teleconference**
**Line – DIAL IN # 518-217-2288**
**Conference ID: 939500229#**
**Objection Deadline: November 6, 2024**
**at 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:                                                  :   Chapter 11
                                                        :
THE COLLEGE OF SAINT ROSE,                              :   Case No. 24-11131 (REL)
                                                        :
              Debtor.                                   :
                                                        :
                                                        :
-------------------------------------------------------------- x

### NOTICE OF HEARING ON MOTION
### FOR ENTRY OF ORDER (I) ESTABLISHING PROCEDURES FOR
### INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
### RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE**, that on the 13th day of November, 2024 at 10:30 a.m., or as soon

thereafter as counsel may be heard, a hearing will be held at the United States Bankruptcy Court,

James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York. Appearances may be made in-

person at the courthouse **OR** by telephone via call-in number: 518-217-2288; and Conference ID

939500229#, on the for entry of an order (i) establishing procedures for monthly compensation and

reimbursement of expenses of professionals retained by order of this Court and (ii) granting related

relief (the "Motion").

   **PLEASE TAKE FURTHER NOTICE**, that responses in opposition to the relief requested

in the Motion, if any, must be in writing and filed with the United States Bankruptcy Court Clerk's

Office in Albany, New York, and served upon (i) counsel for the Debtor, Cullen and Dykman LLP, 80 State Street, Suite 900, Albany, New York 12207, <u>Attn</u>: Bonnie. L Pollack, Esq., bpollack@cullenllp.com; and (iii) the Office of the United States Trustee, Leo O'Brien Federal Building, 11A Clinton Avenue, Room 620, Albany, New York 12207, <u>Attn</u>: Harrison Strauss, Esq., Harrison.Strauss@usdoj.gov, so as to be received by all at least seven (7) days prior to the return date on the Motion in accordance with Local Bankruptcy Rule 9013-1(g).

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned by announcement in open court and without further written notice.

Dated: Albany, New York
October 18, 2024

CULLEN AND DYKMAN LLP

By: */s/Elizabeth Usinger*
Elizabeth Usinger, Esq.
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
80 State Street, Suite 900
Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com

*Proposed Counsel for The College of Saint Rose*

CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
THE COLLEGE OF SAINT ROSE,                    :    Case No. 24-11131  (REL)
                                              :
                  Debtor.                     ::
------------------------------------------------------------x

## MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed attorneys, Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2016(a), 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of New York (the "Local Rules") for entry of an order (i) establishing procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court and (ii) granting related relief. In support of the Motion, the Debtor respectfully represents as follows:

**INTRODUCTION**

1.      On October 10, 2024 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor remains in possession of its property and continue in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Northern District of New York in this chapter 11 case.

4.      Simultaneously with the filing of its petition, the Debtor filed the Declaration of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "<u>First Day Declaration</u>")

**BACKGROUND**

5.      The College was established by provisional charter granted by the New York State Board of Regents on June 24, 1920 to issue bachelor's degrees, which charter was made absolute on March 19, 1931 and was amended in 1949 to authorize the offering of master's degrees. It was again amended in 2019 to authorize the offering of an associate's degree as part of its jointly registered BSN program with St. Peter's Health Partners Schools of Nursing. The College is located in Albany, New York and operates out of 72 buildings on 92 parcels of real estate (the "<u>Real Property</u>").

6.      For more than 10 years, as the College's structural deficit grew- caused by unachieved enrollment goals, a rising tuition discount rate, the financing structure of the College's bond debt, and a relatively low unrestricted endowment - the Board of Trustees (the "<u>Board</u>") and College leadership have been working to achieve financial sustainability. The College experienced a steady enrollment decline for more than a decade from 5,130

total enrollment in 2010 to a total of 2,566 in Fall 2023 due in part to a shrinking pool of high school graduates in New York and the northeast region overall and, in recent years, the prolonged negative impact of the COVID-19 pandemic.

7.      The College implemented several deficit reduction and strategic plans since 2015, but ultimately the Board determined, based on the College's financial and enrollment projections, that it was in the best interests of the students and the College to cease academic instruction no later than June 30, 2024, and thereafter wind-down the operations and settle the affairs of the College. On November 30, 2023, the Board directed the implementation of a closure plan, which included the authorization to the College's leadership to develop a Teach-Out Plan that would provide all students with seamless pathways to complete their academic programs at Saint Rose or other institutions. Thus far, 720 students have taken advantage of the Teach-Out Plan by enrolling with teach-out partner institutions to continue their education. In addition, the College offered a summer session through June 21, 2024 that enabled another 460 students to graduate from the College.

8.      The filing of the College's chapter 11 case is a key part of the closure plan, and the College intends to provide for an orderly liquidation of its assets, including a sale of the Real Property, for the benefit of creditors while implementing the academic components of the Closure Plan. Thus, on the Petition Date, the College filed for chapter 11 protection.

9.      A full background of the events leading up to the filing of this case is set forth in the First Day Declaration of Marcia J. White filed on the Petition Date, and is incorporated herein by reference.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

11.    The statutory predicates for the relief sought herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2016(a), 6003(b), and 6004(h), and Local Rule 2016-1.

## RELIEF REQUESTED

12.    By this Motion, pursuant to Bankruptcy Code sections 105(a), 330, and 331, Bankruptcy Rules 2016(a), 6003(b), and 6004(h), and Local Rule 2016-1, the Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing a process for the monthly allowance and payment of compensation and reimbursement of expenses for professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

### I.    Retention of Professionals

13.    The Debtor has filed, or will file, applications to retain the following professionals: (a) Cullen and Dykman LLP as lead chapter 11 counsel; (b) FTI Consultants as financial advisor; and (c) Nolan Heller Kauffman LLP as special counsel to the Board of Trustees. The Debtor anticipates that they also may retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of this chapter 11 case as the need arises. Moreover, a Committee, if one is appointed by the Office of the United States Trustee, will

likely retain counsel and may retain a financial advisor or other professionals to represent them in connection with this chapter 11 case (collectively, the "Retained Professionals").

14.      The Debtor also intends to file a separate motion pursuant to which it will propose procedures for the compensation of various ordinary course business professionals whom the Debtor currently employs or may employ in the ordinary course of business (the "Ordinary Course Professionals"). As set forth in that motion, Ordinary Course Professionals will not be subject to the procedures set forth in this Motion.

**II.  Proposed Compensation and Reimbursement Procedures**

15.      Given the size and complexity of this chapter 11 case, the Debtor anticipates that it will require assistance from a number of professionals to effectively manage these proceedings.  Establishing orderly procedures to pay professionals whose retentions are approved by this Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, will streamline the administration of this chapter 11 case while promoting efficiency for the Court, the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), and all other parties in interest.  In particular, this process will allow for the effective review of the Retained Professionals' fees and expenses and will save the Debtor from incurring unnecessary copying and mailing expenses.

16.      Under section 331 of the Bankruptcy Code, the Retained Professionals are entitled to submit applications for interim payment of compensation and reimbursement of expenses every one hundred twenty (120) days or more frequently if the Court permits.  *See* 11 U.S.C. § 331. Additionally, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order

"necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17.    By this Motion, the Debtor proposes the following procedures for interim compensation (the "Compensation Procedures"),[1] which substantially comply with the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the, "Fee Guidelines"):

    a.  On or before the twentieth (20th) day of each month, or the next business day if such day is not a business day, following the month for which compensation is sought, each Retained Professional seeking compensation under this Order shall serve a monthly statement (a "Monthly Fee Statement"), by email or overnight delivery, on (i) The College of Saint Rose, 432 Western Avenue, Albany, New York 12203, Attn: Debbie Polley; (ii) proposed counsel to the Debtor, Cullen and Dykman LLP, 80 State Street, Suite 900, Albany, New York 12207 (Attn.: Matthew G. Roseman, Esq. and Bonnie L. Pollack, Esq.) and via email mroseman@cullenllp.com and bpollack@cullenllp.com; (iii) Office of The United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Lisa Penpraze; (iv) proposed counsel to the Committee, [_____]; Attn: [_____]; (v) counsel to the proposed DIP Lender; Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, GA 30309-4528, Attn: Paul Rosenblatt, Esq., and via email to prosenblatt@kilpatricktownsend.com; (vi) counsel to the trustee for the Pre-Petition Bondholders, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center  Boston, MA 02111, Attn: Ian A. Hammel, Esq. and via email to IAHammel@mintz.com; and (vii) any other party the Court may designate (collectively, the "Notice Parties"). Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a subsequent month or months.

    b.  On or before the twentieth (20th) day of each month beginning with November, 2024, or the next business day if such day is not a business day, following the month for which compensation is sought, each Retained Professional shall also file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers; provided that filing a Monthly Fee Statement with the Bankruptcy Court does not alter the requirements outlined in sections 330 and 331 of the Bankruptcy Code.  Retained Professionals are still

---

[1] To the extent that there are any discrepancies between this Motion and the Compensation Procedures set forth in the Proposed Order, the Proposed Order shall control in all respects.

required to serve and file interim, and final, applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c.  Except as otherwise permitted by an order of the court authorizing the retention of a Professional, each Monthly Fee Statement must contain a list of the individuals – and their respective titles (*e.g.*, attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred,[2] and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d.  If any Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such Notice Party shall, by no later than fifteen (15) days after receipt of such Monthly Fee Statement, or the next business day if such day is not a business day (the "Objection Deadline"), serve notice of such objection upon the Retained Professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue (an "Objection").

e.  At the expiration of the Objection Deadline, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d).

f.  If an Objection to a particular Monthly Fee Statement is served, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.  If an Objection is resolved by the parties, the Retained Professional whose Monthly Fee Statement was the subject of the Objection shall file a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution. Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an Objection.

h.  All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph j below).

---

[2] No professional shall seek reimbursement of an expense which would otherwise not be allowed pursuant to any administrative order of this Court or the Fee Guidelines.

i.   The service of an Objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.   Furthermore, the decision of any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.   Unless a chapter 11 plan shall have been confirmed, commencing with the period ending January 31, 2025, and at no less than four-month intervals thereafter (the "Interim Fee Period"), each of the Retained Professionals shall file with the Court an application (an "Interim Fee Application") for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period, or the next business day if such day is not a business day.

k.   Only the Court has authority to determine whether to award compensation and reimbursement pursuant to any Application, however all such Applications should be prepared in substantial conformity with, and may be reviewed by the United States pursuant to, the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* dated May 17, 1996 (28 C.F.R. Part 58, Appendix A), as published in 61 Fed. Reg 24889. The Interim Fee Application must be accompanied by a cover sheet substantially in the form of Exhibit "B" attached hereto and include a brief description identifying:

(1)   the Monthly Fee Statements that are the subject of the request;

(2)   the amount of fees and expenses requested;

(3)   the amount of fees and expenses paid to date or subject to an Objection; and

(4)   any other information requested by the Court or required by the Local Rules.

l.   Unless a chapter 11 plan shall have been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"). At least twenty-one (21) days prior to the Interim Fee Hearing, the Debtor's attorneys shall file a notice with the Court, with service

upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.

m. Any Retained Professional who fails to file an Interim Fee Application seeking approval of compensation and expenses previously paid under this Motion when required: (1) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later. Additionally, the Debtor's attorneys may file Interim Fee Applications on behalf of Retained Professionals seeking compensation.

n. The pendency of an Interim Fee Application or a Monthly Fee Statement or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

o. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

18.    The Debtor requests that the Court limit service of Interim Fee Applications and final fee applications to the Notice Parties. The Debtor further requests that all other parties that file a notice of appearance with the clerk of the Court, and request notice of the pleadings in this chapter 11 case, be entitled to receive only notice of Interim Fee Hearings and final fee hearings, with a right to receive copies of the respective Interim Fee Applications and final fee applications upon request.

## BASIS FOR RELIEF REQUESTED

19.    Section 331 of the Bankruptcy Code entitles all Retained Professionals to submit applications for interim compensation and reimbursement of expenses every one hundred twenty (120) days, or more often if the Court permits. 11 U.S.C. § 331. The Court may also rely on its general equitable powers to grant the relief requested in this Motion. Section 105(a) of the

Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

20.    Factors that courts generally consider when determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the Debtor in providing services necessary to achieve a successful reorganization of the Debtor . . ." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). *See also, In re Car Hauler Specialist, Inc.*, 128 B.R. 325, 327 (Bankr. N.D.N.Y. 1990). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund the Debtor' reorganization proceedings. *In re Int'l Horizons,* 10 B.R. at 897.

21.    The proposed procedures herein are similar to those approved in this district in the Chapter 11 cases of *The Roman Catholic Diocese of Albany, New York*, Case No. 23-10244 (REL) (Bankr. N.D.N.Y. June 29, 2023) [Docket No. 295], *The Roman Catholic Diocese of Syracuse, New York*, Case No. 20-30663 (MCR) (Bankr. N.D.N.Y. June 19, 2020) [Docket No. 117], *Good Samaritan Lutheran Health Care Center, Inc. d/b/a Bethlehem Commons Care Center, et al.,* Case No. 19-12215 (REL) (Bankr. N.D.N.Y. Mar. 19, 2020) [Docket No. 152], *Herb Philipson 's Army and Navy Stores Inc.,* Case No. 18-61376 (DD) (Bankr. N.D.N.Y. Nov. 20, 2018) [Docket No. 188] and *Auburn Memorial Hospital, et al.,* Case No. 07-31126 (MCR) (Bankr. N.D.N.Y. May 31, 2007) [Docket No. 137], as well as the procedures approved in the Chapter 11 cases of The Diocese of Rochester, Case No. 19-20905 (PGW) (Bankr. W.D.N.Y.) [Docket No. 318] and The Diocese of Buffalo, N.Y. (Case No. 20-10322 (CWB) Bankr. W.D.N.Y. February 23, 2020) [Docket No. 362].

22.    In connection with the administration of the Debtor's chapter 11 case, it is necessary and appropriate to establish a procedure for paying interim compensation on a monthly basis to all Retained Professionals. The size of this case and the amount of time and effort that will be required for the Retained Professionals to preserve the value of and successfully winddown the Debtor's business justifies the Compensation Procedures. Furthermore, these Compensation Procedures are necessary to fairly and timely compensate the various Retained Professionals who have devoted, and will be required to devote, significant time, effort, and resources to the Debtor's case. The absence of a procedure for awarding interim compensation may impose undue financial burdens on the Retained Professionals, unfairly compel them to finance this chapter 11 case, and discourage other Retained Professionals whose services the Debtor might require, from accepting or continuing employment in this case.

23.    Finally, the Debtor believes that implementing the proposed Compensation Procedures will aid in the efficient administration of this chapter 11 case and will further enable other Notice Parties to closely monitor case administration costs and implement efficient case management procedures. Accordingly, the Compensation Procedures are in the best interests of the Debtor, the estate, and all other parties in interest in this chapter 11 case, and therefore should be approved.

## **NOTICE**

24.    Notice of this Motion has been given to (a) the U.S. Trustee for the Northern District of New York; (b) counsel to the trustee for the Pre-Petition Bondholders; (c) counsel to the proposed DIP Lender; (d) the Debtor's twenty (20) largest unsecured creditors; and (e) all other persons that have formally appeared and requested notice or copies of pleadings filed in

this case under Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

25.      No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of the annexed Proposed Order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: Albany, New York
       October 18, 2024

                  CULLEN AND DYKMAN LLP


                  By: /s/     *Elizabeth Usinger*
                  Matthew G. Roseman, Esq.
                  Bonnie L. Pollack, Esq.
                  Elizabeth Usinger, Esq.
                  80 State Street, Suite 900
                  Albany, New York 12207
                  (516) 357-3700
                  mroseman@cullenllp.com
                  bpollack@cullenllp.com
                  *Proposed Counsel for The College of Saint Rose*

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
THE COLLEGE OF SAINT ROSE,                                   :   Case No. 24-11131 (REL)
                                                             :
                      Debtor.                                :
                                                             :
-------------------------------------------------------------x

### ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] filed by The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor"), for an entry of an order, pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2016(a), 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), establishing procedures for monthly

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

compensation and reimbursement of expenses of professionals retained by order of this Court, as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.    The Motion is hereby GRANTED to the extent provided herein.

2.    Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all professionals in this chapter 11 case may seek monthly compensation in accordance with the following Compensation Procedures:

    a.  On or before the twentieth (20th) day of each month, or the next business day if such day is not a business day, following the month for which compensation is sought, each Retained Professional seeking compensation under this Order shall serve a monthly statement (a "Monthly Fee Statement"), by hand or overnight delivery, on (i) The College of Saint Rose, 432 Western Avenue, Albany, New York 12203, Attn: Debbie Polley; (ii) proposed counsel to the Debtor, Cullen and Dykman LLP, 80 State Street, Suite 900, Albany, New York 12207 (Attn.: Matthew G. Roseman, Esq. and Bonnie L. Pollack, Esq.) and via email to mroseman@cullenllp.com and bpollack@cullenllp.com; (iii) Office of The United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Lisa Penpraze; (iv) proposed counsel to the Committee, [_____]; Attn: [_____]; (v) counsel to the proposed DIP Lender; (vi) counsel to the trustee for the Pre-Petition Bondholders; and (vii) any other party the Court may designate (collectively,

2

the "Notice Parties"). Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a subsequent month or months.

b. On or before the twentieth (20th) day of each month beginning with November 1, 2024, or the next business day if such day is not a business day, following the month for which compensation is sought, each Retained Professional shall also file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers; provided that filing a Monthly Fee Statement with the Bankruptcy Court does not alter the requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim, and final, applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c. Except as otherwise permitted by an order of the court authorizing the retention of a Professional, each Monthly Fee Statement must contain a list of the individuals – and their respective titles (*e.g.*, attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred,[2] and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d. If any Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such Notice Party shall, by no later than fifteen (15) days after receipt of such Monthly Fee Statement, or the next business day if such day is not a business day (the "Objection Deadline"), serve notice of such objection upon the Retained Professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue (an "Objection").

e. At the expiration of the Objection Deadline, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d).

f. If an Objection to a particular Monthly Fee Statement is served, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which

---

[2] No professional shall seek reimbursement of an expense which would otherwise not be allowed pursuant to any administrative order of this Court or the Fee Guidelines.

the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.  If an Objection is resolved by the parties, the Retained Professional whose Monthly Fee Statement was the subject of the Objection shall file a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution.  Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an Objection.

h.  All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph j below).

i.  The service of an Objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision of any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.  Unless a chapter 11 plan shall have been confirmed, commencing with the period ending February 28, 2025, and at no less than four-month intervals thereafter (the "Interim Fee Period"), each of the Retained Professionals shall file with the Court an application (an "Interim Fee Application") for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period, or the next business day if such day is not a business day.

k.  Only the Court has authority to determine whether to award compensation and reimbursement pursuant to any Application, however all such Applications should be prepared in substantial conformity with, and may be reviewed by the United States pursuant to, the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* dated May 17, 1996 (28 C.F.R. Part 58, Appendix A), as published in 61 Fed. Reg 24889. The Interim Fee Application must be accompanied by a cover sheet substantially in the form of Exhibit B to the Motion and include a brief description identifying:

(1)    the Monthly Fee Statements that are the subject of the request;

4

(2)     the amount of fees and expenses requested;

(3)     the amount of fees and expenses paid to date or subject to an Objection; and

(4)     any other information requested by the Court or required by the Local Rules.

l.   Unless a chapter 11 plan shall have been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"). At least twenty-one (21) days prior to the Interim Fee Hearing, the Debtor's attorneys shall file notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.

m.  Any Retained Professional who fails to file an Interim Fee Application seeking approval of compensation and expenses previously paid under this Order when required: (1) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.  Additionally, the Debtor's attorneys may file Interim Fee Applications on behalf of Retained Professionals seeking compensation.

n.   The pendency of an Interim Fee Application or a Monthly Fee Statement or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

o.   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

3.      All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to full disgorgement until final allowance of this Court.

4.      Each Retained Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and

reimbursement for expenses incurred during the period beginning on the Petition Date and ending on January 31, 2025.

5.    The amount of fees and disbursements sought shall be set out in U.S. dollars, and if disbursements are to be paid in a foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

6.    The Debtor shall include all payments to Retained Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Retained Professionals.

7.    Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this chapter 11 case.

8.    Retained Professionals must serve Interim Fee Applications and final fee applications upon the Notice Parties.  All other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of such pleadings in this chapter 11 case shall be entitled to receive only notice of Interim Fee Hearings and final fee hearings, with a right to receive copies of the respective Interim Fee Applications and final fee applications upon request.

9.    Any and all payments authorized to be made pursuant to this Order shall be subject to and made only to the extent authorized under any interim or final orders governing the Debtor's use of cash collateral and terms of Debtor-in-Possession financing, including any Budget in connection therewith.

10.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     In the event that an ordinary course professional is required to file a fee application, then the Debtor' attorneys shall obtain a date from this Court for the hearing of such fee application, which shall be scheduled no earlier than twenty-one (21) days after the fee application is served on the Notice Parties.

12.     Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13.     The Debtor is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

## **Exhibit B**

**Form of Cover Sheet for Interim Fee Application**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
THE COLLEGE OF SAINT ROSE,                :    Case No. 24-11131  (REL)
                                          :
            Debtor.                       :
                                          :
----------------------------------------------------------------x

## NOTICE OF INTERIM FEE APPLICATION

Name of Applicant:                        _____

Authorized to Provide
Professional Services to:                 _____

Date of Retention:                        _____

Period for which compensation and
reimbursement is sought:                  _____

Amount of Compensation sought as
actual, reasonable and necessary:         $_____

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:      $_____

This is (a)n: _____interim    ____final application

Summary of Monthly Fee Statements for Compensation Period:

|           |                | Requested |          | Approved |          |
|-----------|----------------|-----------|----------|----------|----------|
| Date File | Period Covered | Fees      | Expenses | Fees     | Expenses |
|           |                |           |          |          |          |
|           |                |           |          |          |          |
| **Total:** |               |           |          |          |          |

Summary of prior Interim Fee Applications:

|           |                | Requested |          | Approved |          |
|-----------|----------------|-----------|----------|----------|----------|
| Date File | Period Covered | Fees      | Expenses | Fees     | Expenses |
|           |                |           |          |          |          |
|           |                |           |          |          |          |
| **Total:** |               |           |          |          |          |

521839122v.2