CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE COLLEGE OF SAINT ROSE, | Case No. 24-11131 (REL) |
| Debtor. | |

-----------------------------------------------------------------x

**MOTION FOR ORDER AUTHORIZING THE DEBTOR TO SELL
AND/OR ABANDON *DE MINIMUS* ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES WITHOUT FURTHER ORDER OF THE COURT**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

The College of Saint Rose, debtor and debtor-in-possession (the "Debtor" or the "College"), by and through its proposed attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion") for an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to sell certain *de minimus* assets free and clear of liens, claims and encumbrances without further order of the Court and to abandon any such unsold assets, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 363(b) and 554(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

## BACKGROUND

3. On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York.

4. The Debtor continues to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee of unsecured creditors has been appointed in this Chapter 11 Case by the Office of the United States Trustee (the "U.S. Trustee") for the Northern District of New York.

6. Simultaneously with the filing of its petition, the Debtor filed the declaration (the "First Day Declaration") of Marcia J. White pursuant to Local Rule 2015-2 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").

7. The Debtor's primary assets are its 72 buildings on 92 parcels of real estate out of which the Debtor operated as a College (the "Campus").

8. The Debtor owns certain other assets, the value of some of which is *de minimus* (the "De Minimus Assets"). Examples of De Minimus Assets include teaching materials, course materials, books and textbooks, religious artifacts, certain furniture and furnishings, shop

equipment and broadcasting equipment.[1] If the Debtor were required to make a motion for the sale of each of the De Minimus Assets under section 363(b) of the Bankruptcy Code, the cost of the sale of such De Minimus Assets would be exponentially greater than the revenues to be received from such sales. As a result, the Debtor seeks entry of the Proposed Order authorizing the sale of the De Minimus Assets in accordance with certain procedures.

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks to sell and/or abandon the De Minimus Assets in accordance with the terms and conditions set forth herein, under sections 105(a), 363(b) and (f) and 554(a) of the Bankruptcy Code. The Debtor will use commercially reasonable efforts to sell the De Minimus Assets prior to abandoning them. In the event the Debtor is able to locate purchasers for any of the De Minimus Assets, including through on-line auctions, the Debtor proposes to consummate sales or transfers of the De Minimus Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a sale price less than or equal to $10,000 without further order of the Court.

10. In connection with any such sale, the Debtor shall remit payment for sales and use tax without further order or approval by the Court.

11. Such sales would be free and clear of all liens, claims, and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of sale with the same validity, extent and priority as existed prior to the sale.

12. The Debtor proposes that prior to any such sale, it provide a notice to the Office of the United States Trustee, counsel to the Committee, if appointed, counsel to the DIP Lender and counsel to the trustee for the pre-petition Bonds (the "Notice Parties"), identifying the assets

---

[1] De Minimus Assets do not include the Debtor's artwork, rare books and pianos for which separate motions will be filed by the Debtor.

to be sold, the purchaser of such assets and the amount to be paid for such assets, at least five (5) business days prior to consummation of the sale or transfer. If no written objections are served on counsel for the Debtor on or before 4:00 p.m. on the fifth (5th) business day after service by email of such notice, the Debtor shall be authorized to consummate the transaction. In the event of a written objection, and in the event such written objection cannot be resolved, the relevant De Minimus Assets may only be sold upon further order of the Court.

13. Any sale or transfer of De Minimus Assets shall remain subject to the Debtor's compliance with the DIP Loan Agreement and the Final Order entered by the Court authorizing the Debtor to obtain DIP Financing and the use of cash collateral and any budget approved thereby.

14. If the Debtor is ultimately unable to sell any of the De Minimus Assets and determines in its judgment that abandonment of such De Minimus Assets is in the best interest of the estate, the Debtor proposes to abandon such De Minimus Assets to be disposed of pursuant to a chapter 11 plan or in such other manner as the Debtor shall determine, without further order of the Court. The Debtor proposes that unless such De Minimus Assets are to be disposed of through a chapter 11 plan, prior to any such abandonment, it provide notice to the Notice Parties, and an opportunity for the Notice Parties to object to such abandonment in a manner consistent with paragraph 12.

**BASIS FOR RELIEF REQUESTED**

15. Pursuant to Section 105(a) of the Bankruptcy Code, a "[c]ourt may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease . . . property of the estate." 11

4

U.S.C. § 363(b)(1). In order to approve the sale of property outside the ordinary course of business, a bankruptcy court must "find from the evidence presented before [it] at the hearing a good business reason to grant such an application." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141, 144-45 (2d Cir. 1992) (affirming the bankruptcy court's approval of an asset sale under section 363(b) by utilizing the "good business reason" standard); *In re MF Glob. Ltd.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) ("The business judgment of a trustee is entitled to great deference."); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011).

16. Courts will generally afford significant deference to a debtor's business judgment in connection with the sale of assets outside the ordinary course of business. *See In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003). ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the debtors and their advisors, so long as they have satisfied the requirements articulated in the case law.").

17. Here, consummating sales of the De Minimus Assets upon the terms and procedures set forth herein is both an exercise of sound business judgment and in the best interests of the estate and creditors. Disposing of the De Minimus Assets in the manner proposed herein is the most efficient and cost-effective means of maximizing the value to be realized. Obtaining Court approval for each De Minimus Asset sale would result in unnecessary administrative costs attendant to drafting, serving, and filing pleadings and notices, which could drastically reduce the ultimate net value of these assets. The proceeds that will be generated by the proposed sales do not warrant incurring such expenses. Moreover, if the Debtor is not

22484.3 21153851v1

authorized to sell the De Minimus Assets under the procedures proposed here, the Debtor will likely be forced to abandon all of the De Minimus Assets without attempting to sell them.

18. The Debtor also submits that it should be authorized to sell the De Minimus Assets free and clear of liens, claims and encumbrances. Since the DIP Lender and the Pre-Petition Bondholders will receive notice of the proposed sale of the De Minimus Assets, their consent to the sale will be obtained prior to the sale, therefore satisfying section 363(f) of the Bankruptcy Code. In addition, it is the Debtor's expectation that the consideration to be paid for the De Minimus Assets will fairly reflect the value of the property sold. Since any party with a lien or claim against such assets will retain such lien or claim against the proceeds of the assets sold, section 363(f) will be further satisfied.

19. Based on the foregoing, the Debtor submits that sufficient cause exists to implement the procedures requested herein for the sale of De Minimus Assets and that such procedures will improve the efficiency of the sale process, thereby maximizing the value of such assets to the Debtor's estate.

20. Finally, the Debtor seeks authority to abandon to any De Minimus Assets unable to be sold by the Debtor. Section 554(a) of the Bankruptcy Code provides that a trustee, "after a notice and hearing . . . may abandon any property of the estate that . . . is of inconsequential value and benefit to the estate." The right to abandon property is, except for certain exceptions inapplicable in the present case, unfettered. *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506-07 (1986).

21. Courts apply the business judgment standard in reviewing a debtor's decision to abandon property that is of inconsequential value to or burdensome to the estate. *See e.g., In re Frostbaum v. Ochs,* 277 B.R. 470 (E.D.N.Y. 2002) (a trustee is to use his "best business

judgment in deciding when ... to renounce title and abandon burdensome property" pursuant to section 554 of the Bankruptcy Code). The De Minimus Assets by their nature have little value to the estate. If the Debtor is unable to sell the same, by definition such assets are of inconsequential benefit to the estate. Moreover, since the Debtor will be required to remove all such De Minimus Assets from the Campus to complete its winddown, the only way to avoid any further burden on the Debtor's estate is to permit the abandonment of such De Minimus Assets under section 554 of the Bankruptcy Code in the event that they cannot be sold.

22. As a result of the foregoing, the Debtor submits that it is in its best interests and the best interest of its estate for the Court to enter into an order authorizing the sale of De Minimus Assets free and clear of liens, claims and encumbrances and to abandon any unsold assets without further approval of the Court.

## NOTICE

23. Notice of this Motion has been provided to the parties required by the Order Establishing Notice Procedures dated October 16, 2024. The Debtor submits that no further notice is necessary.

## NO PRIOR REQUEST

24. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order substantially similar to the Proposed Order attached hereto as **Exhibit A** granting the relief

sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      October 18, 2024

                                        CULLEN AND DYKMAN LLP

                                        By: /s/   Elizabeth Usinger
                                        Matthew G. Roseman, Esq.
                                        Bonnie L. Pollack, Esq.
                                        Elizabeth Usinger, Esq.
                                        80 State Street, Suite 900
                                        Albany, New York 12207
                                        (516) 357-3700
                                        mroseman@cullenllp.com
                                        bpollack@cullenllp.com
                                        *Proposed Counsel for The College of Saint Rose*

22484.3 21153851v1

# EXHIBIT "A"

# PROPOSED ORDER

22484.3 21153851v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                            :    Chapter 11
                                                                  :
    THE COLLEGE OF SAINT ROSE,                  :    Case No. 24-11131 (REL)
                                                                  :
                                    Debtor.    :
                                                                  :
-------------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR TO SELL
*DE MINIMUS* ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES AND/OR ABANDON SUCH UNSOLD ASSETS
<u>WITHOUT FURTHER ORDER OF THE COURT</u>**

Upon the motion dated October __, 2024 (the "<u>Motion</u>")[1] of The College of Saint Rose (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case, seeking an order authorizing the Debtor to sell *de minimus* assets free and clear of liens, claims and encumbrances and/or abandon such unsold assets; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b)(2); and venue being proper before the Court pursuant to 28

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

22484.3 21153851v1

U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Debtor shall use commercially reasonable efforts to sell the De Minimus Assets, and is authorized to sell or transfer De Minimus Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price of less than or equal to $10,000 in accordance with the following procedures:

- The Debtor shall, at least five (5) business days prior to the consummation of any De Minimus sale, provide notice by email to the Office of the United States Trustee, counsel to the Committee, counsel to the DIP Lender and counsel to the trustee for the Pre-Petition Bonds (the "Notice Parties").

- The sale notice shall identify the assets to be sold or transferred, the identity of the purchaser of the assets and the purchase price.

- If no written objections are served on counsel for the Debtor by 4:00 p.m. on the fifth (5th) business day after service of the sale notice, the Debtor is authorized to immediately consummate the transaction.

- If a written objection is received within such five (5) business days that cannot be resolved, the relevant De Minimus Assets shall only be sold upon further order of the Court.

- Any sale or transfer of the De Minimus Assets shall be subject to the Debtor's compliance with the terms and conditions of the DIP Loan Agreement and the

22484.3 21153851v1

Final Order of the Court authorizing DIP Financing and the use of cash collateral and any budget approved thereby;

and it is further

**ORDERED**, that all sales and transfers of De Minimus Assets shall be free and clear of liens, claims and encumbrances, with such liens, claims and encumbrances attaching to the proceeds of such sale or transfer with the same validity, enforceability, extent and priority as had attached to the De Minimus Assets prior to the sale or transfer; and it is further

**ORDERED**, that in connection with and as a result of any such sales or transfers, the Debtor shall remit payment for any sales and use tax with further order or approval of the Court; and it is further

**ORDERED**, that in the event the Debtor is unable to sell any De Minimus Assets, including through on-line auctions, the Debtor is authorized to abandon such unsold assets to be disposed of pursuant to a chapter 11 plan or in such other manner as the Debtor shall determine, provided that unless such Assets are to be disposed of through a chapter 11 plan, prior to any such abandonment, the Debtor shall provide notice to the Notice Parties, and an opportunity for the Notice Parties to object to such abandonment in a manner consistent with this Order; and it is further

**ORDERED**, that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

22484.3 21153851v1