CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE COLLEGE OF SAINT ROSE, | Case No. 24-11131 (REL) |
| Debtor. | |

------------------------------------------------------------------x

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363(b), AUTHORIZING CONSIGNMENT AGREEMENT FOR SALE OF PIANOS AND AUTHORIZING SALES THEREUNDER FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

The College of Saint Rose (the "Debtor"), by and through its proposed counsel Cullen and Dykman LLP, as and for its motion for an order authorizing consignment agreement for sale of pianos, and authorizing sales thereunder free and clear of liens, claims and encumbrances, respectfully alleges as follows:

**JURISDICTION**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue of this case and the Motion is proper in this District pursuant 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

2. By this motion, the Debtor respectfully requests the entry of an order pursuant to sections 105 and 363 of title 11, United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), substantially in the form annexed hereto as Exhibit "A", authorizing the Debtor to enter into the consignment agreement with Artist Pianos, Ltd. ("Artist") annexed as Exhibit "B" hereto (the "Agreement") through which the Debtor's pianos (the "Property") will be sold, and authorizing such Property sales free and clear of all liens, claims and encumbrances.

**BACKGROUND**

3. On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4. The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No official committee of unsecured creditors (the "Committee") has been appointed by the Office of the United States Trustee for the Northern District of New York.

6. Simultaneously with the filing of its petition, the Debtor filed the Declaration of Marcia J. White, pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration, the contents of which are incorporated herein by reference.

7. The Debtor's largest asset consisted of its campus (the "Campus") from which it operated as a College prior to the Petition Date. Prior to the Petition Date, and in furtherance of its wind down efforts, the Debtor employed Artist to make mechanical and cosmetic repairs as

2

needed, and to sell, pianos owned by the Debtor. The Debtor wishes to continue the Agreement with Artist by which the pianos would be sold during the bankruptcy case.

8. To the terms of the Agreement, Artist shall make mechanical and cosmetic repairs to the pianos as needed, and sell the pianos. The cost of such repairs as well as freight charges, and any other costs incurred in the preparation of the pianos for sale, are borne by Artist except in the event that the Debtor would cancel the Agreement. In consideration for the services to be rendered by Artist under the Agreement, Artist shall receive a commission of 40% of the selling price of all pianos sold by Artist. Artist has been tremendously successful in its sales prior to the Petition Date.

9. The Debtor believes that the sale of the pianos pursuant to the Agreement will generate the highest value for those assets. As a result, and as discussed below, the Debtor requests that it be authorized to enter into the Agreement, and to sell the Property thereunder free and clear of liens, claims and encumbrances. In connection with any such sale of Property under the Agreement, the Debtor shall remit payment for sales and use tax without further order or approval by the Court.

**BASIS FOR RELIEF REQUESTED**

A. **The Debtor Should be Authorized to Enter into the Agreement under Section 363(b) of the Bankruptcy Code**

10. Pursuant to section 363(b)(1) of the Bankruptcy Code, after notice and a hearing, the Debtor may use, sell or lease property of the estate outside the ordinary course of business. Section 363(b)(1) authorizes, among other things, the Debtor to enter into postpetition contracts and agreements outside of the ordinary course of business, subject to the approval of the Court. As a general rule, actions by the Debtor pursuant to section 363(b)(1) are subject to review under the business judgment standard. *In re Borders Group, Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("In approving a transaction conducted pursuant to section 363(b)(1), courts consider

3

whether the debtor exercised sound business judgment."). *See also In re Lahijani*, 325 B.R. 282, 288 (9th Cir. BAP 2005). In assessing whether a debtor's decision satisfies the business judgment standard, courts typically consider whether the following elements are present: (i) a business decision, (ii) disinterestedness, (iii) due care, (iv) good faith and (v) no abuse of discretion or waste of corporate assets. *See, e.g., In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Innkeepers USA Trust*, 442 B.R. 227, 231 (Bankr. S.D.N.Y. 2010).

11. Courts have uniformly held that approval of a proposed use of property pursuant to section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. *See e.g., In re Chrysler LLC*, 405 B.R. 84, 97–100 (Bankr. S.D.N.Y. 2009), aff'd, 576 F.3d 108 (2d Cir. 2009); *In re General Motors Corp.*, 407 B.R. 463 (S.D.N.Y. 2009); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Ionosphere Clubs, Inc.*, 100 B.R. at 675; *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

12. Once the debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the company." *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkam*, 488 A.2d 858, 872 (Del. 1985)).

13. Here, since the Debtor is liquidating, it is necessary for the Debtor to sell the Property, a process begun by the Debtor prior to the Petition Date. The sale of the Property by Artist represents the best terms to sell the Property received by the Debtor.

4

14. The Debtor therefore believes that the sale of the Property through the Agreement is justified by sound business reason and in the best interest of the Debtor and its estate. Accordingly, pursuant to section 363(b) of the Bankruptcy Code, the Debtor requests approval of the Agreement.

**B. The Property Should be Sold Under the Agreement Free and Clear of Liens, Claims and Encumbrances**

15. Pursuant to section 363(f) of the Bankruptcy Code, property may be sold . . . free and clear of any interest in such property of an entity other than the estate, only if:

   (i) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   (ii) such entity consents;

   (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (iv) such interest is in bona fide dispute; or

   (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Thus, a debtor may sell property of a bankruptcy estate free and clear if one of the five conditions under section 363(f) is satisfied. *See In re Grubb & Ellis Co.*, Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing section 363(f) of the Bankruptcy Code); *In re Borders Group, Inc.*, 453 B.R.477, 483–84 (Bankr. S.D.N.Y. 2011) (same). Property may be sold free and clear to the extent that holders' liens and encumbrances do not object. *See Borders Group*, 453 B.R. at 484 ("Under 363(f)(2), a lienholder who receives notice of a sale but does not object within the prescribed time period is deemed to consent to the proposed sale, and assets thereafter may be sold free and clear of liens.")

16. Here, the Debtor does not believe that there are any liens against the Property. Pianos are not included in the collateral of the prepetition bondholders and constitutes excluded

5

assets under its proposed agreement with the DIP Lender. Nevertheless, in an abundance of caution, the Debtor requests that the Property be sold free and clear of any lien, claim or encumbrance that there may be.

C. **Section 363(d) of the Bankruptcy Code is Satisfied by the Proposed Sale**

17.     Pursuant to section 363(d) of the Bankruptcy Code, a transfer of property by a not-for-profit entity must be made in compliance with applicable nonbankruptcy law governing such transfer. Specifically, section 363(d) provides that "[t]he trustee may use, sell or lease property under subsection (b) or (c) of this section - (1) in the case of a debtor that is a corporation or trust that is not a moneyed business, commercial corporation, or trust, only in accordance with nonbankruptcy law applicable to the transfer of property by a debtor that is such a corporation or trust." 11 U.S.C. § 363(d)(1).

18.     The inclusion of section 363(d) of the Bankruptcy Code was not intended to provide states with a "veto" of sales of a debtor's assets under the Bankruptcy Code that otherwise take into account legitimate interests of the state over the transfer or sale of a non-profit's assets. *See* H. REP. NO. 109-31, pt. 1, title XII (Judiciary. Comm.) (listing section 1221 of the BAPCPA under the heading "Technical Amendments").

19.     Here, the Debtor requests that this Court approve the sale of the Property as satisfying applicable non-bankruptcy law including without limitation the New York Not-for-Profit Corporation Law. Outside of bankruptcy, an insolvent not-for-profit corporation that is seeking to sell all or substantially all of its assets is required, pursuant to Sections 510 and 511 of the New York Not-for-Profit Corporation Law, to submit a verified petition to the Supreme Court where the corporation has its principal office for approval of such sale transaction, on notice to the Attorney General. The Supreme Court will approve the proposed sale transaction if it finds that "the consideration and the terms of the transaction are fair and reasonable to the corporation and

6

that the purposes of the corporation or the interests of the members will be promoted." N.Y. Not-for-Profit Corp. Law § 511(d).

20. As with the sale of the Campus pending before the Court, the Debtor requests that this Court approve the sales under the Agreement on the grounds that the sales will not violate Sections 510 and 511 of the New York Not-for-Profit Corporation Law. The transfer of the Property does not invoke specific regulatory requirements which might restrict its transfer. The Debtor submits that the terms of the sale comply with all applicable not-for-profit laws, including the not-for-profit laws of the State of New York, and any applicable federal laws. Accordingly, the Debtor submits that the proposed sale satisfies the requirements of section 363(d) of the Bankruptcy Code.

## NOTICE AND NO PRIOR REQUEST

21. The Debtor will provide notice of this motion in accordance with the Court's Order Establishing Notice Procedures dated October 16, 2024 [Docket No. 21]. The Debtor respectfully submits that in light of the nature of the relief requested, no other or further notice is necessary.

22. No previous request for the relief sought herein has been made to this or any other Court.

22484.3 21219762v1

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief requested herein, together with such further relief as this Court deems just and proper.

Dated: Albany, New York
October 21, 2024

CULLEN AND DYKMAN LLP

By: /s/    *Elizabeth Usinger*
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Elizabeth Usinger, Esq.
80 State Street, Suite 900
Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com
*Proposed Counsel for The College of Saint Rose*

Case 24-11131-1-rel    Doc 79    Filed 10/22/24    Entered 10/22/24 12:26:55    Desc Main
Document    Page 9 of 20

# **EXHIBIT A**

# **PROPOSED SALE ORDER**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
THE COLLEGE OF SAINT ROSE,                                   :   Case No. 24-11131 (REL)
                                                             :
          Debtor.                                            :
                                                             :
------------------------------------------------------------ x

**ORDER AUTHORIZING THE DEBTOR TO ENTER INTO CONSIGNMENT
AGREEEMENT AND AUTHORIZING THE SALE OF PIANOS PURSUANT TO
THE CONSIGNMENT AGREEMENT
<u>FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES</u>**

Upon the motion (the "Motion") of The College of Saint Rose ("Debtor"), seeking entry of an order pursuant to sections 105 and 363 of title 11, United States Code ("Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Debtor to enter into the consignment agreement annexed as Exhibit "B" to the Motion[1] and authorizing the sale of property pursuant to the Agreement free and clear of liens, claims and encumbrances; and a hearing on the Motion having been held on _____, 2024 (the "Hearing");

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

22484.3 21219762v1

and good and sufficient notice of the Motion and Hearing having been given and no other or further notice being required; and objections, if any, having been overruled, withdrawn, or resolved:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

    B.    The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations contained in this Order are Bankruptcy Code sections 105 and 363, and Bankruptcy Rules 2002, 6004 and 9014.

    C.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

    D.    Venue of this case and the Motion in this district is proper under 28 U.S.C. § 1408.

    E.    Sufficient notice of the relief sought in the Motion has been given and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities.

    F.    The Debtor determined in its best business judgment that selling the Property pursuant to the Agreement is in the best interests of the Debtor's estate and creditors.

    G.    The Property may be sold pursuant to the Agreement free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code because to the extent any such liens and encumbrances exist, the holder of same have either consented, subject to the terms and conditions of this Order, or have not objected to the sale and are therefore deemed to consent to the sale of the Property.

BASED ON THE FOREGOING, AND AFTER DUE CONSIDERATION AND GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.  All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein, and all reservation of rights included in such objections, are overruled on the merits with prejudice.

2.  Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to enter into the Agreement, and to sell the Property thereunder pursuant to the terms of the Agreement, and upon such sale(s), all right title and interest of the Debtor in and to the Property shall vest in the purchaser(s) free and clear of any and all liens, claims and encumbrances of whatever kind or nature, with such liens, claims and encumbrances, if any, to attach to the proceeds of sale(s) in order of their priority and each and every Entity (as defined in Bankruptcy Code section 101(15)) is forever barred from asserting against Artist, its successors and assigns, or against the Property, any mortgages, liens, interests, Claims (as defined in Bankruptcy Code 101(5)) or other encumbrances of any kind or nature (including, without limitation, any judgment liens) (collectively "Encumbrances") held by such Entity against the Debtor or the Property.

3.  The Debtor is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of the Property pursuant to the Agreement consistent with this Order.

4.  In connection with any such sale of Property under the Agreement, the Debtor shall remit payment for sales and use tax without further order or approval by the Court.

5.  Following the closing of the sale(s), no holder of any Encumbrance against the Debtor or the Property shall interfere with the purchaser(s)' rights in, title to or use and enjoyment of the Property.

6.  No bulk sales law or any similar law of any state or other jurisdiction applies in any way to any sale authorized by this Order.

7. This Court shall retain jurisdiction to enforce the provisions of this Order and to resolve any disputes concerning this Order.

22484.3 21219762v1

# EXHIBIT B

# CONSIGNMENT AGREEMENT



STEINWAY & SONS
*authorized dealer*

# CONSIGNMENT AGREEMENT

The College of Saint Rose (The College) agrees to consign, for the purpose of resale, the attached list of pianos to Artist Pianos, Ltd. The College attests that the College is the sole owner of these pianos, that there are no outstanding liens on the pianos, and that The College can legally sell the pianos. The undersigned representative of the College of Saint Rose attests they hold the power to sign this agreement.

The College of Saint Rose authorizes Artist Pianos to make mechanical and cosmetic repairs to improve the marketability of these pianos and to allow Artist Pianos to set the selling price. Except in the case of cancellation by the College as provided herein, the cost of any such repairs shall be the responsibility of Artist Pianos. The College agrees not to sell any of the listed pianos privately while this agreement is in effect.

CANCELLATION: Either party may cancel this agreement with 30 days notice given in writing. The College agrees to reimburse Artist Pianos for all mechanical and cosmetic repairs, freight charges, and any other costs incurred in the preparation of the consigned pianos, before The College may cancel this agreement.

MARKETABILITY: Artist Pianos, Ltd., makes no warranty, expressed or implied, regarding the marketability of the instruments accepted under this agreement and makes no guarantee of sale. Artist Pianos, Ltd., will be held harmless from all liabilities related to and connected with the marketing, sale and handling of the attached instruments. It is understood that the instruments will be professionally and properly cared for while under the care of Artist Pianos. All piano moving and deliveries will be performed by professional piano movers.

A CHECK FOR 60% OF THE PURCHASE PRICE OF EACH PIANO, EXCLUSIVE OF DELIVERY CHARGES AND SALES TAX, WILL BE PAID TO THE COLLEGE OF SAINT ROSE AS EACH PIANO IS SOLD. PLEASE ALLOW 7-21 DAYS FOR PROCESSING. *Please initial:* _____

| MAKE & MODEL PIANOS | SERIAL # |
|---|---|
| See Attached List of Pianos | |
| **CONSIGNOR NAME** | **PHONE | EMAIL** |
| The College of Saint Rose | Debra Lee Polley 518.454.2066 |
| **PICKUP ADDRESS** | **ADDRESS TO SEND CHECK, IF DIFFERENT** |
| 432 Western Ave. Albany, NY 12203 | |

Artist Pianos Representative: PAUL JENNINGS   Date 6.7.24

Authorized representative of the College of Saint Rose: Deb L Polley   Date 6/7/24

664 New Loudon Road Suite 2, Latham, NY 12110 (518) 783-1695   5780 Celi Drive, East Syracuse, NY 13057 (315) 446-5660

| Building Address | Manufacturer | Model | Built | Description | Serial Number | Size | Age | Finish |
|---|---|---|---|---|---|---|---|---|
| 1002 Madison (Massry) | Akai | MPK261 | | Synthesizer | 8766 | - | 2024 | |
| 1002 Madison (Massry) | Akai | MPK261 | | Synthesizer | NOT A DUPLICATE | - | 2024 | |
| 1002 Madison (Massry) | Komplete KEYBOARD | Kontrol S61 | | Keyboard | | | | |
| 1002 Madison (Massry) | Roland | EP-75 | | Piano, Electronic | ZK21621 | - | 2024 | |
| 1002 Madison (Massry) | Roland VR730 | VR730 | | Synthesizer | | - | 2024 | |
| 1002 Madison (Massry) | Yamaha | DGX-500 | | Piano, Electronic | | | | |
| 1002 Madison (Massry) | Steinway and Sons | M | 1994 | Piano, Grand | 531335 | 67 | 30 | Santos Rosewood |
| 1002 Madison (Massry) | Steinway and Sons | M | 2014 | Piano, Grand | 601596 | 67 | 10 | Ebony Satin |
| 1002 Madison (Massry) | Steinway and Sons | M | 2014 | Piano, Grand | 598479 | 67 | 10 | Ebony Satin |
| 1002 Madison (Massry) | LAB: Yamaha - Front of Room | CLP120 | 2002 | Piano, Electronic | | - | 22 | Rosewood |
| 1002 Madison (Massry) | Yamaha - 3 | CLP120 | 2002 | Piano, Electronic | | - | 22 | Rosewood |
| 1002 Madison (Massry) | Yamaha - 4 | CLP120 | 2002 | Piano, Electronic | | - | 22 | Rosewood |

| Location | Make | Model | Year | Type | Serial | Size | Age | Finish |
|---|---|---|---|---|---|---|---|---|
| 1002 Madison (Massry) | Yamaha - 5 | CLP330 | 2002 | Piano, Electronic | - | - | 22 | Rosewood |
| 1002 Madison (Massry) | Yamaha - 6 | CLP120 | 2002 | Piano, Electronic | - | - | 22 | Rosewood |
| 1002 Madison (Massry) | Yamaha - 9 | CLP120 | 2002 | Piano, Electronic | - | - | 22 | Rosewood |
| 1002 Madison (Massry) | Rodgers | Rogers Organ | 2013 | Organ | - | - | 11 | |
| 1002 Madison (Massry) | Wilcox & White | Organ | | Organ | - | - | 2024 | |
| 1002 Madison (Massry) | | Harpsichord | | Harpsichord | | 6' 4" | | |
| 1002 Madison (Massry) | | Harpsichord | | Harpsichord | | 7' 6" | | |
| 1002 Madison (Massry) | Baldwin | Hamilton | 1980 | Piano, Upright | 355780 | 46 | 44 | Walnut Hamilton |
| 1002 Madison (Massry) | Boston | UP118S | 2008 | Piano, Upright | 166217 | 46 | 16 | Black Oak |
| 1002 Madison (Massry) | Yamaha | P22 | 2003 | Piano, Upright | 285236 | 45 | 21 | Walnut |
| 1002 Madison (Massry) | Yamaha | P22 | 1987 | Piano, Upright | T104310 | 45 | 37 | Golden Oak |
| 1002 Madison (Massry) | Yamaha | P22 | 2003 | Piano, Upright | 290944 | 45 | 21 | Walnut |
| 1002 Madison (Massry) | Yamaha | P22 | 1978 | Piano, Upright | 112576 | 45 | 46 | Golden Oak |

| Location | Make | Model | Type | Serial | # | Year | Finish |
|---|---|---|---|---|---|---|---|
| 1002 Madison (Massry) | Young Chang | PE-118 | Piano, Upright | Y02491705 | 47 | 43 | Ebony Satin |
| 1002 Madison (Massry) | Mason & Hamlin | B | Piano, Grand | 45141 | 64 | 89 | Walnut |
| 1002 Madison (Massry) | Steinway and Sons | M | Piano, Grand | 595817 | 67 | 11 | Ebony Satin |
| 1002 Madison (Massry) | Steinway and Sons | D | Piano, Grand | 581128 | 108 | 17 | Ebony Satin |
| 1002 Madison (Massry) | Steinway and Sons | 1098 | Piano, Upright | 479284 | 46 | 42 | Ebony Satin |
| 633A Morris (Campus Theater) | Yamaha | G2 | Piano, Grand | 4430537 | 68 | 37 | Ebony |
| 996 Madison (Hearst) | Steinway and Sons | B | Piano, Grand | 582766 | 84 | 17 | Ebony Satin |
| 996 Madison (Hearst) | 3 boxes with 3 each M-Audio Key Station 49 MK3 | | Piano, Electronic | | | 2024 | |
| 996 Madison (Hearst) | LAB: M-Audio Key Studio 4 | | Piano, Electronic | | | 2024 | |
| 996 Madison (Hearst) | M-Audio Key Station 49 | | Piano, Electronic | | | 2024 | |
| 996 Madison (Hearst) | M-Audio Key Station 49 | | Piano, Electronic | | | 2024 | |
| 996 Madison (Hearst) | M-Audio Key Station 49 | | Piano, Electronic | | | 2024 | |
| 996 Madison (Hearst) | M-Audio Key Station 49 | | Piano, Electronic | | | 2024 | |

| | | | |
|---|---|---|---|
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49 MK3 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station 49e | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station E1e5 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station E1e5 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Station E1e5 | Piano, Electronic | 2024 |
| 996 Madison (Hearst) | M-Audio Key Studio 49i | Piano, Electronic | 2024 |

| Location | Description | Model/Make | Year | Serial | Quantity | Finish |
|---|---|---|---|---|---|---|
| 996 Madison (Hearst) | Piano, Electronic | M-Audio Key Studio 49i | 2024 | - | - | |
| 996 Madison (Hearst) | Piano, Electronic | M-Audio Key Studio 49i | 2024 | - | - | |
| 996 Madison (Hearst) | Piano, Electronic | M-Audio Key Studio 49i | 2024 | - | - | |
| ARTIST PIANOS LATHAM | Piano, Grand | Steinway and Sons | 2011 | 592959 | 61 | Ebony Satin |