CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq. (admission pro hac vice pending)
Bonnie L. Pollack, Esq. (admission pro hac vice pending)
Kelly McNamee, Esq. (admission pro hac vice pending)
Kyriaki Christodoulou, Esq. (admission pro hac vice pending)
(516) 357-3700

*Proposed Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
THE COLLEGE OF SAINT ROSE,                                         :   Case No. 24-11131 (REL)
                                                                   :
               Debtor.                                             :
                                                                   :
-------------------------------------------------------------------x

### MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 327, 328, AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AUTHORIZING THE EMPLOYMENT OF CERTAIN ORDINARY COURSE PROFESSIONALS

The College of Saint Rose, debtor and debtor-in-possession (the "Debtor" or the "College"), by and through its proposed attorneys, Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing procedures for the retention and compensation of certain professionals employed by the Debtor in the ordinary course of business. In support of the Motion, the Debtor respectfully represents as follows:

1

## INTRODUCTION

1.      On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor remains in possession of its property and continues in the operation and management of its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No official committee of unsecured creditors (the "Committee") has been appointed by the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee") in this chapter 11 case (this "Chapter 11 Case").

4.      Simultaneously with the filing of its petition, the Debtor filed the declaration (the "First Day Declaration") of Marcia J. White pursuant to Local Rule 2015-2 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").  A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this Chapter 11 Case, is more fully set forth in the First Day Declaration, incorporated herein by reference.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief sought herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## RELIEF REQUESTED

7.      By this Motion, the Debtor requests entry of an order, substantially in form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327, 328, and

2

330 of the Bankruptcy Code and Bankruptcy Rule 2014(a), (i) authorizing procedures for the retention and compensation of certain professionals retained by the Debtor in the ordinary course of business (the "Ordinary Course Professionals"), effective as of the Petition Date, without the submission of separate retention applications or the entry of separate retention orders for each Ordinary Course Professional; and (ii) authorizing the Debtor to compensate and reimburse such professionals without individual fee applications. A list of Ordinary Course Professionals as of the Petition Date is attached to the Proposed Order as **Exhibit 1**.[1]

8. The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interest of the Debtor's estate and of its creditors. The relief requested will save the estate substantial expense associated with applying separately for the employment of each professional. Further, the requested relief will save the estate the substantial additional fees relating to the preparation and prosecution of interim and final fee applications during this Chapter 11 Case. Likewise, the procedure outlined below will relieve the Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

9. Although some of the Ordinary Course Professionals may have unsecured claims against the Debtor in respect to prepetition services rendered, the Debtor does not believe that any of the Ordinary Course Professionals have interests materially adverse to the Debtor, its estate, creditors, or other parties in interest. By this Motion, the Debtor is not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

---

[1] The Debtor believes that **Exhibit 1** is a complete list of the Ordinary Course Professionals retained or employed as of the Petition Date. Due to the breadth of issues confronting the Debtor in the normal operation of its business, this list may not be comprehensive. Further, the Debtor may require the service of additional professionals while these case is active. In the event that the Debtor retains additional professionals during this Chapter 11 Case, such professionals will comply with the practices and requirements set forth herein.

22484.3 21081449v3

## The Debtor's Proposed Procedures for
## Employment of Ordinary Course Professionals

10.     To facilitate the retention and payment of the Ordinary Course Professionals, the

Debtor requests approval of the following procedures (the "Procedures"):

a.  Within thirty (30) days of the later of the entry of the Proposed Order or the date
on which the retained Ordinary Course Professional commences services for the
Debtor, each Ordinary Course Professional shall provide the Debtor's attorneys
with:

    i.  a declaration (the "Ordinary Course Professional Declaration"),
substantially in the form attached to the Proposed Order as **Exhibit 2**,
certifying that the professional does not represent or hold any interest
adverse to the Debtor or the estate with respect to the matter on which
the professional is to be employed; and

    ii.  a completed retention questionnaire (the "Retention Questionnaire"),
substantially in the form attached to the Proposed Order as **Exhibit 3**,
and shall periodically update such Ordinary Course Professional
Declaration and/or Retention Questionnaire to the extent necessary to
reflect new facts or circumstances relevant to their retention.

b.  Upon receipt of the Ordinary Course Professional Declarations and Retention
Questionnaires, the Debtor's attorneys shall promptly file them with the Court and
serve a copy upon: (i) Office of the United States Trustee, 11A Clinton Avenue,
Albany, New York 12207 (Attn: Lisa Penpraze); (ii) counsel to the proposed DIP
Lender; (iii) counsel to the trustee for the Pre-Petition Bondholders; and (iv)
counsel to the Committee, should one be appointed (the "Reviewing Parties").

c.  The Reviewing Parties shall then have ten (10) days following service (the
"Objection Deadline") to notify the Debtor, each other Reviewing Party, and the
applicable Ordinary Course Professional, in writing of any objection to the
retention stemming from the contents of the Ordinary Course Professional
Declarations or Retention Questionnaires.

d.  If no objections are received by the Debtor by the Objection Deadline in
accordance with paragraph (c) above, retention of the Ordinary Course
Professional shall be deemed approved and effective as of the later of the Petition
Date or the date the Ordinary Course Professional commenced work (the
"Retention Date").

e.  If an objection is filed by a Reviewing Party in accordance with paragraph (c)
above and such objection is not resolved within fourteen (14) days of the
Objection Deadline (the "Resolution Deadline"), the Debtor shall schedule the
matter for a hearing before the Court to be held on the next regularly scheduled

4

hearing date that is at least fourteen (14) days from the Resolution Deadline (unless otherwise agreed to by the Debtor and the objecting Reviewing Party).

f.  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration and Retention Questionnaire have been filed with the Court and (i) the Objection Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

g.  Where retention of an Ordinary Course Professional has been approved in accordance with these Procedures, without a prior application to the Court and upon the submission to, and approval by, the Debtor of the appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, the Ordinary Course Professional shall receive 100% of the post-petition fees and disbursements incurred, up to $55,000 per month on average over any three-month period on a rolling basis (the "Monthly Cap").

h.  In the event that an Ordinary Course Professional seeks more than the Monthly Cap, that professional will be required to file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines"), and all other court orders; provided that the Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month, so long as the Ordinary Course Professional has been retained either automatically through expiration of the Objection Deadline, or by approval of the Court.

i.  The Debtor reserves the right to retain additional Ordinary Course Professionals from time to time during this Chapter 11 Case; provided that such Ordinary Course Professionals comply with these Procedures. If the Debtor seeks to retain an Ordinary Course Professional not already listed on **Exhibit 1** to the Proposed Order during these chapter 11 cases, or if any Ordinary Course Professional is inadvertently excluded from such list, the Debtor will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "Supplemental Notice of Ordinary Course Professionals"), along with the attendant Ordinary Course Professional Declarations and Retention Questionnaires.

11.     The Debtor reserves its right to (i) dispute any invoice submitted by an Ordinary

Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as

the need arises.

### Basis for Relief Requested

12.     The Debtor's continued retention and employment of the Ordinary Course

Professionals is in the best interests of the Debtor's estate, its creditors, and other parties in

interest.   The Debtor relies on the assistance of Ordinary Course Professionals for essential

business functions that are critical to the Debtor's ongoing business operations, but not central to

the administration of this Chapter 11 Case.  The Debtor's estate and its creditors are best served

by avoiding any disruption in the professional services required in the day-to-day operation of its

business.

13.     A debtor is required to obtain bankruptcy court approval before it is permitted to

hire certain professionals and compensate them with funds from property of the estate.   As

explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the

ordinary course of business when they are not representing or assisting the debtor in carrying out

its duties under the Bankruptcy Code.  *See* 11 U.S.C. § 327(a).  The Debtor believes that the

Ordinary Course Professionals are not "professional persons" within the meaning of section 327

of the Bankruptcy Code because their engagement relates only indirectly to the Debtor's status as

a debtor-in-possession, and it does not have "those occupations which play a central role in the

administration of [ the Debtor's] proceeding."  *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981

(Bankr. S.D.N.Y. 1981).  Therefore, most, if not all, of the Ordinary Course Professionals may

be retained and paid by the Debtor in the ordinary course of business, without court approval.

To provide the Court and parties in interest an opportunity to object, and to provide assurance to

Ordinary Course Professionals of the Debtor's authority to compensate them for post-petition work, however, the Debtor has proposed the Procedures set forth herein.

14.     Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides,

> With the court's approval, a debtor may employ for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the Debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which such attorney is to be employed.

*Id*. at § 327(e).  Section 328(a) of the Bankruptcy Code provides that the terms and conditions upon which professionals are retained must be reasonable, and section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by such professionals.  11 U.S.C. §§ 328(a), 330.  Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a).

15.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtor for prepetition services rendered to the Debtor, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors, or other parties in interest with respect to the matter(s) for which such Ordinary Course Professional is to be employed that would preclude such professional from continuing to represent the Debtor.  Further, section 328(c) of the Bankruptcy Code excludes professionals retained pursuant to section 327(e) from the requirement that such professional persons be

22484.3 21081449v3

"disinterested." *See* 11 U.S.C. § 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

16.    In light of the additional costs associated with the preparation of employment applications for professionals that will receive relatively small fees, it is impractical and economically inefficient for the Debtor to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016. Accordingly, the Debtor requests that the Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

17.    Other than Ordinary Course Professionals, all professionals employed by the Debtor during these chapter 11 cases will be retained by the Debtor pursuant to separate retention applications.    Such professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of this Court.

18.    Courts in neighboring districts have granted relief similar to the relief requested herein. *See, e.g., In re Grupo Aeromexico, S.A.B. de CV*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. July 29, 2020) [Dkt. No. 213]; *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Mar. 19, 2019) [Dkt. No. 206]; *In re Trident Holding Co., LLC*, Case No. 19-10384 (SHL) (Bankr. S.D.N.Y. Mar. 8, 2019) [Dkt. No. 180]; *In re CGG Holding (U.S.) Inc.*, Case No. 17-11637 (MG) (Bankr. S.D.N.Y. Jul. 17, 2017) [Dkt. No. 113]; *In re Westinghouse Electric Company LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. May 24, 2017) [Dkt. No. 543].

19.    For the reasons set forth herein, the Debtor submits that the relief requested is necessary and appropriate, is in the best interest of the Debtor's estate, and should be granted.

8

**Notice**

20.     Notice of this Motion has been given to (a) the U.S. Trustee for the Northern District of New York; (b) counsel to the trustee for the Pre-Petition Bondholders; (c) counsel to the proposed DIP Lender; and (d) all other persons that have formally appeared and requested notice or copies of pleadings filed in this case under Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

21.     No previous request for the relief sought herein has been made by Debtor to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of the annexed Order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: Albany, New York
         October 22, 2024

CULLEN AND DYKMAN LLP

By: /s/   *Elizabeth Usinger*
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Elizabeth Usinger, Esq.
80 State Street, Suite 900
Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com
kmnamee@cullenllp.com
kchristodoulou@cullenllp.com
*Proposed Counsel for The College of Saint Rose*

22484.3 21081449v3

## Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                    :
In re:                                              :   Chapter 11
                                                    :
    THE COLLEGE OF SAINT ROSE                       :   Case No. 24-11131 (REL)
                                                    :
                                                    :
                                    Debtor.         :
                                                    :
-------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT OF PROFESSIONALS
## UTILIZED IN THE ORDINARY COURSE OF BUSINESS
## PURSUANT TO SECTIONS 105, 327, 328, AND 330 OF
## THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

Upon the motion (the "Motion")[1] of The College of Saint Rose, debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing procedures for the retention and compensation of certain professionals employed by the Debtor in the ordinary course of business

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

22484.3 21081449v3

(the "Ordinary Course Professionals"), effective as of the Petition Date, without the submission of separate retention applications or the entry of separate retention orders for each Ordinary Course Professional; and (ii) authorizing the Debtor to compensate and reimburse such professionals without individual fee applications, all as described more fully in the Motion; and upon consideration of the First Day Declaration of Marcia J. White pursuant to Rule 2015-2 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief being requested being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby:

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Debtor is authorized to retain, compensate, and reimburse Ordinary Course Professionals, including, without limitation, those professionals listed on the Ordinary Course Professionals List annexed hereto as **Exhibit 1**, effective as of the Petition Date in accordance with the following approved procedures (the "Procedures"):

a. Within thirty (30) days of the later of the entry of this Order or the date on which the retained Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional shall provide the Debtor's attorneys with:

    i. a declaration (the "<u>Ordinary Course Professional Declaration</u>"), substantially in the form attached hereto as **Exhibit 2**, certifying that the professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter on which the professional is to be employed; and

    ii. a completed retention questionnaire (the "<u>Retention Questionnaire</u>"), substantially in the form attached hereto as **Exhibit 3**, and shall periodically update such Ordinary Course Professional Declaration and/or Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to their retention.

b. Upon receipt of the Ordinary Course Professional Declarations and Retention Questionnaires, the Debtor's attorneys shall promptly file them with the Court and serve a copy upon: (i) the Office of the United States Trustee, 11A Clinton Avenue, Albany, New York 12207 (Attn: Lisa Penpraze); (ii) counsel to the proposed DIP Lender; (iii) counsel to the trustee for the Pre-Petition Bondholders; and (iv) counsel for any Committee, if one is appointed (the "<u>Reviewing Parties</u>").

c. The Reviewing Parties shall then have ten (10) days following service (the "<u>Objection Deadline</u>") to notify the Debtor, each other Reviewing Party, and the applicable Ordinary Course Professional, in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declarations or Retention Questionnaires.

d. If no objections are received by the Debtor by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work (the "Retention Date").

e. If an objection is filed by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within fourteen (14) days of the Objection Deadline (the "<u>Resolution Deadline</u>"), the Debtor shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled omnibus hearing date that is at least fourteen (14) days from the Resolution Deadline (unless otherwise agreed to by the Debtor and the objecting Reviewing Party).

f. No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration and Retention Questionnaire have been filed with the Court and (i) the Objection

3

Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

g.  Where retention of an Ordinary Course Professional has been approved in accordance with these Procedures, without a prior application to the Court and upon the submission to, and approval by, the Debtor of the appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, the Ordinary Course Professional shall receive 100% of the post-petition fees and disbursements incurred, up to $55,000 per month on average over any three-month period on a rolling basis (the "Monthly Cap").

h.  In the event an Ordinary Course Professional seeks payment pursuant to this Order in any amount that would, together with previously authorized payments to such Ordinary Course Professional pursuant to this Order, exceed $100,000, such Ordinary Course Professional shall be required to file a fee application, to be heard on notice, and such payment shall be as directed by order of the Court on such application.

i.  Subject to the preceding paragraph (h), in the event that an Ordinary Course Professional seeks more than the Monthly Cap, that professional will be required to file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines"), and all other court orders.

j.  The Debtor reserves the right to retain additional Ordinary Course Professionals from time to time during this Chapter 11 Case; provided that such Ordinary Course Professionals comply with these Procedures. If the Debtor seeks to retain an Ordinary Course Professional not already listed on **Exhibit 1** hereto during this Chapter 11 Case, or if any Ordinary Course Professional is inadvertently excluded from such list, the Debtor will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "Supplemental Notice of Ordinary Course Professionals"), along with the attendant Ordinary Course Professional Declarations and Retention Questionnaires;

and it is further,

4

**ORDERED**, that the Ordinary Course Professional Declaration, substantially in the form attached hereto as **Exhibit 2**, and the Retention Questionnaire, substantially in the form attached hereto as **Exhibit 3**, are both approved; and it is further

**ORDERED**, that the entry of this Order and approval of the Procedures does not affect the Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises, and the Debtor reserves all of its rights with respect thereto; and it is further

**ORDERED**, that any and all payments authorized to be made pursuant to this Order shall be subject to and made only to the extent authorized under any interim or final orders governing the Debtor's use of cash collateral and terms of Debtor-in-Possession financing, including any Budget in connection therewith; and it is further

**ORDERED**, that the Debtor is authorized to take all steps necessary or appropriate to carry out this Order;  and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

22484.3 21081449v3

**Exhibit 1**

**List of Ordinary Course Professionals**

| Ordinary Course Professional | Services Performed by Professional | Address | Pre-Petition Amounts Due | Estimated Monthly Fees |
|---|---|---|---|---|
| Kessler PR Group | Public relations, strategic communications and reputation management services | 802 W. Park Avenue, Bldg. 3, Suite 301, Ocean Township, New Jersey 07712 | $0.00 | $0.00[3] |
| UHY Advisors Northeast, Inc. | Audit services for the Debtor's Pension Plans, Financial Statements and Title IV Audit | 4 Tower Place Executive Park 7th Floor Albany, NY  12203 | $11,300.62 | $55,000 |

---

[3] Kessler PR Group has been prepaid for its services pursuant to the terms of its contract.

22484.3 21081449v3

## Exhibit 2

**Ordinary Course Professional Declaration**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
THE COLLEGE OF SAINT ROSE,                                   :   Case No. 24-11131(REL)
                                                             :
                          Debtor.                            :
                                                             :
-------------------------------------------------------------x

## DECLARATION AND DISCLOSURE STATEMENT OF _____ ON BEHALF OF _____

STATE OF _____   )
                    ) ss.:
COUNTY OF _____    )

_____, declares under penalty of perjury and says:

1.      I am a _____ of _____, located at _____ (the "Firm").

2.      The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor") has requested that the Firm provide _____ services to the Debtor, and the Firm has consented to provide those services (the "Services").

3.      The Services include, without limitation, the following:

_____

_____.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. Except to the extent the Firm provides services to a non-Debtor entity, the Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does

not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estates with respect to the matters on which the Firm is to be retained.

5.      Except as set forth herein, neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matters on which the Firm is to be employed.

[INSERT AS NEEDED]

6.      Neither I nor any partner or associate of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any person other than partners and associates of the Firm.

7.      As of the Petition Date, the Debtor owes the Firm $_____ for prepetition services.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this Declaration.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on _____, 2024.

_____
Name:
Title:
Professional:
Address:

SWORN AND SUBSCRIBED before
me this ____ day of _____, 2024

_____
Notary Public

2

**Exhibit 3**

**Retention Questionnaire**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
                                                             :
        THE COLLEGE OF SAINT ROSE,                           :    Case No. 24-11131 (REL)
                                                             :
                                                             :
                                           Debtor.           :
                                                             :
-------------------------------------------------------------x

## <u>RETENTION QUESTIONNAIRE</u>

To be completed by professionals seeking employment as "Ordinary Course Professionals" of
The College of Saint Rose, debtor-in-possession in the above-captioned case (the "<u>Debtor</u>").

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT</u>
<u>RETURN IT FOR FILING BY THE DEBTOR TO:</u>

Cullen and Dykman LLP
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
Attn: Bonnie L. Pollack, Esq.

1.      Name and address of firm:

        _____

        _____

        _____

        _____

        Date of retention: _____

2.      Brief Description of the type of services to be provided:

        _____

        _____

        _____

_____

_____

3.     Arrangements for compensation (hourly, contingent, etc.):

_____

Average hourly rates (if applicable): _____

Estimated average monthly compensation based on prepetition retention (if firm was

employed prepetition): _____

4.     Prepetition claims against the Debtor held by the firm:

Amount of claim: $_____

Date claim arose: _____

Nature of Claim: _____

5.     Prepetition claims against the Debtor held individually by any member, associate, or

professional employee of the firm:

Name: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

6.     Disclose the nature of or provide a brief description of any interest adverse to the Debtor

or to its estate for the matters on which the firm is to be employed:

_____

_____

_____

22484.3 21081449v3

7.      Disclose whether the firm provides services to any non-Debtor affiliate, the name of the entity that retained the firm, the entity the firm receives compensation from, and the nature of the services provided:

_____

_____

_____

_____

8.      Name of the individual completing this form:

_____

**Dated:** _____**, 2024**