So Ordered.

Signed this 4 day of November, 2024.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
In re:                                                          :   Chapter 11
:
THE COLLEGE OF SAINT ROSE,                      :   Case No. 24-11131 (REL)
:
Debtor.                                                    :
:
---------------------------------------------------------------- x

**ORDER AUTHORIZING THE RETENTION OF
CULLEN AND DYKMAN LLP AS COUNSEL TO THE DEBTOR
EFFECTIVE AS OF THE PETITION DATE**

Upon the application dated October 10, 2024 (the "Application")[1] of The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as counsel to the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Document      Page 2 of 4

Debtor, effective as of the Petition Date; and upon the affidavit of Matthew G. Roseman, Esq., a member of C&D, sworn to on October 2, 2024 (the "Roseman Affidavit"), which includes the statement of C&D pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2016; the Court finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Application was sufficient under the circumstances and that no further notice need be given; C&D is "disinterested" and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code, the terms of the engagement are reasonable and appropriate, and the legal and factual bases set forth in the Application and Roseman Affidavit establish just cause for the relief granted herein, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that the Debtor is hereby authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002, and Local Rule 2014-1, to retain and employ C&D as counsel to represent it as debtor and debtor-in-possession effective as of the Petition Date on the terms set forth in the Application and the Roseman Affidavit, with the compensation of and expense reimbursement to C&D to be hereafter fixed by this Court upon the filing of a proper application or applications therefor under 11 U.S.C. §§ 330 and 331 and/or in accordance with any Court order establishing procedures for interim or periodic compensation; and it is further

ORDERED, prior to any increases in C&D's rates for any individual employed by C&D and providing services in this case, C&D shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the U.S. Trustee and any parties in interest that

have filed a notice of appearance and request for notices. The supplemental affidavit shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

ORDERED, that C&D is authorized to perform the following services:

(a)  Advising the Debtor with respect to its power and duties in the continued operation of its business and management of its property as a debtor and debtor-in-possession;

(b)  Taking all necessary actions to protect and preserve the value of the estate of the Debtor and related matters;

(c)  Representing the Debtor before this Court, and any other court of competent jurisdiction, on matters pertaining to its affairs as a debtor and debtor-in-possession, including prosecuting and defending litigated matters that may arise during this Chapter 11 case;

(d)  Advising and assisting the Debtor in the preparation and negotiation of a plan of reorganization with its creditors and other parties in interest;

(e)  Advising the Debtor in connection with financing matters;

(f)  Advising the Debtor in connection with the sale of its assets;

(g)  advising the Debtor with respect to any teach-out agreements and its obligations and rights thereunder;

(h)  advising the Debtor on education and corporate law matters;

(i) Preparing all necessary or appropriate applications, motions, complaints, answers, orders, reports and other legal documents;

(j) Taking all necessary actions to protect and preserve the value of the estate of the Debtor and related matters;

(k) Performing all other legal services for the Debtor that may be desirable and necessary in this Chapter 11 case; and it is further

ORDERED, that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that to the extent the Application and engagement letter are inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that C&D shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED, that C&D shall apply any remaining amounts of its pre-petition retainer toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to C&D; and it is further

ORDERED, that C&D will not seek to use affiliates, independent contractors, subcontractors or subsidiaries of C&D to perform services under the engagement letter without separate Court approval; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #