So Ordered.

Signed this 5 day of November, 2024.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| THE COLLEGE OF SAINT ROSE, | : Case No. 24-11131 (REL) |
| | : |
| Debtor. | : |
| | : |

------------------------------------------------------------------x

**FINAL ORDER (A) AUTHORIZING THE DEBTOR TO
(I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING
BANK ACCOUNTS, RESTRICTED ACCOUNTS AND CREDIT CARD,
AND (III) RECEIVE A WAIVER OF CERTAIN OPERATING
<u>GUIDELINES RELATING TO BANK ACCOUNTS</u>**

Upon the motion (the "<u>Motion</u>")[1] filed by The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), by and through its proposed attorneys Cullen and Dykman LLP, pursuant to sections 105, 345, 363 and 503 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, <u>et</u> <u>seq.</u> (the "<u>Bankruptcy Code</u>") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for entry of an

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

22484.3 21232536v1

order (a) authorizing, but not directing, the Debtor to (i) continue using its cash management system, including making payment of sums due under a credit card, (ii) maintain and continue to use existing bank accounts, restricted accounts and credit card, and (iii) receive a waiver of certain operating guidelines relating to bank accounts; and the Court, having reviewed the Motion and having heard the statements of counsel in support of the interim relief requested in the Motion at the hearing before the Court (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis to the extent set forth herein.

2. The Debtor shall be and hereby are authorized to continue to manage the collection and disbursement of its revenues utilizing their Cash Management System in the ordinary course of business consistent with its prepetition practices.

3. The Debtor shall be and hereby is authorized, but not directed, to maintain the Credit Card in the ordinary course of business and to make payment of the prepetition amounts due and owing under the Credit Card as of the Petition Date as further set forth in the Motion.

4. Unless otherwise set forth herein, the requirements of the U.S. Trustee Guidelines that the Debtor (i) close all existing Bank Accounts and Restricted Accounts and open new debtor-in-possession accounts, (ii) establish specific bank accounts for operating, payroll and tax payments, and (iii) obtain and utilize new checks which bear the designation "Debtor-in-

Possession" and contain certain other information regarding the chapter 11 cases are hereby waived, and the Debtor is authorized to maintain its existing Bank Accounts, Restricted Accounts and Credit Card. Within (15) days of entry of this Order, the Debtor shall notify all Banks at which the Bank Accounts and Restricted Accounts are held that all such Accounts shall be designated as Debtor-in-Possession Accounts.

5. The credit limit on the Credit Card shall be reduced to $30,000 and the Bank Account at M&T Bank (ending in #0381) will continue to be used to make the monthly sweep payment. In addition to the Bank Account at M&T Bank, the Debtor will open and maintain a separate security account in the amount of $30,000.00 at M&T Bank ("Security Account"). The Security Account will be held to provide security to M&T Bank solely with respect to the Credit Card. The Security Account will be established in the Debtor's name and as a Debtor-In-Possession account. M&T Bank shall not withdraw from the Security Account unless the Debtor fails to timely make the monthly sweep payment from the Bank Account at M&T Bank (ending in #0381) after three (3) business days' notice from M&T Bank to the Debtor.In the event that the Security Account is drawn as contemplated herein, within three (3) business days of such draw, the Debtor shall replenish the Security Account such that the balance of the Security Account is $30,000. Upon closure of the Credit Card and upon request of the Debtor and/or its counsel, M&T Bank will apply the security to any balance owing on the Credit Card and will refund any unused funds in the Security Account consistent with its operating guidelines.

6. The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means, including the withdrawal of funds by vendors from the Golden Knights Cash Account and the Self-Insurance Plan Account.

22484.3 21232536v1

7. The banks where the Debtor holds its Bank Accounts and Restricted Accounts shall be and hereby are authorized to (a) continue to administer the Bank Accounts and Restricted Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts and Restricted Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, for the payment of any and all amounts approved by this Court.

8. Subject to section 553 of the Bankruptcy Code and any orders of this Court approving post-petition secured financing, all banks that maintain the Bank Accounts and Restricted Accounts should be prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtor's use of any funds deposited in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank or other entity against the Debtor that arose before the Petition Date, absent further order of the Court.

9. The Debtor is authorized to maintain and continue using its current Business Forms, including its existing check stock, not having a debtor-in-possession designation; provided that any new check stock printed for the Debtor shall reflect its status as a debtor-in-possession.

10. The Debtor shall separately record the balances of each of the Bank Accounts and Restricted Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date. Statements of all Bank Accounts, Restricted Accounts and the Credit Card shall be attached to the Monthly Operating Reports filed by the Debtor in this case.

11. To the extent that the Debtor's deposit and investment practices do not conform with the approved investment practices identified in section 345(b) of the Bankruptcy Code, the Court hereby approves such practices and waives the requirements of section 345(b) of the Bankruptcy Code.

12. Any and all payments authorized to be made pursuant to this Order shall be subject to and made only to the extent authorized under any interim or final orders governing the Debtor's use of cash collateral and terms of Debtor-in-Possession financing, including any Budget in connection therewith.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective upon its entry.

14. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

22484.3 21232536v1