UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:  The College of Saint Rose

Debtor(s).

Case Number 24-11131-1-rel

Chapter 11

## LIMITED OBJECTION TO BID PROCEDURES REGARDING DEBTOR'S AUCTION OF ITS REAL PROPERTY

Albany County Pine Hills Land Authority ("ACPHLA") by and through its counsel, O'Connell and Aronowitz, P.C., Peter A. Pastore, Esq., of counsel, hereby submits a limited objection to the bid procedures proposed by The College of Saint Rose (the "Debtor") regarding its auction of its real property and hereby respectfully represents as follows:

1. ACPHLA is a public benefit corporation and local public authority created by state law for the public purpose, inter alia, to acquire, instruct, reconstruct, continue, develop, equip, expand and improve, maintain, finance, and operate The College of Saint Rose's facilities and services within the County of Albany. See Title 28-C of Article 8 of the New York State Public Authorities Law.

2. On October 10, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. The Debtor has proposed an auction sale of all of its real property to be conducted on December 12, 2024. As part and parcel of that auction sale, the Debtor has proposed certain bid procedures. A hearing has been set to approve those bid procedures for 10:00 AM, November 13, 2024. Any objections to those bid procedures are due on or before November 6, 2024.

{O1558380.1}

4.     In accordance with its charter and its purpose, ACPHLA is engaged in discussions with the Debtor concerning the possibility that ACPHLA could be selected as a Stalking Horse Bidder in the Debtor's auction process. ACPHLA is working with the Debtor concerning a potential agreement with the Debtor as the Stalking Horse Bidder with terms and conditions consistent with ACPHLA's legislative purpose and objectives.

5.     In the event that ACPHLA does not become the Stalking Horse Bidder, ACPHLA may still desire to be a Qualifying Bidder at the auction to be held on December 12, 2024. In order to be considered a qualified bidder there are certain terms and conditions that ACPHLA will not be able to satisfy by December 6, 2024, the deadline for submission of qualified bid by Qualified Bidders. For example, although ACPHLA will eventually be in a position to make a "Good Faith Deposit" and to provide "Proof of Financial Ability to Perform", the bond and financing process of ACPHLA will not be completed by December 6, 2024. Accordingly, although there is little doubt that ACPHLA will successfully complete its bond and financing process over the next three to four months, funds for a Good Faith Deposit will not be available, and other similar financial "Qualified Bidder" requirements will not be achievable by December 6, 2024. Additionally, any evidence of "Corporate Authority" to be provided by ACPHLA on December 6, 2024 will contain certain conditions related to completing its bond financing. In sum, any Bid made by ACPHLA on December 6, 2024 will not meet several of the proposed criteria necessary for ACPHLA to be considered a "Qualified Bidder".

6.     In sum, although ACPHLA fully supports the Debtor's auction process, it hereby requests that ACPHLA be exempt from certain conditions required of qualifying bidders. Said exemption is requested to recognize the unique nature of ACPHLA as a public benefit corporation and local public authority and the requirements imposed on it under applicable New York State

{01558380.1}

law regarding its financing and bonding powers.

WHEREFORE, ACPHLA supports the Debtor's auction process and requests that the bid procedures be modified to allow ACPHLA to be a "Qualified Bidder" in the event it is not selected as the Stalking Horse Bidder, and for such other and further relief as deemed just and proper.

Dated:   November 6, 2024

Peter A. Pastore, Esq.
Counsel for ACPHLA
O'Connell & Aronowitz, PC
54 State Street, 9th Floor
Albany, New York 12207
Tel. 518.462.5601
papastore@oalaw.com

{01558380.1}