So Ordered.

Signed this 14 day of November, 2024.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
In re:                                                            :     Chapter 11
                                                                :
THE COLLEGE OF SAINT ROSE,         :     Case No. 24-11131 (REL)
                                                                :
              Debtor.                        :
                                                                :
---------------------------------------------------------------- x

**ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] filed by The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor"), for an entry of an order, pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2016(a), 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), establishing procedures for monthly

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

22484.3 21233390v1

compensation and reimbursement of expenses of professionals retained by order of this Court, as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED to the extent provided herein.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all professionals in this chapter 11 case may seek monthly compensation in accordance with the following Compensation Procedures:

    a. On or before the twentieth (20th) day of each month, or the next business day if such day is not a business day, following the month for which compensation is sought, each Retained Professional seeking compensation under this Order shall serve a monthly statement (a "<u>Monthly Fee Statement</u>"), by hand or overnight delivery, on (i) The College of Saint Rose, 432 Western Avenue, Albany, New York 12203, Attn: Debbie Polley; (ii) proposed counsel to the Debtor, Cullen and Dykman LLP, 80 State Street, Suite 900, Albany, New York 12207 (Attn.: Matthew G. Roseman, Esq. and Bonnie L. Pollack, Esq.) and via email to mroseman@cullenllp.com and bpollack@cullenllp.com; (iii) Office of The United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Lisa Penpraze; (iv) counsel to the Committee, if one is appointed; (v) counsel to the proposed DIP Lender, Eversheds Sutherland (US) LLP, The Grace Building, 40th Floor, 1114 Avenue of the Americas, New York, New York 10036, Attn: Todd C. Meyers and Sameer M. Alifarag; (vi) counsel

    to the trustee for the Pre-Petition Bondholders, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Ian Hammel and Aaron Williamssam; and (vii) any other party the Court may designate (collectively, the "Notice Parties"). Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a subsequent month or months.

b. On or before the twentieth (20th) day of each month beginning with November 1, 2024, or the next business day if such day is not a business day, following the month for which compensation is sought, each Retained Professional shall also file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers; provided that filing a Monthly Fee Statement with the Bankruptcy Court does not alter the requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim, and final, applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c. Except as otherwise permitted by an order of the court authorizing the retention of a Professional, each Monthly Fee Statement must contain a list of the individuals – and their respective titles (*e.g.*, attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred,[2] and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d. If any Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such Notice Party shall, by no later than fifteen (15) days after receipt of such Monthly Fee Statement, or the next business day if such day is not a business day (the "Objection Deadline"), serve notice of such objection upon the Retained Professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue (an "Objection").

e. At the expiration of the Objection Deadline, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d).

---

[2] No professional shall seek reimbursement of an expense which would otherwise not be allowed pursuant to any administrative order of this Court or the Fee Guidelines.

3

f.  If an Objection to a particular Monthly Fee Statement is served, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.  If an Objection is resolved by the parties, the Retained Professional whose Monthly Fee Statement was the subject of the Objection shall file a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution.  Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an Objection.

h.  All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph j below).

i.  The service of an Objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision of any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.  Unless a chapter 11 plan shall have been confirmed, commencing with the period ending February 28, 2025, and at no less than four-month intervals thereafter (the "Interim Fee Period"), each of the Retained Professionals shall file with the Court an application (an "Interim Fee Application") for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period, or the next business day if such day is not a business day.

k.  Only the Court has authority to determine whether to award compensation and reimbursement pursuant to any Application, however all such Applications should be prepared in substantial conformity with, and may be reviewed by the United States pursuant to, the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* dated May 17, 1996 (28 C.F.R. Part 58, Appendix A), as published in 61 Fed. Reg 24889. The Interim Fee Application must be accompanied by a cover sheet substantially in the form of Exhibit B to the Motion and include a brief description identifying:

    (1)    the Monthly Fee Statements that are the subject of the request;

    (2)    the amount of fees and expenses requested;

    (3)    the amount of fees and expenses paid to date or subject to an Objection; and

    (4)    any other information requested by the Court or required by the Local Rules.

l. Unless a chapter 11 plan shall have been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"). At least twenty-one (21) days prior to the Interim Fee Hearing, the Debtor's attorneys shall file notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.

m. Any Retained Professional who fails to file an Interim Fee Application seeking approval of compensation and expenses previously paid under this Order when required: (1) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later. Additionally, the Debtor's attorneys may file Interim Fee Applications on behalf of Retained Professionals seeking compensation.

n. The pendency of an Interim Fee Application or a Monthly Fee Statement or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

o. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

3. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to full disgorgement until final allowance of this Court.

5

4.      Each Retained Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on January 31, 2025.

5.      The amount of fees and disbursements sought shall be set out in U.S. dollars, and if disbursements are to be paid in a foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

6.      The Debtor shall include all payments to Retained Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Retained Professionals.

7.      Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this chapter 11 case.

8.      Retained Professionals must serve Interim Fee Applications and final fee applications upon the Notice Parties. All other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of such pleadings in this chapter 11 case shall be entitled to receive only notice of Interim Fee Hearings and final fee hearings, with a right to receive copies of the respective Interim Fee Applications and final fee applications upon request.

9.      Any and all payments authorized to be made pursuant to this Order shall be subject to and made only to the extent authorized under any interim or final orders governing the Debtor's

use of cash collateral and terms of Debtor-in-Possession financing, including any Budget in connection therewith.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. In the event that an ordinary course professional is required to file a fee application, then the Debtor' attorneys shall obtain a date from this Court for the hearing of such fee application, which shall be scheduled no earlier than twenty-one (21) days after the fee application is served on the Notice Parties.

12. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. The Debtor is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###