So Ordered.

Signed this 14 day of November, 2024.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :
In re:                                              :   Chapter 11
                                                    :
THE COLLEGE OF SAINT ROSE,                          :   Case No. 24-11131 (REL)
                                                    :
            Debtor.                                 :
                                                    :
                                                    :
------------------------------------------------------------------x

# ORDER AUTHORIZING THE DEBTOR TO ENTER INTO CONSIGNMENT AGREEEMENT AND AUTHORIZING THE SALE OF PIANOS PURSUANT TO THE CONSIGNMENT AGREEMENT FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

Upon the motion (the "Motion") of The College of Saint Rose ("Debtor"), seeking entry of an order pursuant to sections 105 and 363 of title 11, United States Code ("Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Debtor to enter into the consignment agreement annexed as Exhibit "B" to the Motion[1] and authorizing the sale of property pursuant to the Agreement free and clear of liens, claims and encumbrances; and a hearing on the Motion having been held on November 13, 2024 (the

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

22484.3 21233457v1

"Hearing"); and good and sufficient notice of the Motion and Hearing having been given and no other or further notice being required; and objections, if any, having been overruled, withdrawn, or resolved:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.    The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations contained in this Order are Bankruptcy Code sections 105 and 363, and Bankruptcy Rules 2002, 6004 and 9014.

C.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D.    Venue of this case and the Motion in this district is proper under 28 U.S.C. § 1408.

E.    Sufficient notice of the relief sought in the Motion has been given and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities.

F.    The Debtor determined in its best business judgment that selling the Property pursuant to the Agreement is in the best interests of the Debtor's estate and creditors.

G.    The Property may be sold pursuant to the Agreement free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code because to the extent any such liens and encumbrances exist, the holder of same have either consented, subject to the terms and conditions of this Order, or have not objected to the sale and are therefore deemed to consent to the sale of the Property.

BASED ON THE FOREGOING, AND AFTER DUE CONSIDERATION AND GOOD

22484.3 21233457v1

CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.  All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein, and all reservation of rights included in such objections, are overruled on the merits with prejudice.

2.  Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to enter into the Agreement, and to sell the Property thereunder pursuant to the terms of the Agreement, and upon such sale(s), all right title and interest of the Debtor in and to the Property shall vest in the purchaser(s) free and clear of any and all liens, claims and encumbrances of whatever kind or nature, with such liens, claims and encumbrances, if any, to attach to the proceeds of sale(s) in order of their priority and each and every Entity (as defined in Bankruptcy Code section 101(15)) is forever barred from asserting against Artist, its successors and assigns, or against the Property, any mortgages, liens, interests, Claims (as defined in Bankruptcy Code 101(5)) or other encumbrances of any kind or nature (including, without limitation, any judgment liens) (collectively "Encumbrances") held by such Entity against the Debtor or the Property.

3.  The Debtor is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of the Property pursuant to the Agreement consistent with this Order; provided that in the event that any particular Property is sold for less than 85% of its target sale price where the target sales price is greater than $10,000, the Debtor shall provide the trustee for the pre-petition Bondholders two (2) business days negative notice with respect to such sale (further provided that no notice shall be required where the target sales price is less than $10,000). In the event that the trustee for the Bondholders objects to such sale and the objection cannot be resolved consensually, the parties shall schedule a hearing to determine whether to approve such sale.

4.  In connection with any such sale of Property under the Agreement, the Debtor shall remit payment for sales and use tax without further order or approval by the Court.

5. Upon the disposition of any Property under the Agreement, the net cash proceeds thereof will be paid directly to the trustee for the pre-petition Bonds until the obligations under the Bonds are satisfied in full.

6. Following the closing of the sale(s), no holder of any Encumbrance against the Debtor or the Property shall interfere with the purchaser(s)' rights in, title to or use and enjoyment of the Property.

7. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to any sale authorized by this Order.

8. This Court shall retain jurisdiction to enforce the provisions of this Order and to resolve any disputes concerning this Order.

###

22484.3 21233457v1