So Ordered.

Signed this 14 day of November, 2024.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                :
In re:                          :  Chapter 11
                                :
   THE COLLEGE OF SAINT ROSE    :  Case No. 24-11131 (REL)
                                :
                                :
                     Debtor.    :
                                :
-----------------------------------------------------------------x

**ORDER AUTHORIZING EMPLOYMENT OF PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE OF BUSINESS
PURSUANT TO SECTIONS 105, 327, 328, AND 330 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014**

Upon the motion (the "Motion")[1] of The College of Saint Rose, debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing procedures for the retention and compensation of certain professionals employed by the Debtor in the ordinary course of business

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(the "Ordinary Course Professionals"), effective as of the Petition Date, without the submission of separate retention applications or the entry of separate retention orders for each Ordinary Course Professional; and (ii) authorizing the Debtor to compensate and reimburse such professionals without individual fee applications, all as described more fully in the Motion; and upon consideration of the First Day Declaration of Marcia J. White pursuant to Rule 2015-2 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief being requested being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby:

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Debtor is authorized to retain, compensate, and reimburse Ordinary Course Professionals, including, without limitation, those professionals listed on the Ordinary Course Professionals List annexed hereto as **Exhibit 1**, effective as of the Petition Date in accordance with the following approved procedures (the "Procedures"):

a.  Within thirty (30) days of the later of the entry of this Order or the date on which the retained Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional shall provide the Debtor's attorneys with:

    i.  a declaration (the "Ordinary Course Professional Declaration"), substantially in the form attached hereto as **Exhibit 2**, certifying that the professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter on which the professional is to be employed; and

    ii. a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form attached hereto as **Exhibit 3**, and shall periodically update such Ordinary Course Professional Declaration and/or Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to their retention.

b.  Upon receipt of the Ordinary Course Professional Declarations and Retention Questionnaires, the Debtor's attorneys shall promptly file them with the Court and serve a copy upon: (i) the Office of the United States Trustee, 11A Clinton Avenue, Albany, New York 12207 (Attn: Lisa Penpraze); (ii) counsel to the proposed DIP Lender; (iii) counsel to the trustee for the Pre-Petition Bondholders; and (iv) counsel for any Committee, if one is appointed (the "Reviewing Parties").

c.  The Reviewing Parties shall then have ten (10) days following service (the "Objection Deadline") to notify the Debtor, each other Reviewing Party, and the applicable Ordinary Course Professional, in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declarations or Retention Questionnaires.

d.  If no objections are received by the Debtor by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work (the "Retention Date").

e.  If an objection is filed by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within fourteen (14) days of the Objection Deadline (the "Resolution Deadline"), the Debtor shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled omnibus hearing date that is at least fourteen (14) days from the Resolution Deadline (unless otherwise agreed to by the Debtor and the objecting Reviewing Party).

f.  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration and Retention Questionnaire have been filed with the Court and (i) the Objection

    Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

g. Where retention of an Ordinary Course Professional has been approved in accordance with these Procedures, without a prior application to the Court and upon the submission to, and approval by, the Debtor of the appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, the Ordinary Course Professional shall receive 100% of the post-petition fees and disbursements incurred, up to $55,000 per month on average over any three-month period on a rolling basis (the "Monthly Cap").

h. In the event an Ordinary Course Professional seeks payment pursuant to this Order in any amount that would, together with previously authorized payments to such Ordinary Course Professional pursuant to this Order, exceed $100,000, such Ordinary Course Professional shall be required to file a fee application, to be heard on notice, and such payment shall be as directed by order of the Court on such application.

i. Subject to the preceding paragraph (h), in the event that an Ordinary Course Professional seeks more than the Monthly Cap, that professional will be required to file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines"), and all other court orders.

j. The Debtor reserves the right to retain additional Ordinary Course Professionals from time to time during this Chapter 11 Case; provided that such Ordinary Course Professionals comply with these Procedures. If the Debtor seeks to retain an Ordinary Course Professional not already listed on **Exhibit 1** hereto during this Chapter 11 Case, or if any Ordinary Course Professional is inadvertently excluded from such list, the Debtor will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "Supplemental Notice of Ordinary Course Professionals"), along with the attendant Ordinary Course Professional Declarations and Retention Questionnaires;

and it is further,

**ORDERED**, that the Ordinary Course Professional Declaration, substantially in the form attached hereto as **Exhibit 2**, and the Retention Questionnaire, substantially in the form attached hereto as **Exhibit 3**, are both approved; and it is further

**ORDERED**, that the entry of this Order and approval of the Procedures does not affect the Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises, and the Debtor reserves all of its rights with respect thereto; and it is further

**ORDERED**, that any and all payments authorized to be made pursuant to this Order shall be subject to and made only to the extent authorized under any interim or final orders governing the Debtor's use of cash collateral and terms of Debtor-in-Possession financing, including any Budget in connection therewith; and it is further

**ORDERED**, that the Debtor is authorized to take all steps necessary or appropriate to carry out this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

# Exhibit 1

## List of Ordinary Course Professionals

| Ordinary Course Professional | Services Performed by Professional | Address | Pre-Petition Amounts Due | Estimated Monthly Fees |
|---|---|---|---|---|
| Kessler PR Group | Public relations, strategic communications and reputation management services | 802 W. Park Avenue, Bldg. 3, Suite 301, Ocean Township, New Jersey 07712 | $0.00 | $0.00[2] |
| UHY Advisors Northeast, Inc. | Audit services for the Debtor's Pension Plans, Financial Statements and Title IV Audit | 4 Tower Place Executive Park 7th Floor Albany, NY  12203 | $11,300.62 | $55,000 |

---

[2] Kessler PR Group has been prepaid for its services pursuant to the terms of its contract.

1

**Error! Unknown document property name.**

## Exhibit 2

**Ordinary Course Professional Declaration**

**Error! Unknown document property name.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                      :

In re:                                                                    :     Chapter 11

THE COLLEGE OF SAINT ROSE,             :     Case No. 24-11131(REL)

              Debtor.                         :

-------------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT OF _____ ON BEHALF OF _____**

STATE OF _____  )
                           ) ss.:
COUNTY OF \_\_\_\_\_  )

_____, declares under penalty of perjury and says:

        1.     I am a _____ of _____, located at _____ (the "Firm").

        2.     The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor") has requested that the Firm provide _____ services to the Debtor, and the Firm has consented to provide those services (the "Services").

        3.     The Services include, without limitation, the following:

_____

_____

_____.

        4.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties

**Error! Unknown document property name.**

in interest in this chapter 11 case. Except to the extent the Firm provides services to a non-Debtor entity, the Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estates with respect to the matters on which the Firm is to be retained.

5.      Except as set forth herein, neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matters on which the Firm is to be employed.

[INSERT AS NEEDED]

6.      Neither I nor any partner or associate of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any person other than partners and associates of the Firm.

7.      As of the Petition Date, the Debtor owes the Firm $_____ for prepetition services.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this Declaration.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on _____, 2024.

                                                _____
                                                Name:
                                                Title:
                                                Professional:
                                                Address:

SWORN AND SUBSCRIBED before
me this ___ day of _____, 2024

_____
Notary Public

## Exhibit 3

**Retention Questionnaire**

**Error! Unknown document property name.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
    THE COLLEGE OF SAINT ROSE,                         :   Case No. 24-11131 (REL)
                                                            :
                                                            :
                                            Debtor.         :
                                                            :
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

To be completed by professionals seeking employment as "Ordinary Course Professionals" of The College of Saint Rose, debtor-in-possession in the above-captioned case (the "Debtor").

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT
RETURN IT FOR FILING BY THE DEBTOR TO:

Cullen and Dykman LLP
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
Attn: Bonnie L. Pollack, Esq.

1. Name and address of firm:

   _____

   _____

   _____

   _____

   Date of retention: _____

2. Brief Description of the type of services to be provided:

   _____

   _____

   _____

**Error! Unknown document property name.**

_____

_____

3.     Arrangements for compensation (hourly, contingent, etc.):

        _____

        Average hourly rates (if applicable): _____

        Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition): _____

4.     Prepetition claims against the Debtor held by the firm:

        Amount of claim: $_____

        Date claim arose: _____

        Nature of Claim: _____

5.     Prepetition claims against the Debtor held individually by any member, associate, or professional employee of the firm:

        Name: _____

        Amount of claim: $_____

        Date claim arose: _____

        Nature of claim: _____

6.     Disclose the nature of or provide a brief description of any interest adverse to the Debtor or to its estate for the matters on which the firm is to be employed:

_____

_____

_____

7. Disclose whether the firm provides services to any non-Debtor affiliate, the name of the entity that retained the firm, the entity the firm receives compensation from, and the nature of the services provided:

_____

_____

_____

_____

8. Name of the individual completing this form:

_____

**Dated: _____, 2024**