CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
(516) 357-3700

*Counsel for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re: : Chapter 11
:
THE COLLEGE OF SAINT ROSE, : Case No. 24-11131 (REL)
:
Debtor. :
:
------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY TO FILE CY PRES PETITION AND GRANTING RELATED RELIEF

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor" or the "College"), by and through its attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion"), pursuant to sections 105 and 362 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") for an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), vacating the automatic stay to authorize the Debtor to file a *cy pres* petition with respect to its endowment and restricted funds, and respectfully alleges as follows:

## INTRODUCTION

1. On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Northern District of New York in this chapter 11 case.

4. Simultaneously with the filing of its petition, the Debtor filed the Declaration of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration"). A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration, incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

6. The statutory predicates for the relief sought herein are sections 105(a) and 362(d) of the Bankruptcy Code.

## BACKGROUND

7. Over the lifetime of the Debtor's operation as an institution of higher education, it has received many endowments and other restricted gifts that were and still are not able to be used for general purposes, but only for the purposes identified by the donor in each individual endowment or gift agreement or other instrument. See N-PCL §513(b). The funds in those

2

accounts (the "Restricted Accounts") must be transferred to other tax-exempt, charitable corporations upon approval of the Albany County Supreme Court and the New York State Attorney General in accordance with the provisions of the Section 555(c) of the Not-for-Profit Corporation Law ("N-PCL") and Section 8-1.1(c) of the Estates, Powers and Trust Law ("EPTL"). This is accomplished by the filing of a *cy pres* petition with the Supreme Court of the State of New York, Albany County.

8. The Debtor holds the following Restricted Accounts:

- Broadview Federal Credit Union (#4100). These funds are from a restricted pledge by Broadview itself.
- Huether Bequest- Fidelity (#1082). These funds are from a restricted bequest.
- Restricted Endowment- Wilmington Trust (#0107). These funds are from restricted gifts and bequests.
- Donor Restricted Funds- Key Bank (#7008). These unspent funds are from the endowment earnings based on the donor authorized spend rate.

9. The Debtor does not believe that the funds held in the Restricted Accounts constitute property of the Debtor's bankruptcy estate, as they cannot be used for unrestricted purposes. The Debtor is in the midst of preparing the *cy pres* petition, which it hopes to have ready for filing by the first quarter of 2025. While the Debtor does not believe that it needs relief from the automatic stay in order to file the petition, in an abundance of caution, and because the result of the *cy pres* would be to transfer funds that are in accounts owned by the Debtor, it is requesting that the Court enter an order vacating the stay for the purpose of authorizing the Debtor to file the *cy pres* petition, and to transfer the Restricted Accounts in accordance with the ruling of the State Court and in consultation with the New York State Attorney General.

10. In addition to the Restricted Accounts, the Debtor holds a Charitable Gift Annuity Account ("CGA") at Key Private Bank (#7430). The CGA Account contains annuity monies of now 4 remaining annuitants. The monies in that account generate income from the investment of

3

that account, and the annuitants receive quarterly distributions from the CGA Account. Upon their death, the balance of their annuity may be transferred to the Debtor for unrestricted use in accordance with the instructions of the annuitants at the time they made the charitable gift. The Debtor has not yet determined whether to include the CGA Account in the *cy pres* petition. If it does, any such unrestricted distributions which may be received prior to the transfer of the CGA Account in accordance with the *cy pres* would be retained by the Debtor.

## BASIS FOR RELIEF REQUESTED

11. Pursuant to Section 105(a) of the Bankruptcy Code, a "[c]ourt may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

12. Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay, such as by terminating, modifying, modifying or conditioning the stay, "for cause". 11 U.S.C. §362(d)(1). In this case, cause exists to vacate the stay to permit the Debtor to file the *cy pres* petition.

13. Under the New York State Not-for-Profit Corporation Law ("N-PCL"), when a not-for-profit corporation receives a gift that is designated by the donor for a specific use, the corporation is prohibited from using that gift for any other purpose, except as provided under Article 8 of the Estates, Powers and Trust Law ("EPTL") or §555 of the N-PCL. *See* N-PCL §513(b). Both Article 8 of the EPTL and §555 of the N-PCL provide that a not-for-profit corporation may petition the court (i.e., the *cy pres* petition) to request that a court modify the donor-imposed restrictions on the use of a gift where the purposes of the gift have become unlawful, impracticable, impossible to achieve, or wasteful. *See* EPTL §8-1.1 and N-PCL

4

§555(c). The petition must be filed on notice to the NYS Attorney General and to the donor, if available. N-PCL §555(c).

14. In this instance, because the Debtor has ceased academic instruction, it is no longer possible for the Debtor to carry out the purposes for which certain gifts were received, i.e., to provide scholarships to students of the Debtor or other purposes which may no longer be possible. While the Bankruptcy Court will administer the Debtor's unrestricted assets, pursuant to NY State law, the Debtor must petition the NYS Supreme Court for an order allowing the Debtor to transfer its donor-restricted funds to one or more not-for-profit organizations that are exempt from federal and state taxation.

15. Since this is a requirement of state law that the Debtor is not exempt from, cause exists to vacate the stay to permit the Debtor to file the *cy pres* petition in order to fulfill its obligations under the NY Not-for-Profit law, and requests that the Court enter the Proposed Order for that purpose.

## NOTICE

16. Notice of this Motion has been provided to the parties required by the Order Establishing Notice Procedures dated October 16, 2024, including the New York State Attorney General. The Debtor submits that no further notice is necessary.

## NO PRIOR REQUEST

17. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order substantially similar to the Proposed Order attached hereto as **Exhibit A** granting the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Albany, New York
December 11, 2024

CULLEN AND DYKMAN LLP

By: /s/   *Bonnie Pollack*
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
80 State Street, Suite 900
Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com

*Counsel for The College of Saint Rose*

# EXHIBIT "A"

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re: : Chapter 11
: 
THE COLLEGE OF SAINT ROSE, : Case No. 24-11131 (REL)
: 
Debtor. : 
: 
-----------------------------------------------------------------x

**ORDER VACATING AUTOMATIC STAY TO ALOW DEBTOR TOFILE CY PRES PETITION AND GRANTING RELATED RELIEF**

Upon the motion dated December 11, 2024 (the "Motion")[1] of The College of Saint Rose (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, seeking an order vacating the automatic stay to allow the Debtor to file a *cy pres* petition with respect to its endowment and restricted funds; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

22484.3 21278058v1

circumstances; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that automatic stay, to the extent applicable, is vacated to allow the Debtor to file a *cy pres* petition with respect to its Restricted Accounts; and it is further

**ORDERED**, pending the outcome of the *cy pres* petition, the Debtor shall maintain the Restricted Accounts in the same manner as they have been maintained prior to the Petition Date; and it is further

**ORDERED**, that the Debtor may continue to receive funds from the CGA to the extent that such funds are unrestricted in nature; and it is further

**ORDERED**, that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

###