**CULLEN AND DYKMAN LLP**
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
(516) 357-3700

*Counsel for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                 :

In re:                                     :    Chapter 11

                                            :

THE COLLEGE OF SAINT ROSE,          :    Case No. 24-11131 (REL)

                                            :

                     Debtor.           :

                                            :
---------------------------------------------------------------x

## MOTION FOR ORDER AUTHORIZING THE DEBTOR TO DISBURSE FUNDS FROM DEBTOR'S EMPLOYEE PENSION PLAN AND GRANTING RELATED RELIEF

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

       The College of Saint Rose, the above-captioned debtor and debtor-in-possession (the "Debtor" or the "College"), by and through its attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion"), pursuant to sections 105, 363, and 541(b)(7) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") for an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to disburse monies held in The College of Saint Rose Non-Contract Employees' Pension Plan (the "Plan"), in accordance with the terms of the Plan and as limited herein, and respectfully alleges as follows:

## INTRODUCTION

1.      On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor remains in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Northern District of New York in this chapter 11 case.

4.      Simultaneously with the filing of its petition, the Debtor filed the Declaration of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration").  A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration, incorporated herein by reference.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

6.      The statutory predicates for the relief sought herein are sections 105(a), 363(b) and 541(c) of the Bankruptcy Code.

## BACKGROUND

7.      Prior to the Petition Date, the Debtor implemented the Plan for the benefit of certain employees who qualified under the terms of the Plan. A copy of the Plan is annexed hereto as **Exhibit B**. The Plan is governed by ERISA.

8.      At the time of the Debtor's bankruptcy petition,  there were 133 participants in the Plan (the "Plan Participants").

9.      The funds held and maintained in the Plan are the property of the Plan Participants, as they are made up of contributions from the Debtor for the sole benefit of the Plan Participants as required by the Plan. The Plan funds are therefore not property of the Debtor's bankruptcy estate.

10.     The Plan was terminated on or about July 31, 2024. On or before January 27, 2025, the Debtor must file the Pension Benefit Guaranty Corporation ("PBCG") Form 500, *Standard Termination Notice, Single Employer Plan Termination*, regarding the Plan. After the filing of that Form, the PBGC will have sixty (60) days to review same, and determine whether to convert the plan termination to a distressed, or involuntary, termination. Whether the plan is underfunded cannot be determined until that time, but the Debtor made all required contributions prior to the termination of the Plan and it was considered in compliance with the funding requirements as of the last required reporting date of July 1, 2024. To the extent that there is an underfunding of the Plan, it is guaranteed by the PBGC. Because of this, the Debtor is limited as to what distributions it can make to Plan Participants at this time.

11.     Thus, as confirmed in discussions with the PBGC, (a) any Plan Participant can take a distribution in the form of annuity payments; (b) any Plan Participant can take a lump sum distribution of less than the $7,000; and (c) no Plan Participant may take a lump sum distribution of greater than $7,000 at this time (although they may be able to do so in the future).

12.     While the Plan funds are not property of the estate, out of an abundance of caution, the Debtor seeks entry of the Proposed Order allowing the Debtor to continue annuity payments out of the Plan that were in place since prior to the Petition Date, authorizing the post-petition disbursement of the monies held in the Plan to the Plan Participants in accordance with the terms of the Plan and ERISA, provided that the distributions fall within paragraph 11(a) or

3

(b) hereof, and authorizing the payment of fees from the Plan to Milliman, Inc., the Debtor's

Plan advisor, as have been made prior to the Petition Date.

## BASIS FOR RELIEF REQUESTED

13.     Pursuant to Section 105(a) of the Bankruptcy Code, a "[c]ourt may issue any

order, process or judgment that is necessary or appropriate to carry out the provisions of [title

11]." 11 U.S.C. § 105(a).

14.     Section 363(b) of the Bankruptcy Code authorizes a debtor to expend funds in the

bankruptcy court's discretion outside the ordinary course of business, for which the court has

"broad flexibility in tailoring its orders to meet a wide variety of circumstances," as long as the

debtor "articulates some business justification… for using, selling, or leasing property out of the

ordinary course of business." *In re Windstream Holdings Inc.*, 614 B.R. 441, 456 (Bankr.

S.D.N.Y. 2020) (quoting *In re Ionoshpere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr.

S.D.N.Y.1989)).

15.     Moreover, section 363(b) provides, in relevant part, that in order to approve the

transfer of property outside the ordinary course of business, a bankruptcy court must "find from

the evidence presented before [it] at the hearing a good business reason to grant such an

application." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay

Corp.*, 973 F.2d 141, 144-45 (2d Cir. 1992) (affirming the bankruptcy court's approval of an asset

sale under section 363(b) by utilizing the "good business reason" standard); *In re MF Glob. Ltd.*,

535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) ("The business judgment of a trustee is entitled to

great deference."); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011).

16.     In the instant case, the Debtor seeks authority to disburse the monies held in the

Plan to the Plan Participants, a task perhaps outside the ordinary course of business, as the

request is brought about by the termination of the Plan. The funds sought to be distributed are not

property of the estate.

17.     "[F]unds deposited by a debtor to a trust account pursuant to the guidelines of

a pension plan are exempt from property of the debtor's bankruptcy estate, in New York, if the

plan is qualified under section 401 of the Internal Revenue Code of 1986, as amended." *In re

Feldman*, 171 B.R. 731, 735 (Bankr. E.D.N.Y. 1994) (citations omitted). In addition, "estate

creditors [may be precluded] from reaching certain trust funds, including qualified pension trust

funds, [under] . . . Bankruptcy Code section 541(c)(2)." *In re Feldman*, 171 B.R. 731, 735 n.2

(Bankr. E.D.N.Y. 1994) (citing 11 U.S.C. § 541(c)(2) (1994(). "Under section 541(c)(2), the

bankruptcy estate will not include the debtor's interest in property in a trust if there is an

enforceable non-bankruptcy law restriction upon the debtor's right to alienate such interest." *In

re Feldman*, 171 B.R. at 735 n.2 (citation omitted). *Local Union No. 97, IBEW v. NRG Energy,

Inc.,* 2009 US Dist. LEXIS 39423, at *14-15 (N.D.N.Y. May 8, 2009, No. 5:05-CV-1192

(GTS/GHL)) (concluding that the bankruptcy estate did not include the pension funds held by the

debtor-employer in trust as the funds were held in a qualified pension plan covered by ERISA

which were explicitly excluded as property of the estate).

Here, the Plan is subject to ERISA, and its funds are therefore excluded from the Debtor's estate.

The Plan Participants are entitled to the value of their accounts and should not have to wait to

obtain those funds provided that the disbursements comply with paragraph 11(a) or (b) hereof.

Nonetheless, out of an abundance of caution, the Debtor seeks this Court's permission to

distribute the funds and to pay fees from the Plan to Milliman, Inc., the Debtor's Plan advisor, as

have been made prior to the Petition Date, which the Court is empowered to authorize pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. **NOTICE**

18.    Notice of this Motion has been provided to the parties required by the Order Establishing Notice Procedures dated October 16, 2024, including the PBGC. The Debtor submits that no further notice is necessary.

## **NO PRIOR REQUEST**

19.    No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order substantially similar to the Proposed Order attached hereto as **Exhibit A** granting the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Albany, New York
        December 11, 2024

CULLEN AND DYKMAN LLP


By: /s/    *Bonnie Pollack*
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
80 State Street, Suite 900
Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com

*Counsel for The College of Saint Rose*

# EXHIBIT "A"

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

|                                  | :  |                        |
|----------------------------------|----|------------------------|
| In re:                           | :  | Chapter 11             |
|                                  | :  |                        |
| THE COLLEGE OF SAINT ROSE,       | :  | Case No. 24-11131 (REL)|
|                                  | :  |                        |
| Debtor.                          | :  |                        |
|                                  | :  |                        |

-----------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTOR TO DISTRIBUTE FUNDS FROM THE DEBTOR'S EMPLOYEE PENSION PLAN AND GRANTING RELATED RELIEF

Upon the motion dated December 11, 2024 (the "Motion")[1] of The College of Saint Rose

(the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case,

seeking an order authorizing the Debtor to distribute funds in its employee pension plan (the

"Plan") to plan participants ("Plan Participants"); and it appearing that the Court has

jurisdiction to consider the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. §157(b)(2); and venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Debtor shall and, hereby is, permitted to disburse monies held in the Plan to the Plan Participants according to the terms of the Plan; and it is further

**ORDERED**, that any such contribution of funds to the Plan Participants shall either be in the form of annuity payments, or a lump sum distribution of less than $7,000; and it is further

**ORDERED**, that the Debtor is authorized to pay fees from the Plan due to Milliman, Inc., the Debtor's Plan advisor, as have been made prior to the Petition Date; and it is further

**ORDERED**, that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the rights of the Debtor to seek to make lump sum distributions to Plan Participants of more than $7,000 in the future is preserved; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

###

## EXHIBIT "B"

**PENSION PLAN**