UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
: 
In re: : Chapter 11
: 
THE COLLEGE OF SAINT ROSE, : Case No. 24-11131  (REL)
: 
Debtor. :
:
-------------------------------------------------------------------- x

**ORDER (I) APPROVING SALE OF PRESIDENT'S HOUSE
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
OTHER INTERESTS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] filed by The College of Saint Rose, the above captioned debtor and debtor-in-possession (the "Debtor"), by and through its attorneys, Cullen and Dykman LLP, through which the Debtor now seeks entry of an order (this "Sale Order"), among other orders, pursuant to sections 105, 363, and 503 of chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), inter alia, approving and authorizing the sale (the "Sale") of the real property located at 90 South Manning Blvd., Albany,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

22484.3 21281182v1

New York (the "President's House") to Carl Becker ("Becker" or the "Successful Bidder"), free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon, pursuant to a Purchase Agreement (the "Purchase Agreement"),; and this Court having reviewed the Motion and the Purchase Agreement and upon this Court's prior order, dated November 15 , 2024, approving certain bidding procedures (the "Bidding Procedures Order" at Dkt. No. 130) and bid protections, and  scheduling a hearing (the "Sale Hearing") on the Motion; and a Sale Hearing having been held on December 19, 2024; and upon the Declaration of David Carlos having been filed by the Debtor in support of the Sale (the "Carlos Declaration"); and due and sufficient notice of the Sale Hearing and the relief sought therein having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and upon the entire record of the hearings held on November 13, 2024 and December 19, 2024 and this chapter 11 case including, without limitation, all proffers and other evidence admitted at the Sale Hearing, and after due deliberation thereon and good cause appearing therefore, it is hereby:

**FOUND, CONCLUDED AND DETERMINED THAT:**[2]

    A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

B. <u>Notice</u>.  Due, sufficient and adequate notice of the Motion and the relief requested therein, the Sale Hearing, and the Sale, as set forth in the Bidding Procedures Order, and the related transactions collectively described in the Purchase Agreement (all such transactions being collectively referred to as the "<u>Sale Transaction</u>"), has been given in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9006 and 9007 and in compliance with the Bidding Procedures Order.  Such notice was good and sufficient in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.

C. <u>Opportunity to Object</u>.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. <u>Sale is Appropriate</u>.  The sale of the President's House pursuant to the Purchase Agreement is authorized pursuant to section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004(f).  The Sale of the President's House outside the ordinary course of business represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances surrounding the Sale Transaction and the chapter 11 case.

E. <u>Corporate Authority</u>. The Debtor has full not-for-profit corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated therewith, and given entry of this Order no consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate the Sale Transaction.

F. <u>Best Interests/Business Justification</u>.  The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, and approval of the Purchase Agreement and the consummation of the Sale Transaction is in the best interests of the

3

22484.3 21281182v1

Debtor, its estate, creditors, and other parties in interest. The Debtor has marketed the President's House and conducted the sale process in compliance with the Bidding Procedures Order. The Bidding Procedures provided a full, fair and reasonable opportunity for any entity to make an offer to purchase the President's House. The terms and conditions of the Purchase Agreement are fair and reasonable. The Purchase Agreement represents the highest and best offer for the President's House, and the Purchase Price set forth therein is fair and reasonable and constitutes fair consideration and reasonably equivalent value under the Bankruptcy Code and New York law.

G. <u>Highest or Otherwise Best Bid</u>. Becker is the Successful Bidder for the purchase of the President's House, as set forth in the Purchase Agreement between the Debtor and Becker. The Bid of Becker is (i) fair and reasonable and (ii) the highest or otherwise best offer received for the President's House at an auction conducted on December 12, 2024.

H. <u>Arm's Length Transaction</u>. The Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Successful Bidder without collusion, in good faith and from arm's-length bargaining positions. The Successful Bidder is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code. Neither the Debtor nor the Successful Bidder has engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the Purchase Agreement to be avoidable under section 363(n) of the Bankruptcy Code. Specifically, the Successful Bidder has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement with unrelated third parties.

I. <u>Good Faith Purchaser</u>. The Successful Bidder is a good faith purchaser for value and, as such, is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. The Successful Bidder will be acting in good faith within the meaning of Section 363(m)

4

22484.3 21281182v1

of the Bankruptcy Code in connection with the transactions contemplated by the Purchase Agreement at any time after the entry of this Sale Order.

    J.  <u>Free and Clear</u>. The Debtor has complied with section 363(f) of the Bankruptcy Code because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied with regard to each such lien, claim, interest, obligation, right, or encumbrance. The indenture trustee for the Pre-Petition Bondholders (the "Bond Trustee") is consenting to the sale of the President's House subject to the entry of this Order on substantially the terms proposed by the Debtor, including, without limitation, the terms specified in paragraph 4 regarding the application of proceeds. Other holders of liens, claims, interests, obligations, rights, or encumbrances on or with respect to the President's House have consented to the sale of the President's House free and clear of those non-Debtor parties' interests in the President's House pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of liens, claims, interests, obligations, rights, or encumbrances on or with respect to the President's House who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and, to the extent such liens, claims, interests, obligations, rights, or encumbrances constitute valid and enforceable liens or other similar interests, are adequately protected by having such liens, claims, interests, obligations, rights, or encumbrances attach to the proceeds of the Sale Transaction ultimately attributable to the property against or in which they assert a lien or other similar interest.

    K.  The Successful Bidder would not have entered into the Purchase Agreement and would not consummate the Sale Transaction if (i) the Sale of the President's House were not free and clear of all liens, claims, interests, obligations, rights, or encumbrances, or (ii) the Successful Bidder would, or in the future could, be liable for any such liens, claims, interests, obligations, rights, or encumbrances, including any rights or claims based on, or otherwise arising under, any

5

doctrines of successor or transferee liability. Except as provided in the Purchase Agreement, and with the exception of the Excluded Assets as defined in the Purchase Agreement, the transfer of the President's House will be a legal, valid, and effective transfer of the President's House, and will vest the Successful Bidder with all right, title, and interest of the Debtor in and to the President's House, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, free and clear of all liens, claims, interests, obligations, rights, and encumbrances, except as otherwise specifically provided in the Purchase Agreement.

L.  <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, to the extent set forth herein.

2. All objections to entry of this Sale Order or to the relief provided herein and requested in the Motion that have not been withdrawn, waived, resolved, or settled on the terms of this Order are hereby denied and overruled in their entirety.

3. This Sale Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

**Approval of Sale**

4. <u>Sale Approval</u>.  The Sale, and all of the terms and conditions and transactions contemplated by the Purchase Agreement, are hereby authorized and approved pursuant to, <u>inter alia</u>, Sections 105(a) and 363(b) of the Bankruptcy Code. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the Purchase Agreement. The

Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and effectuate the provisions of this Sale Order and the transactions approved hereby. The net proceeds of the sale of the President's House will be retained by the Debtor's estate for payment of claims of creditors under a plan of liquidation. The Bond Trustee and Debtor have agreed that such proceeds shall be made available for prior payment to holders of allowed claims other than claims of the Bond Trustee or Pre-Petition Bondholders and the Bond Trustee will not assert a Diminution Claim against proceeds of the sale of the President's House as that term is used in the *Final Order (I) Authorizing the Debtor to (A) Obtain* Postpetition *Financing, (B) Use Bond Collateral, and (C) Grant Liens and Provide Superpriority Administrative Claims, (II) Modifying Automatic Stay, and (III) Granting Related Relief* (the "DIP Order").[3] Notwithstanding the foregoing, in the event that the sale of the President's House closes before the sale of the Campus to the Albany County Pine Hills Land Authority, as defined in and approved by separate order of the Bankruptcy Court, the net proceeds of the sale of the President's House shall be indefeasibly paid at the closing of the sale, without offset or defense, directly to the DIP Lender, in which event an amount equal to the net proceeds of the sale of the President's House shall be retained by the Debtor's estate from the closing of the sale of the Campus to the Albany County Pine Hills Land Authority from the net proceeds of that sale transaction and such funds, if any, shall be applied in the manner contemplated in the immediately prior sentences. .

---

[3] In connection with these matters the Bond Trustee and Debtor have also resolved the Debtor's reservation of rights under the DIP Order as to the extent the funds held by the Debtor as of the petition date are Bond Collateral and both agree that, subject to payment in full to the DIP Lender, those funds, in the approximate amount of $1.6 million, are pre-petition Bond Collateral for all purposes of the DIP Order (as those terms are used in the DIP Order).

22484.3 21281182v1

5.      Applicable Nonbankruptcy Law. The approval of the Sale is consistent and in accordance with Sections 510 and 511 of the New York Not-for-Profit Corporation Law and no further approval of the New York State Court shall be needed.

### Transfer of Acquired Assets

6.      Transfer of Acquired Assets. Except as otherwise provided in the Purchase Agreement or this Order, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, upon the Closing, the Acquired Assets as defined in the Purchase Agreement (including good and marketable title to the President's House) shall be transferred to the Successful Bidder free and clear of all liens, claims or encumbrances, with all such liens, claims or encumbrances to attach to the net proceeds of the Sale Transaction in the order of their priority, with the same validity, force and effect which they now have as against the President's House, subject (except with respect to the DIP Lender) to any claims and defenses, setoffs or rights of recoupment the Debtor may possess with respect thereto. Except as specifically provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade, and other creditors, asserting or holding any claims or interests in or with respect to the Debtor, the President's House, the operation of the Debtor's business prior to the Closing, or the transfer of the President's House to the Successful Bidder (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), howsoever arising, hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such claims or interests against the Successful Bidder and/or its affiliates, designees, assignees, successors, properties, or assets. Except as otherwise provided in the Purchase Agreement, effective upon the Closing, the Successful Bidder shall have no

22484.3 21281182v1

liability for any Claims (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor or its estate.

7.    Exemption of Transfer Taxes. The Sale to the Successful Bidder is being made in furtherance of a plan of reorganization. The Sale shall be exempt from transfer or similar taxes pursuant to section 1146 of the Bankruptcy Code, subject to and conditioned upon confirmation of a plan of reorganization by the Debtor.

7.8.    Successor Liability.  Successful Bidder is not a successor corporation or successor entity to the Debtor, the Debtor's estate, or the claims or liabilities of either.

8.9.    Surrender of Assets and Real Property.  All entities who are presently, or who as of the Closing may be, in possession of some or all of the Acquired Assets, including the President's House, hereby are directed to surrender possession of the Acquired Assets, including the President's House, to the Successful Bidder as of the Closing.

9.10.    Good Faith Purchaser/No Collusion.  The Successful Bidder is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.  The consideration provided by the Successful Bidder is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

**Additional Provisions**

10.11.    Additional Documents.  Prior to or upon the Closing of the Sale Transaction, each of the Debtor's creditors are authorized and directed (at the Debtor's expense as it pertains to the DIP Lender) to execute such documents and take all other actions as may be necessary to release their interests, if any, in the President's House as such interests, liens, claims and/or other encumbrances may have been recorded or may otherwise exist.

11.12.  Payment of Broker Commissions and Expenses. At the Closing, ~~JLL~~the Debtor shall ~~be paid~~pay to JLL from the proceeds of the Sale Transaction a brokerage commission in the amount of $~~21,875~~23,437.50 and reimbursement of expenses in the amount of ~~$[need amounts from JLL and need to prorate with other order]~~ $46.93 in accordance with the terms of their engagement as real estate broker in the Debtor's case, as requested on the record at the Sale Hearing.

~~12.~~13.  Release and Discharge of Liens.  Except as otherwise provided in the Purchase Agreement, this Sale Order (a) shall be effective as a determination that, upon the Closing, all liens existing with respect to the Debtor and/or the President's House prior to the Closing have been unconditionally released, discharged, and terminated as to the Successful Bidder and the President's House, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the President's House.

~~13.~~14.  Financing Statements. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing interests with respect to the Debtor and/or the President's House shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the President's House or otherwise, then (a) the Debtor or the Successful

Bidder is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the President's House and (b) the Successful Bidder and/or the Debtor is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all interests and liens in, against or with respect to the Debtor and/or the President's House. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

~~14.~~15.  Modifications.  The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement is not material.

~~15.~~16.  Automatic Stay.   The automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court to allow the Successful Bidder to (i) give the Debtor any notice provided for in the Purchase Agreement, and (ii) take any and all actions permitted by the Purchase Agreement and ancillary agreements in accordance with the terms and conditions thereof.

~~16.~~17.  Recording. Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Sale Order and any and all documents and instruments necessary and appropriate for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the President's House conveyed to the Successful Bidder.

11

17.18. Non-Bankruptcy Law. Nothing in this Order or the Purchase Agreement releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of the Closing. Nothing contained in this Order or in the Purchase Agreement shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws. Nothing in this Order or the Purchase Agreement authorizes the transfer to the Purchaser of any licenses, permits, registrations, or governmental authorizations and approvals without the Purchaser's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

18.19. Successors, Assigns. The terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, creditors, the Successful Bidder, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for the President's House, and all persons and entities receiving notice of the Motion, the Auction and/or the Sale Hearing notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, its estate, creditors, or any trustee(s), examiner(s), or receiver(s).

19.20. Non-Severability/Failure to Specify. The provisions of this Sale Order are non-severable and mutually dependent. The failure specifically to include any particular provision of

the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

20.21. Order Immediately Effective.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7052, 9014 or otherwise, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

21.22. Service.  Within three (3) business days of entry of this Order, the Debtor shall serve a copy of this Order on the parties so designated in the *Order Establishing Notice Procedures*.

22.23. Sale Order Controls. In the event of any conflict between this Order and any plan of reorganization or liquidation for the Debtor, or order confirming the same, this Order shall control.

23.24. Retention of Jurisdiction.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Sale Order and the Purchase Agreement.

###

22484.3 21281182v1