CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Kyriaki Christodoulou, Esq.
(516) 357-3700

*Attorneys for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                          :   Chapter 11
                                                :
THE COLLEGE OF SAINT ROSE,                      :   Case No. 24-11131 (REL)
                                                :
                    Debtor.                     ::
------------------------------------------------------------x

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C §§ 105(a) AND 365(a) & (d) AND FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS

The College of Saint Rose, debtor and debtor-in-possession (the "Debtor" or the "College"), by and through its undersigned counsel, Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to sections 105(a) and 365(a) and (d) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the rejection of certain executory contracts as set forth on **Exhibit 1** attached to the Order, and (b) granting related relief.

1

## INTRODUCTION

1. On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor continues in the operation and management of its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors (the "Committee") has been appointed by the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee") in this chapter 11 case.

4. Simultaneously with the filing of its petition, the Debtor filed the declaration (the "First Day Declaration") of Marcia J. White pursuant to Local Rule 2015-2 of the Local Rules. A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this Chapter 11 Case, is more fully set forth in the First Day Declaration, incorporated herein by reference.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Northern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a), 365(a) and (d), and Bankruptcy Rule 6006.

## BACKGROUND

7.      Prior to the Petition Date, the Debtor entered into several contracts for services related to routine business operations and maintenance of the Debtor's various systems (collectively, the "Executory Contracts"), identified on Exhibit 1 to the Order. All of the Executory Contracts relate to the operation and maintenance of the Debtor's campus in Albany, New York (the "Campus").

8.      On March 13, 2025, the Debtor sold the Campus to the Albany County Pine Hills Land Authority (the "Authority"). The Authority does not intend to assume any of the Executory Contracts. As a result, the Debtor has determined that rejecting the Executory Contracts is necessary to promote the efficiency and overall cost-effectiveness of the Debtor's reorganization.

## RELIEF REQUESTED

9.      By this motion, the Debtor seeks entry of the Order authorizing the rejection of the Executory Contracts as of March 31, 2025, except for two (2) Executory Contracts to be rejected as of June 30, 2025 as noted on Exhibit 1 to the Order.

**A.    Rejection of the Executory Contracts is a Sound Exercise of the Debtor's Business Judgment**

10.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009).

11.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment,

3

approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing "business judgment" standard used to approve rejection of executory contracts or unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.2d 38, 42–43 (2d Cir. 1979) (holding that "business judgment" test is appropriate for determining when executory contract can be rejected).

12.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2009) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)). Further, under the business judgment standard "a debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'"  *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

13.     Section 105(a) of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain."  *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel.*

4

*Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)). Section 105(a) therefore provides additional authority to the Court to grant the relief requested herein.

14. Rejection of the Executory Contracts is a sound exercise of the Debtor's business judgment. The rejection of unnecessary contracts and the attendant reduction in the estate's administrative costs reflects the Debtor's exercise of sound business judgment. Rejection of the Executory Contracts will reduce the Debtor's postpetition obligations and promote the efficiency and overall cost-effectiveness of the Debtor's reorganization. Further, omnibus rejection of the Executory Contracts will save substantial legal expense and Court time that would otherwise be incurred if multiple hearings were held on separate motions with respect to each contract that the Debtor has determined should be rejected.

15. The Executory Contracts are also not necessary to the Debtor's reorganization and of no future benefit to the estate. Accordingly, relieving the estate of any ongoing liability for such Executory Contracts will provide a significant benefit to the estate.

16. As the Debtor has exercised its sound business judgment in determining to reject the Executory Contracts, to the estate's benefit, the Debtor respectfully requests that this Court enter an Order authorizing rejection of same.

**B. Bar Date for Rejection Claims**

17. Finally, the Debtor requests that the Order contain a bar date for the filing of rejection damage claims which is 30 days following the date on which the court enters the Order (or, as to the two (2) Executory Contracts being rejected as of June 30, 2025, 30 days following the effective date of the rejection of such Executory Contracts). Establishing a bar date for rejection damage claims affords all counterparties to the Executory Contracts sufficient time to file their rejection claims.

5

## **NOTICE**

18. Notice of this Motion has been given in accordance with the Order Establishing Notice Procedures dated October 17, 2024, as well as to all counterparties to the Executory Contracts. The Debtor submits that under the circumstances no other or further notice is required.

19. No previous application for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated:  Albany, New York
        March 31, 2025

                CULLEN AND DYKMAN LLP

                By: /s/   *Bonnie Pollack*
                Matthew G. Roseman, Esq.
                Bonnie L. Pollack, Esq.
                Kyriaki Christodoulou, Esq.
                80 State Street, Suite 900
                Albany, New York 12207
                (516) 357-3700
                mroseman@cullenllp.com
                bpollack@cullenllp.com
                kchristodoulou@cullenllp.com

                *Attorneys for The College of Saint Rose*

# **EXHIBIT A**

## **Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :

In re:                                                       :    Chapter 11
                                                               :
THE COLLEGE OF SAINT ROSE,            :    Case No. 24-11131 (REL)
                                                                :
                Debtor.                       :  :

---------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C §§ 105(a) AND 365(a) & (d) AND
FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF
<u>CERTAIN EXECUTORY CONTRACTS</u>**

Upon the motion (the "Motion")[1] of The College of Saint Rose, debtor and debtor-in-possession (the "<u>Debtor</u>" or the "<u>College</u>"), for entry of an order (this "Order") pursuant to sections 105(a) and 365(a) and (d) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving the rejection of the executory contracts as set forth on **<u>Exhibit 1</u>** attached hereto (the "Executory Contracts"), and (b) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

22484.3 21388196v1

U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief being requested being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Executory Contracts set forth on **Exhibit 1** are deemed rejected pursuant to Bankruptcy Code section 365(a), effective as of March 31, 2025, except for the two (2) Executory Contracts identified on Exhibit 1 to be rejected effective as of June 30, 2025.

3. The deadline to file a proof of claim asserting damages arising from the rejection of any Executory Contracts shall be 30 days following the date of entry of this Order (or, as to the two (2) Executory Contracts being rejected as of June 30, 2025, 30 days following the effective date of the rejection of such Executory Contracts).

4. Nothing contained in the Motion or this Order shall be construed as (a) an admission of liability as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's right to dispute the amount of or the basis for any claim against the Debtor, or (c) a waiver of any claims or causes of action which may exist as against any creditor or interest holder in this case.

2

5. The Debtor shall cause a copy of this Order to be mailed by first class mail to each known counterparty to each of the Executory Contracts as set forth on the attached **Exhibit 1**, within three (3) business days after the date of this Order.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

\* \* \* \*

# EXHIBIT 1

## Executory Contracts

| Type of Contract | Name/Address of Counterparty |
|---|---|
| Annual Boiler Preventative Maintenance | Adirondack Combustion Technologies, Inc. 6 Northway Lane, Ste 202 Latham, NY 12110 |
| Annual Fire Extinguisher Maintenance | Albany Fire Extinguisher 215 Watervliet Shaker Road Watervliet, NY 12189 |
| Semi-Annual Kitchen Fire Suppression Maintenance | Albany Fire Extinguisher 216 Watervliet Shaker Road Watervliet, NY 12189 |
| Internal Pipe Inspection and Gauge Replacement | Albany Fire Protection, Inc. Avenue B, PO Box 429 Watervliet, NY 12189 |
| Annual Backflow Test and Inspection | Albany Fire Protection, Inc. Avenue B, PO Box 429 Watervliet, NY 12189 |
| Quarterly Wet Piper Sprinkler Systems Test and Inspection | Albany Fire Protection, Inc. Avenue B, PO Box 429 Watervliet, NY 12189 |
| Community Solar Distributed Generation Subscription | Bullrock Solar, LLC 145 Pine Haven Shore, Suite 1150 Shelburne, VT 05482 |
| NYC Teacher Education | Center for Integrated Teacher Education, Inc. 3305 Jerusalem Avenue Wantagh, NY 11793 |
| Water Treatment | ChemSearch Solutions 2727 Chemsearch Blvd Irving, TX 75062 |
| License Agreement: Signage in various locations | City of Albany 24 Eagle Street Albany, NY 12207 |
| Signage Right-of-Way on Partridge | City of Albany 24 Eagle Street Albany, NY 12207 |
| Collection and Disposal of Waste Materials | County Waste & Recycling PO Box 431 Clifton Park, NY 12065 |
| Lab Decommissioning | CT Male 50 Century Hill Drive Latham, NY 12110 |
| Security Guards | DDCues LLC 2023 US 9 Round Lake, NY 12151 |

| | |
|---|---|
| Automated Logic Controls on Equipment for Facilities | Eastern Heating and Cooling Inc.<br>880 Broadway<br>Albany, NY 12207 |
| Keltron Maintenance | Fire, Security, & Sound Systems, Inc.<br>4 Avis Drive, Suite 110<br>Latham, NY 12110 |
| Master Dark Fiber Agreement, Master Service Agreement, Service Order Agreement. Internet and Telephone Services- **TO BE REJECTED EFFECTIVE AS OF JUNE 30, 2025** | First Light<br>41 State Street, Floor 10<br>Albany, NY 12207 |
| Community Solar Distributed Generation Subscription | Green Street Power Partner<br>335 Madison Avenue, 4th Floor<br>New York, NY 10017 |
| Environmental Systems Maintenance | H.T. Lyons<br>3 Rexford Way<br>Clifton Park, NY 12065 |
| Community Solar Distributed Generation Subscription | Hope Solar Farm LLC<br>145 Pine Haven Shores Road, Suite 1150<br>Shelburne, VT 05482 |
| Maintenance Contract on one Card Building Locking System | ISC (Integrated Security & Communications)<br>5 Commerce Way, Ste 150<br>Hamilton, NJ 08691 |
| Landscaping and Snow Removal Services (month to month) | Riverview Companies Northeast LLC<br>PO Box 336<br>Coxsackie, NY 12051 |
| Pest Control for 80+ Buildings | Mark's Organic Pest Control<br>1 Poplar Avenue<br>Troy, NY 12180 |
| Diploma Printing and Diploma Distribution Agreement | Michael Sutter Company<br>855 South 430 West<br>Heber City, UT 84032 |
| Generator Maintenance | Milton Cat<br>PO Box 3851<br>Boston, MA 02241 |
| Health Insurance Plan Consultant- **TO BE REJECTED EFFECTIVE AS OF JUNE 30, 2025** | MVP Select Care<br>PO Box 26864<br>New York, NY 10087 |

| | |
|---|---|
| Degree Verify Agreement for Education Recruitment | National Student Clearinghouse<br>2300 Dulles Station Boulevard, Suite 300<br>Herndon, VA 20171 |
| Natural Gas – Renewal | NBR (fka Direct Energy Business Marketing LLC) dba Direct Energy Business<br>804 Carnegie Center Drive<br>Princeton, NJ 08540 |
| Elevator Maintenance | Otis Elevator<br>20 Loudonville Road<br>Albany, NY 12204 |
| Lifts: Lubricate and Survey Service | Otis Elevator<br>20 Loudonville Road<br>Albany, NY 12204 |
| Agreement – solar | Salmon River Solar LLC<br>PowerMarket<br>15 Metrotech Center, 19th Floor<br>Brooklyn, NY 11201 |
| Community Solar Subscription Agreement | Saratoga Solar II, LLC<br>Landmark Square, Suite 320<br>Stamford, CT 06901 |
| Internet and Security Systems | Spectrum<br>PO Box 6030<br>Carol Stream, IL 60197 |
| Solar Energy Agreement | Sunvestment Energy Group<br>Bullrock Solar<br>145 Pine Haven Shore Road, Suite 1150<br>Shelburne, VT 05482 |
| Carrier and Trane Chiller Preventive Maintenance | Tri County Refrigeration, Inc.<br>126 West Beecher Hill Road<br>Owego, NY 13827 |
| Third Party Elevator Inspections | Vertical Transportation Consulting LLC<br>430 Franklin Street<br>Schenectady, NY 12305 |
| Community Solar Subscription Agreement | Washington Avenue Solar<br>Landmark Square, Suite 320<br>Stamford, CT 06901 |