So Ordered.

Signed this 9 day of April, 2025.



_____

Robert E. Littlefield, Jr.

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

\---------------------------------------------------------------- x
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :
THE COLLEGE OF SAINT ROSE,                                        :   Case No. 24-11131 (REL)
                                                                  :
                              Debtor.                             :
                                                                  :
\---------------------------------------------------------------- x

**ORDER APPROVING THE PRIVATE SALE OF PERSONAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

Upon the motion (the "**Motion**") of The College of Saint Rose ("**Debtor**"), seeking entry

of an order pursuant to sections 105 and 363 of title 11, United States Code ("**Bankruptcy Code**")

and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") approving a

private sale of the Debtor's personal property identified on Exhibit "B" to the Motion[1]; and a

hearing on the Motion having been held on April 9, 2025 (the "**Hearing**"); and good and sufficient

notice of the Motion and Hearing having been given and no other or further notice being required;

and objections, if any, having been overruled, withdrawn, or resolved:

THE  COURT  HEREBY  MAKES  THE  FOLLOWING  FINDINGS  OF  FACT  AND

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

CONCLUSIONS OF LAW:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.      The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations contained in this Order are Bankruptcy Code sections 105 and 363, and Bankruptcy Rules 2002, 6004 and 9014.

C.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D.      Venue of this case and the Motion in this district is proper under 28 U.S.C. § 1408.

E.      Sufficient notice of the relief sought in the Motion has been given and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities.

F.      The Debtor determined in its best business judgment that a private sale of the Property to the Albany County Pine Hills Land Authority (the "**Authority**") for $155,000 (the "**Purchase Price**") is in the best interests of the Debtor's estate and creditors.

G.      The Purchase Price to be paid by the Authority constitutes adequate and fair value for the Property.  The sale was negotiated and entered into in good faith and from arm's length bargaining positions by and between the Debtor and the Authority.

H.      The Property may be sold free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code because the holders of such liens and encumbrances have consented, subject to the terms and conditions of this Order.

BASED ON THE FOREGOING, AND AFTER DUE CONSIDERATION AND GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein, and all reservation of rights included in such objections, are overruled on the merits with prejudice.

2.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to sell the Property to the Authority for the Purchase Price pursuant to the Bill of Sale attached hereto as Exhibit "1", and upon such sale, all right title and interest of the Debtor in and to the Property shall vest in the Authority free and clear of any and all liens, claims and encumbrances of whatever kind or nature, with such liens, claims and encumbrances, if any, to attach to the proceeds of sale in order of their priority and each and every Entity (as defined in Bankruptcy Code section 101(15)) is forever barred from asserting against the Authority, as applicable, its successors and assigns, or against the Property, any mortgages, liens, interests, Claims (as defined in Bankruptcy Code 101(5)) or other encumbrances of any kind or nature (including, without limitation, any judgment liens) (collectively "Encumbrances") held by such Entity against the Debtor or the Property.

3.      The Debtor is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of the Property to the Authority consistent with this Order.

4.      At the closing of the sale, the proceeds of the sale of the Property shall be paid directly to the Bondholder Trustee on behalf of the Bondholders.

5.      Following the closing of the sale, no holder of any Encumbrance against the Debtor or the Property shall interfere with the Authority's rights in, title to or use and enjoyment of the Property.

6.      The provisions of this Order authorizing the sale of the Property free and clear of liens, claims and encumbrances, shall be self-executing, and neither the Debtor nor the Authority shall be required to execute or file releases, termination statements, assignments, consents, or other

instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtor and the Authority, as applicable, and each of their respective employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Authority, as applicable, deems necessary or appropriate to implement and effectuate the terms of this Order. This Sale Order (i) shall be effective as a determination that, at the closing, all Encumbrances existing against the Property before the closing have been unconditionally released, discharged and terminated, and that the transfer and conveyance of the Property has been effected, and (ii) shall be binding upon and shall govern the acts of all persons and Entities. If any person or Entity that has filed financing statements or other documents or agreements evidencing any Encumbrances against the Property shall not have delivered to the Debtor before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Encumbrances which the person or entity has with respect to the Property, then the Authority and/or the Debtor are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or Entity with respect to such Property. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorder to act to cancel any Encumbrances of record against the Property, and all such clerks and recorders are hereby directed to accept this Sale Order as proof that such Encumbrances have been extinguished and released. Notwithstanding the foregoing, the Debtor shall not be under any obligation to record a certified copy of this Sale Order.

7.      The Authority shall not be deemed for any purpose to: (i) be a successor, continuation or alter ego (or other such similarly situated party) to the Debtor or its estate by reason of any theory of law or equity, including, without limitation, any bulk sales law, doctrine or theory of successor liability, or similar theory or basis of liability; or (ii) have, de facto or otherwise, merged with or into the Debtor;

or (iii) be a mere continuation, alter ego, or substantial continuation of the Debtor. The Authority is not assuming, nor shall it be liable for, any of the Debtor's debts, obligations or liabilities, and shall have no successor or vicarious liabilities of any kind or character under any theory of law relating to the Debtor's debts, obligations and liabilities.

8.      No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the sale authorized by this Sale Order.

9.      The transaction contemplated by the Motion is undertaken without collusion and in "good faith," as that term is defined in section 363(m) of the Bankruptcy Code. The Authority is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.   Accordingly, the reversal or modification on appeal of the authorization provided herein by this Sale Order shall not affect the validity of the sale of the Property to the Authority.

10.     This Court shall retain jurisdiction to enforce the provisions of this Order and to resolve any disputes concerning this Order.

****

# **<u>EXHIBIT 1</u>**

## BILL OF SALE

THIS BILL OF SALE is made and entered into as of the __ day of April, 2025 by THE COLLEGE OF SAINT ROSE, a New York not-for-profit educational corporation ("Seller"), and THE ALBANY COUNTY PINE HILLS LAND AUTHORITY, a New York public authority from Title 28-C of the Public Authorities Law (the "Buyer").

Seller and Buyer hereby agree that:

Seller does hereby bargain, grant, sell, convey, assign, transfer and deliver to Buyer, and its successors and assigns, the property set forth in Attachment A (the "Property"), for the sum of One Hundred Fifty-five Thousand ($155,000.00) and 00/100 Dollars.

THE PROPERTY IS BEING SOLD AND CONVEYED "AS IS", "WHERE IS", AND "WITH ALL FAULTS" AS OF THE DATE OF THIS BILL OF SALE, WITHOUT REPRESENTATION OR WARRANTY WHATSOEVER AS TO ITS CONDITION, FITNESS, FOR ANY PARTICULAR PURPOSE, MERCHANTABILITY OR ANY OTHER WARRANTY, EXPRESSED OR IMPLIED. ASSIGNOR SPECIFICALLY DISCLAIMS ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST OR PRESENT, EXPRESSED OR IMPLIED, CONCERNING THE PROPERTY OR SELLER'S TITLE THERETO EXCEPT THAT THE PERSONAL PROPERTY IS BEING SOLD FREE AND CLEAR OF ANY AND ALL LIENS AND ENCUMBRANCES.

This Bill of Sale shall be effective, and the Buyer shall take possession of the Property, no earlier than the entry of an Order of the United States Bankruptcy Court for the Northern District of New York approving the sale to Buyer of the Property (the "Effective Date").

The Buyer is required to have provided guaranteed funds (such as certified or bank cashier's check, or wire transfer) for payment prior to or at the time of sale.

This Bill of Sale shall be governed by and construed in accordance with the laws of the State of New York without regard to the principles of conflicts of law thereunder.

IN WITNESS WHEREOF, Seller and Buyer have executed this Bill of Sale effective as of the Effective Date.

Seller:                                                              Buyer

THE COLLEGE OF SAINT ROSE                    The Albany County Pine Hills Land Authority
432 Western Avenue
Albany, New York 12203

By: _____                    By: _____
      Signature              Date                              Signature              Date

Marcia J. White                                              Kevin W. O'Connor
President                                                        CEO

21396899v1

## ATTACHMENT A

## LISTING OF PERSONAL PROPERTY

**Link Provided to Buyer**