CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
(516) 357-3700

*Counsel for The College of Saint Rose*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re:                                                                    :   Chapter 11
                                                                                :
THE COLLEGE OF SAINT ROSE,                         :   Case No. 24-11131 (REL)
                                                                                :
                                           Debtor.                      ::
-----------------------------------------------------------------x

# DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 554(a) AUTHORIZING THE ABANDONMENT OF CHARITABLE ANNUITY ACCOUNT AND GRANTING RELATED RELIEF

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR., UNITED STATES BANKRUPTCY JUDGE:

The College of Saint Rose, debtor and debtor-in-possession herein (the "Debtor"), by and through its counsel, seeks entry of an order, substantially in the form attached hereto as Exhibit "A" (the "Proposed Order") authorizing the Debtor to abandon the CGA Account to the Annuitants (as each term is defined below), respectfully represents as follows:

## Background

1.  On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2.  The Debtor continues to act as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

22484.3 21363194v1

3. No Official Committee of Unsecured Creditors (the "Committee") has been appointed in the Debtor's case.

4. Simultaneously with the filing of the Petition, the Debtor filed the Declaration of Marcia J. White pursuant to Local Bankruptcy Rule 2015-2 (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration, incorporated herein by reference.

### Jurisdiction and Venue

5. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Request for Relief

7. The Debtor holds a Charitable Gift Annuity Account ("CGA Account") at Key Private Bank (#7430). The CGA Account contains annuity monies invested by the Debtor that allows for quarterly payments to the remaining two annuitants through which they, and their spouses, receive payments (the "Annuitants"). The monies in that account generate income from the investments into that account that fund the quarterly payments to the Annuitants. Upon the death of each Annuitant and the death of their respective spouse, the balance of their annuity

may be transferred to the Debtor for unrestricted use in accordance with the instructions of the Annuitants at the time they made the charitable gift.

8. Pursuant to New York State statute, the Debtor is required to maintain a certain amount in the CGA Account based on actuarial analyses as to the Annuitants' lifespan (the "Reserves"). The funds in the CGA Account in excess of the Reserves constitutes unrestricted cash of the Debtor.

9. As of March 31, 2025, there is $79,975.40 in the CGA Account, $45,956.97 of which constitutes the Reserves payable to the Annuitants. It is impossible to determine the length of remaining time of the lives of the Annuitants, so it is possible that the Debtor will need to maintain the CGA Account for years. Given that the Debtor will likely be wound down before the deaths of all Annuitants, that the Reserves in the CGA Account are not significant (and is decreasing quarterly), and that the cost of maintaining the CGA Account and administering same is likely greater than the ultimate value of the Reserves in the CGA Account, the Debtor believes that the Reserves in the CGA Account are of inconsequential benefit to the estate and that the CGA Account is burdensome to the estate. The Debtor therefore proposes to liquidate the investments in the CGA Account, abandon the Reserves to the Annuitants in accordance with the statement annexed hereto as Exhibit "B", transfer the balance of the CGA Account to the Debtor's operating account, and close the CGA Account.

10. Section 554 of the Bankruptcy Code allows a debtor to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). For the reasons set forth above, the Debtor submits that it is in the best interest of all parties involved to liquidate the GCA Account and abandon the Reserves back to the Annuitants in accordance with Exhibit "B" hereto.

11. Abandoning the Reserves to the Annuitants and closing the CGA Account would remove the burden of administering same, particularly since the CGA Account may need to be administered longer than the time it will take to wind down all operations and close the bankruptcy case. This is particularly the case since the amount in the CGA Account is insubstantial and is decreasing quarterly.

12. Furthermore, abandoning the reserves to the Annuitants does not harm the Annuitants; rather, it benefits them by returning remaining funds from the investments to them. As a result, the Debtor submits that liquidating the CGA Account and abandoning the Reserves to the Annuitants in the manner proposed herein is in the best interest of the Debtor, the Annuitants and the estate.

## Notice

13. Notice of this Motion will be given to the parties required under the Order Establishing Notice Procedures dated October 17, 2024, as well as to the Annuitants and KeyBank Institutional Advisors, which maintains the CGA Account. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required or needed under the circumstances.

Wherefore, the Debtor requests that the Court enter an order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: Albany, New York
April 9, 2025

CULLEN AND DYKMAN LLP

By: /s/ Bonnie Pollack
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
80 State Street, Suite 900

Albany, New York 12207
(516) 357-3700
mroseman@cullenllp.com
bpollack@cullenllp.com

*Attorneys for The College of Saint Rose*

22484.3 21363194v1

# EXHIBIT A

# PROPOSED ORDER

22484.3 21363194v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
THE COLLEGE OF SAINT ROSE,                          :    Case No. 24-11131 (REL)
                                                    :
                    Debtor.                         :
                                                    :
-------------------------------------------------------------x

## ORDER AUTHORIZING ABANDONMENT OF CGA ACCOUNT TO ANNUITANTS UNDER 11 U.S.C. §§ 105 AND 554

Upon the motion dated April 9, 2025 (the "Motion")[1] of The College of Saint Rose (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, authorizing the Debtor to abandon the CGA Account to the Annuitants under 11 U.S.C. §§ 105 and 554; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b)92); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

22484.3 21363194v1

Case 24-11131-1-rel    Doc 228    Filed 04/09/25    Entered 04/09/25 13:27:39    Desc
Main Document    Page 8 of 10


no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Debtor is authorized to and shall liquidate the CGA Account, abandon the Reserves in the amounts set forth on Exhibit "B" to the Motion to the Annuitants, transfer the remainder to the CGA Account to its operating account and close the CGA Account; and it is further

**ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that KeyBank Institutional Advisors is authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

####

# EXHIBIT B

# RESERVE AMOUNTS

22484.3 21363194v1

# Gift Annuity Reserves as of 03/31/2025

| Gift Date | Gift Key | Gift Amount | Payout % | Account #1 | Reserve State | Annuity | Mort Table | Reserve % | Factor | Reserve |
|---|---|---|---|---|---|---|---|---|---|---|
| **THE COLLEGE OF SAINT ROSE (SAINTROSE)** | | | | | | | | | | |
| 06/26/2012 | 4439 | $10,000.00 | 4.60000000 | | NY | $460.00 | Ann 2000 | 4.25000000 | 9.12812518 | $4,198.94 |
| Quarterly End of Period; 1st Payment 09/30/2012 | | | | | | | | | | |

| Annuitant | State | D.O.B. | Age | Gender | D.O.D. | Person Key |
|---|---|---|---|---|---|---|
| SHARON MANERI | NY | | 82 | F | | 3348 |
| CHARLES MANERI | NY | | 85 | M | | 3349 |

| Gift Date | Gift Key | Gift Amount | Payout % | Account #1 | Reserve State | Annuity | Mort Table | Reserve % | Factor | Reserve |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/12/2013 | 4440 | $100,000.00 | 5.00000000 | | PA | $5,000.00 | Ann 2000 | 4.00000000 | 8.35160628 | $41,758.03 |
| Quarterly End of Period; 1st Payment 09/30/2013 | | | | | | | | | | |

| Annuitant | State | D.O.B. | Age | Gender | D.O.D. | Person Key |
|---|---|---|---|---|---|---|
| ANN MARIE WEIS | PA | | 84 | F | | 3350 |
| FREDERICK WEIS | PA | | 88 | M | | 3351 |