So Ordered.

Signed this 1 day of July, 2025.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
In re:                                                           :  Chapter 11
                                                                 :
THE COLLEGE OF SAINT ROSE,                                       :  Case No. 24-11131 (REL)
                                                                 :
                                                                 :
            Debtor.                                              :
                                                                 :
---------------------------------------------------------------- x

### ORDER CONFIRMING FIRST AMENDED CHAPTER 11 PLAN FILED BY THE COLLEGE OF SAINT ROSE

A petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") having been filed on October 10, 2024 by The College of Saint Rose (the "Debtor"); and the Debtor having filed with this Court a First Amended Chapter 11 Plan (the "Plan") and an Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") both dated May 19, 2025; and

A hearing having been held on May 21, 2025 (the "Disclosure Statement Hearing"); and by Order dated May 22, 2025 (the "Approval Order"), this Court, *inter alia*, (i) approved the Disclosure Statement as containing adequate information in accordance with section 1125 of the

21483852.v1

Bankruptcy Code, (ii) authorized the transmittal of a solicitation package (the "Solicitation Package") to all creditors entitled to vote under the Plan, (iii) fixed June 17, 2025 as the last date for receipt of Ballots[1] accepting or rejecting the Plan, (iv) fixed June 24, 2025 as the last date for filing objections to confirmation of the Plan, and (v) scheduled the hearing on confirmation of the Plan to occur on July 1, 2025 (the "Confirmation Hearing"); and

It appearing from the affidavits of service on file with this Court that the Solicitation Package has been served in accordance with the Approval Order; and the Ballots of acceptances and rejections of the Plan by the holders of Claims entitled to vote having been received and tallied; and upon the certification of Ballots by Cullen and Dykman LLP ("Cullen") as Balloting Agent; and the Confirmation Hearing having been conducted on July 1, 2025 (the "Confirmation Hearing"); and after hearing the arguments of counsel and any evidentiary testimony required; and upon the record of the Disclosure Statement Hearing and of the Confirmation Hearing and of all proceedings heretofore had herein; and due deliberation having been had, and sufficient cause appearing to me therefor; and

As a result of the Confirmation Hearing, this Court having determined and found that:

A.  Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over the Debtor's bankruptcy case and all contested matters and adversary proceedings therein or relating thereto. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court shall retain jurisdiction for all purposes under and in connection with the Plan, confirmation of the Plan and all disputes arising out of or relating to

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Plan.

2

the confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan;

B.  All persons, entities or governmental agencies entitled or required to receive notice have received due, proper and adequate notice of the Disclosure Statement Hearing and the Confirmation Hearing;

C.  The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, including, without limitation, the proper classification of Claims as permitted by section 1122 of the Bankruptcy Code;

D.  The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code;

E.  Pursuant to section 1123(a) of the Bankruptcy Code, the Plan: (i) specifies those Classes of Claims that are not impaired under the Plan, (ii) specifies the treatment of each Class of Claims that is impaired by the Plan, (iii) provides the same treatment for each Claim of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim, and (iv) provides adequate means for the implementation of the Plan;

F.  The Plan has been proposed in good faith and not by any means forbidden by law;

G.  Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in compliance with all applicable law, rules and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code;

H.  The Plan discloses the identity of the Plan Administrator to serve post-Effective

Date, and that selection is consistent with the interest of Holders of Claims and public policy;

I.      (i) Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been disclosed to this Court; and (ii) any payment made before confirmation of the Plan is reasonable, or if such payment is to be fixed upon or after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

J.      With respect to each Class designated by the Plan, each Holder of a Claim in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date;

K.      The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code;

L.      At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class;

M.      All Classes which cast votes upon the Plan (Classes 2, 4 and 5) voted in favor of the Plan;

N.      Claims in Class 1 and 3 did not vote upon the Plan;

O.      Except as such Claimants have agreed to different treatment, Holders of Claims in Classes 1 and 3 are receiving the full value of their Claim or of any property securing such Claims;

4

P. All of the applicable requirements of section 1129(a) and (b) of the Bankruptcy Code have been met with respect to the Plan;

Q. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor and the Court finds that the Plan is feasible pursuant to section 1129(a) (11) of the Bankruptcy Code;

R. No governmental or regulatory commission has jurisdiction over rates charged by the Debtor;

S. The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with the prior orders of this Court;

T. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date, and thereafter will be paid in the ordinary course;

U. The Debtor is no longer obligated to pay retiree benefits and therefore section 1129(a) (13) of the Bankruptcy Code is inapplicable;

V. The Debtor is not required to pay a domestic support obligation and therefore section 1129(a)(14) of the Bankruptcy Code is inapplicable;

W. The Debtor is not an individual and therefore section 1129(a)(15) of the Bankruptcy Code is inapplicable;

X. Any transfers of property under the Plan are being made in accordance with non-bankruptcy law applicable to the Debtor as a not-for-profit entity;

Y. Any modifications of the Plan comply with section 1127(a) of the Bankruptcy Code and Rule 3019(a of the Federal Rules of Bankruptcy Procedure; and

Z. The objections to Confirmation, if any, that were not withdrawn, are overruled.

IT IS THEREFORE ORDERED, DECREED AND ADJUDICATED THAT:

21483852.v1

1. The findings set forth hereinabove are hereby incorporated and shall be deemed to be an Order of this Court. This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2. Except as modified by paragraph 4 hereof, the Plan dated May 19, 2025 be, and hereby is, approved and confirmed pursuant to section 1129 of the Bankruptcy Code; and the Debtor be, and hereby is, authorized to take all steps necessary to effectuate consummation of the Plan and the payments and distributions therein set forth, all in conformity with the terms of the Plan.

3. The Plan Administrator Agreement be, and hereby is, approved in all respects effective as of the Effective Date of the Plan.

4. The appointment of Debra Lee Polley as Plan Administrator is consistent with the interests of holders of Claims against the Debtor and with public policy. Notwithstanding anything to the contrary in the Plan or the Plan Administrator Agreement, the Plan Administrator shall be compensated at a rate of $6,750 per month during the term of the Plan Administrator Agreement.

5. As provided in the Plan, as of the Effective Date, the Plan Administrator shall have the power and authority to take any action necessary to administer, liquidate and distribute the remaining Assets of the Estate and take all actions described in the Plan and the Plan Administrator Agreement.

6. The Debtor and the Plan Administrator are hereby authorized to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary, useful or appropriate to implement and effectuate the Plan and all other related

21483852.v1

instruments and documents and this Confirmation Order, and to satisfy all other conditions precedent to the implementation and effectiveness of the Plan.

7. The Plan Administrator is hereby authorized to make distributions and other payments in accordance with the Plan and the Plan Administrator Agreement.

8. **<u>Superpriority and Administrative Claim Bar Date</u>**. **Proofs of claim or applications for payment of Superpriority Claims and Administrative Claims (other than Professional Fee Claims) arising subsequent to October 10, 2024 and before the Effective Date (the date of entry of this Order) must be filed with the Court and served as set forth in the Plan no later than thirty (30) days following Effective Date. Any Person or entity that fails to file such a proof of claim or application with the Court within that time shall be forever barred from asserting such Superpriority Claim or Administrative Claim including without limitation, against the Debtor, the Estate, the Plan Administrator or their property or commencing or continuing any action, employment of process, or act to collect, offset, or recover any such Administrative Claim.**

9. **<u>Professional Fee Claims</u>. All applications for payment of Professional Fee Claims for services rendered through the Effective Date must be filed with the Court no later than thirty (30) days following the Effective Date. Any Person or entity that fails to file such an application on or before such date shall be forever barred from asserting such a Professional Fee Claim against any of the Debtor, the Estate, the Plan Administrator or their property and the holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Fee Claim.**

10. Any objections to confirmation of the Plan that have not been withdrawn are

denied and overruled in their entirety.

11. In the event of any inconsistency between: (a) the Plan, any order of this Court issued prior to the Confirmation Date, or any agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern and shall supersede any such provision of the Plan, or any such agreement, instrument, document or order of this Court issued prior to the Confirmation Date which are inconsistent with this Confirmation Order.

12. The terms and provision of the Plan are incorporated into this Confirmation Order by reference thereto as if each term and provision was set forth herein as the findings, determinations and ordered provisions of this Order, and the failure to specifically include any particular term or provision in this Confirmation Order shall not diminish or impair the force or effect of such term or provision of the Plan.

13. This Court hereby retains jurisdiction for the purposes provided for in the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, including for any purpose for which this Court previously retained jurisdiction by any prior order of this Court.

14. All fees owing to the Office of the Clerk of the Bankruptcy Court must be paid in full by the Debtor within ten (10) days hereof.

15. All fees due and payable under 28 U.S.C. § 1930 shall be paid by the Debtor on or before the Effective Date of the Plan. In addition, the Debtor shall continue to make payments due under 28 U.S.C. U.S.C. § 1930, plus, to the extent due and payable thereunder, interest pursuant to 31 U.S.C. § 3717, until the entry of a Final Decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Also, the

Debtor shall file quarterly Post Confirmation Reports and schedule quarterly post-confirmation status conferences with the Court until the entry of a Final Decree.

16. The Debtor shall file on ECF a Notice of the Effective Date of the Plan within three (3) business days of the occurrence of the Effective Date.

****

21483852.v1