So Ordered.

Signed this 31 day of July, 2025.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
In re: : Chapter 11
:
THE COLLEGE OF SAINT ROSE, : Case No. 24-11131 (REL)
:
Debtor. :
:
------------------------------------------------------------- x

**STIPULATION AND ORDER FOR ALLOWANCE AND PAYMENT OF
SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM ON ACCOUNT OF
DIMINUTION CLAIM OF MANUFACTURERS AND TRADERS TRUST COMPANY,
AS BOND TRUSTEE**

This *Stipulation for Allowance and Payment of Superpriority Administrative Expense Claim on Account of Diminution Claim of Manufacturers and Traders Trust Company, as Bond Trustee* (this "Stipulation") is entered into by and between Debra Lee Polley, Plan Administrator for The College of Saint Rose, as debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), and Manufacturers and Traders Trust Company, in its capacity as indenture trustee (the "Bond Trustee") for the City of Albany Capital Resource Corporation Tax-Exempt Revenue Refunding Bonds (The College of Saint Rose Project), Series 2021 (the "Bonds"), through their respective counsel of record, with regard to the following facts and circumstances

1

35025111.v1

(the Debtor and the Bond Trustee may be referred to herein, collectively, as the "Parties").

## RECITALS

A. In November 2021, the City of Albany Capital Resource Corporation issued the Bonds, in the original principal amount of $48,150,000, and loaned the proceeds thereof to the Debtor. The Bonds are secured by duly perfected liens and security interests in gross revenues, selected campus facilities and real property, tangible personal property located in, on, or around the mortgaged campus facilities and real property, and certain other personal property (collectively, the "Bond Collateral"), all as more fully described in the *Final Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing, (B) Use Bond Collateral and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Modifying Automatic Stay, and (III) Granting Related Relief* [Dkt. No. 103] (the "DIP Order").[1]

B. Pursuant to the DIP Order, the Bond Trustee was granted, "to secure any diminution in value from and after the Petition Date in the value of its valid, enforceable and non-avoidable interest in the Bond Collateral ... replacement security interests and liens upon all assets of the Debtor." DIP Order at ¶ 10(a). The DIP Order further provided that "[t]he Bond Trustee shall receive a superpriority administrative expense claim pursuant to sections 503(b) and 507(b) of the Bankruptcy Code ... equal to the Diminution Claim to the extent not satisfied under paragraph (10)(a)." DIP Order at ¶ 10(b).

C. At the time of entry of the DIP Order, the Debtor had reserved rights "as to the extent to which funds held by the Debtor as of the Petition Date are Pre-Petition Bond Collateral." DIP Order at ¶ G.(ii).

D. In connection with entry of the *Order (I) Approving Sale of Campus Real Estate*

---

[1] Capitalized terms used but not defined herein shall the meanings given to such terms in the Final DIP Order.

*Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (II) Granting Related Relief* [Dkt. No. 160] (the "Sale Order"), the Debtor and the Bond Trustee "resolved the Debtor's reservation of rights under the DIP Order as to the extent the funds held by the Debtor as of the petition date are Bond Collateral," and agreed that "those funds, in the approximate amount of $1.6 million, are pre-petition Bond Collateral for all purposes of the DIP Order."  Sale Order at ¶ 4, n.3.

E.     The Debtor's *First Amended Chapter 11 Plan of the College of Saint Rose* [Dkt. No. 257] (the "Plan"), confirmed pursuant to the *Order Confirming First Amended Chapter 11 Plan Filed by The College of Saint Rose* [Dkt. No. 277] (the "Confirmation Order"), provides that "Superpriority Claims[2] include Claims pursuant to Section 503(b) and 507(b) of the Bankruptcy Code equal to the Diminution Claims (as that term is defined the DIP Order), allowable to Bondholders under the DIP Order," and that "[t]he Debtor estimates that the amount of Superpriority Claims payable to the Bondholders totals $1,615,182."  Plan at Art. II, § A.1.

F.     The Plan also provides that "each Holder of an Allowed Superpriority Claim will receive an exchange for full and final satisfaction, settlement, release, and compromise of its Superpriority Claim an amount of Cash equal to the amount of such Superpriority Claim."  *Id.*

## AGREEMENT

1.     <u>Allowance of Superpriority Claim</u>.  The Parties agree that the Bond Trustee, on accounts of its Deficiency Claim, as defined in the Plan, shall have an allowed Superpriority Claim,

---

[2] "Superpriority Claims" is defined in the Plan to mean "the Claims of the Bondholders and the DIP Lender allowable pursuant to the DIP Order pursuant to sections 503(b) and 507(b) of the Bankruptcy Code with priority over all Claims other than the Carve-Out (as defined in the DIP Order), equal to the Diminution Claim."

"Diminution Claim" is defined in the Plan to mean "the diminution in value from and after the Petition Date of the valid, enforceable and non-avoidable interest of a Holder of a Claim in the Pre-Petition Collateral (as defined in the DIP Order)."

3

as defined in the Plan, in the amount of $1,615,182 (the "Allowed Bond Trustee Superpriority Claim").

2. Payment of Superpriority Claim. In accordance with Art. II, § A.1. of the Plan, and notwithstanding the procedure for proofs of claim or applications for payment of Superpriority Claims set forth in the Confirmation Order, the Parties agree that the amount of the Allowed Bond Trustee Superpriority Claim shall be paid no later than five (5) business days after the date of entry an order approving this stipulation and allowing the Allowed Bond Trustee Superpriority Claim. Such payment shall constitute full and final satisfaction of the Allowed Bond Trustee Superpriority Claim.

3. The Parties stipulate and agree that, unless otherwise ordered by the Court, no further notice or court appearance shall be necessary to effectuate the terms of this Stipulation.

4. The undersigned counsel each represents that they have the authority to execute this Stipulation on behalf of their respective clients, and that this Stipulation is binding upon each of their clients as if executed by each.

5. The Stipulation may not be modified except by a writing signed by both Parties.

6. The Parties acknowledge that they were represented by counsel in connection with this matter and that they have participated in the negotiation and drafting of this Stipulation. No inferences shall be drawn in favor of any party respecting this Stipulation.

7. This Stipulation may be executed in multiple faxed or emailed counterparts, each of which when taken together shall constitute on original document.

[*Remainder of page intentionally left blank; signature page(s) to follow.*]

Dated: July 30, 2025

        **DEBRA LEE POLLEY, PLAN ADMINISTRATOR FOR THE COLLEGE OF SAINT ROSE**
*by and through its attorneys*

        **CULLEN AND DYKMAN LLP**

        By: s/ Bonnie Pollack
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
80 State Street, Suite 900
Albany, New York 12207
T: (516) 357-3700
bpollack@cullenllp.com


        **MANUFACTURERS AND TRADERS TRUST COMPANY, as Bond Trustee**
*by and through its attorneys*

        **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.**

        By: s/ Aaron M. Williams
Ian A. Hammel, Esq. (admitted pro hac vice)
Aaron M. Williams, Esq. (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
T: (617) 542-6000
awilliams@mintz.com


        ####